IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LEAH A. DERAMUS                                  *

      Plaintiff,                            *      Civil Action No. 2:08-CV-00023-WC

                              *

v.                                               *

                              *

SAIA MOTOR FREIGHT LINE, LLC,
ADRIAN L. BOUNDS, and MARVIN         *
HARRIS, et al.
                              *

      Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

    Defendants SAIA Motor Freight Line, LLC ("SAIA") and Adrian L. Bounds ("Bounds")

answer Plaintiff's Complaint as follows:

### JURISDICTION/VENUE

    1.    The Defendants deny that the Plaintiff resided in Pratville, Autauga County,

Alabama at the time of the accident made the basis of this lawsuit.  The Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 1 of the Plaintiff's Complaint.

    2.    The Defendants admit that SAIA is a corporation with its principal office in

Georgia and that it does business in Alabama.  Defendants deny the remaining allegations in

Paragraph 2.

    3.    The Defendants admit that Adrian L. Bounds ("Bounds") was a driver for SAIA

on December 3, 2005.  The Defendants further admit that one of Bounds routes at the time of the

accident was the Houston to Birmingham route. Bounds is a resident of Texas. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      The Defendants admit that Marvin Harris ("Harris") was a terminal director for SAIA at the Birmingham terminal on December 3, 2005. Furthermore, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      The Defendants deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.      The Defendants deny the allegationa contained in Paragraph 6 of Plaintiff's Complaint. The Plaintiff did not reside in Autauga County, Pratville, Alabama at the time of the alleged accident. Furthermore, Defendant SAIA does not, nor have they ever, conducted business by agent in Autauga County, Pratville, Alabama.

## STATEMENT OF FACTS

7.      The Defendants deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8.      The Defendants deny the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.      The Defendants deny the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.      The Defendants deny the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.      The Defendants deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint. This denial also pertains to sub-parts (a) through (e) of Paragraph 11.

## COUNT I
## NEGLIGENT AND/OR WANTON CONDUCT

### (Against All Defendants)

12.     The Defendants restate and incorporate by reference their responses to Paragraphs 1 through 11 of the Plaintiff's Complaint as if fully set out herein.

13.     The Defendants deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.     The Defendants deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.     The Defendants deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

## COUNT II
## NEGLIGENT AND/OR WANTON ENTRUSTMENT

### (Against SAIA)

16.     The Defendants restate and incorporate by reference their responses to Paragraphs 1 through 15 of the Plaintiff's Complaint as if fully set out herein.

17.     The Defendants admit that Defendant Bounds was an employee of SAIA as of December 3, 2005, and was operating a tractor and trailer owned by SAIA in the line and scope of his employment on the same day.  Defendants deny the remaining allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18.     The Defendants deny the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

## COUNT III
## NEGLIGENT AND/OR WANTON HIRING, AND TRAINGING

19.    The Defendants restate and incorporate by reference their responses to Paragraphs 1 through 18 of the Plaintiff's Complaint as if fully set out herein.

20.    The Defendants admit that Bounds was an employee of SAIA on the date of the alleged accident.  Defendants deny the remaining allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.    The Defendants deny the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22.    The Defendants deny the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

## COUNT IV
## VICARIOUS LIABLITY

23.    The Defendants restate and incorporate by reference their responses to Paragraphs 1 through 22  of the Plaintiff's Complaint as if fully set out herein.

24.    The Defendants admit that SAIA was the employer of Bounds at the time of the subject accident.  Defendants deny the remaining allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25.    The Defendants admit that Bounds was in the line and scope of employment for SAIA on December 3, 2005.  Defendants deny remaining allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26.    The Defendants deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

## COUNT V – COUNT VI
## OMITTED IN PLAINTIFF'S COMPLAINT

## COUNT VII
## OUTRAGE

27.     The Defendants restate and incorporate by reference their responses to Paragraphs 1 through 26 of the Plaintiff's Complaint as if fully set out herein.

28.     The Defendants deny the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29.     The Defendants deny the allegations contained in Paragraph 29 of the Plaintiff's Complaint..

30.     The Defendants deny the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against the Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendants assert that this action was brought in an improper venue and that venue should be in another district.  The Defendants reserve the right to file a motion transferring venue where it is proper.

5

### THIRD AFFIRMATIVE DEFENSE

The Defendants aver that the Plaintiff was herself guilty of negligence on the assertions complained of, and/or the Plaintiff's own negligence proximately caused or proximately contributed to cause her alleged injuries and damages.

### FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by the Plaintiff were proximately caused by the Plaintiff's own assumption of the risk; hence the Plaintiff ought not recover.

### FITFTH AFFIRMATIVE DEFENSE

The Defendants aver that the Plaintiff had the last clear chance to avoid peril and that Plaintiff's failure to take reasonable action to avoid peril, proximately caused her alleged injuries and damages.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants aver that the Plaintiff failed to mitigate her damages and hence, ought not recover from these Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendants aver that the Plaintiff's allegations fail due to their impossibility.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries of which the Plaintiff complains are not recoverable against these Defendants.

### NINTH AFFIRMATIVE DEFENSE

The Defendants met the requisite standard of care.

## TENTH AFFIRMATIVE DEFENSE

The acts of the Defendants did not proximately cause or contribute to the injuries complained of by the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The accident and alleged injuries to the Plaintiff were caused by others for whom these Defendants had no legal liability or responsibility.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages in this case would be in violation of the constitutional safeguards provided under the Constitution of the United States of America.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claim of Plaintiff for punitive damages cannot be sustained, because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate the Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due

Process Clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; and Article 1, Sections, 1, 2, 6, 11, 13, 15, 27 and 35 of the <u>Constitution of Alabama</u> of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.  There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, these defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2.  The procedures to be followed would permit an award of punitive damages against theses defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3.  The procedures to be followed would permit the award of multiple punitive damages for the same act or omission;

4.  There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against these Defendants under present Alabama law;

5.  The standards of conduct upon which punitive damages are sought against these Defendants are vague and ambiguous;

6.  The procedures used by Alabama courts and the guidelines given to the jurors; jointly and separately, are vague and ambiguous;

7.  The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notations of what the law should be instead of what it is;

8.  The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus fail to eliminate the effects of, and to guard against, impermissible juror passion;

9.  Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.    Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.    The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against these Defendants;

13.    The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

14.    The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

15.    An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

## SIXTHTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages deprives these Defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1, 6 and 22 of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1.    The plaintiff seeks punitive damages in excess of the respective maximums established by the Alabama Legislature in §§13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those

9

charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;

2.     The procedures to be followed would permit the awarding of punitive damages against these defendants upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3.     The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4.     Punitive damages are penal in nature and the defendants, without procedural protection, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## SEVENTHEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama of 1901 because punitive damages are penal in nature and these defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## EIGHTHTEENTH AFFIRMATIVE DEFENSE

By virtue of Alabama Code §6-11-20 (1975), punitive damages are not recoverable in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against these Defendants because such an award, which is penal in nature, would violate these Defendants' constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the

10

Constitution of the United States ("the United States Constitution"), unless these Defendants are afforded the same procedural safeguards as are due a criminal defendant, including, but not limited to, the right to avoid self- incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## TWENTIETH AFFIRMATIVE DEFENSE

Subjecting these Defendants to punitive damages, or affirming an award of punitive damages against these Defendants in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    Any award of punitive damages against these Defendants under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) use of either Alabama Pattern Jury Instruction 11.03 or 11.18, or both, in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages; (d) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that

11

there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and these Defendants' alleged wrongful or culpable conduct; (g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages; (h) in the event that a single verdict is mandated against all (or two or more) defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a nonapportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon the culpability of another defendant, and such a joint verdict in a single amount could be enforced against these Defendants for any portion of that judgment regardless of these Defendants' culpability, or relative culpability; (i) should the Court require the award of punitive damages in a single, joint and several verdict of one amount, an adoption of this nonapportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct; (j) where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendant according to the degree of culpability of the conduct of the respective defendants; (k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (l) under

Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages; (m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against these Defendants; (n) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague; (o) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages; (p) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and (q) an award of punitive damages would constitute an arbitrary and capricious taking of property of these Defendants without due process of law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Imposition of punitive damages in this case against these Defendants would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To award punitive damages against these Defendants in this case would have a chilling effect upon these Defendants' rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

In the event that any portion of a punitive damages award against these Defendants in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiff, such an award would violate the Excessive Fines Clause of the Eighth

Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, these Defendants are denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the rights of these Defendants to due process and equal protection of the law as guaranteed by the Constitution of the United States and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages; (b) the Hammond and Green Oil procedure provides inadequate review as to the issues of need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for these Defendants; (c) the Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm; (d) the Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages; (e) this procedure is inadequate in that the trial court according to Hammond and Green Oil "may" take certain factors into account and these procedures lack predictable and

objective standards of review, allow for inconsistent application of the factors, and allow for

unpredictable and inconsistent results; and (f) the Hammond and Green Oil procedure fails to

provide definite and meaningful constraints on jury discretion in awarding punitive damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from recovery as a result of her own actions.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages in excess of the caps on such damages set forth

in Ala. Code § 6-11-21.

/s/William E. Shreve, Jr.
COOPER C. THURBER      THUR4686
WILLIAM E. SHREVE, JR.  SHREW3946
K. AMANDA HERNDON     HER048
Attorneys for Defendants SAIA Motor
Freight Lines, LLC and Adrian L. Bounds

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
         WES@LPClaw.com
         KAH@LPClaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of January, 2008, electronically filed the foregoing with the Clerk of Court using the CM/ECT system which will send notification of such filing of the following:

Josh Wright, Esq.
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35202

Jerry L. Thornton, Esq.
120 LaFayette Street
P. O. Box 759
Hayneville, Alabama 36040

*lslWilliam E. Shreve, Jr.*
WILLIAM E. SHREVE, JR.