IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LEAH A. DERAMUS                                    *

      Plaintiff,                                   *          CASE NO. 2:08 cv 23 —WC

                                            **(Formerly Case No.CV – 2007-9001-32-00**
                                    *          **in the Circuit Court of Autauga County,**
                                          **AL)**

v.                                                 *

                                      *

SAIA MOTOR FREIGHT LINE, LLC,
ADRIAN L. BOUNDS, and MARVIN HARRIS,

      Defendants.

## NOTICE OF REMOVAL

Defendants Saia Motor Freight Line, LLC ("SAIA") and Adrian L. Bounds ("Bounds"),

pursuant to 28 U.S.C. §1441 and 1446, remove this case from the Circuit Court of Autauga

County, Alabama to the United States District Court for the Middle District of Alabama, on the

following grounds:

1.      On or about December 1, 2007, Plaintiff Leah A. Deramus commenced an action

by filing a Complaint in the Circuit Court of Autauga County, Alabama entitled "Leah A.

Deramus v. SAIA Motor Freight Lines, LLC, et al., Civil Action No. 04-CV-2007-9001-32.00."

Plaintiff alleges that she incurred damages on December 3, 2005, as a result of individual

Defendant Bounds' "negligently and/or wantonly caus[ing] his tractor and trailer to run Plaintiff

off the road" and Plaintiff's vehicle to flip.  Plaintiff was traveling northbound on I-65 at or

around  mile  marker  74  in  Escambia  County,  Alabama  at  the  time  of

Plaintiff's alleged accident.

Bounds was employed by SAIA as a truck driver at the time of Plaintiff's alleged accident. Plaintiff alleges that Bounds was acting in the line and scope of his employment at the time of the accident. Plaintiff's Complaint states Bounds "was attempting to make a two day trip in one day from Houston to Birmingham." Therefore, it is Plaintiff's belief and allegation that Marvin Harris ("Harris"), as the terminal manager/director of the driving destination of Bounds, was negligent and/or wanton by not preventing such action, which Plaintiff alleges violated Federal Department of Transportation hours of operation. Harris is also named as a Defendant in this lawsuit due to Plaintiff's claim that Harris "did not notify authorities or follow past accident procedures required under generally accepted standards, federal regulations or state laws."

Plaintiff is suing all Defendants for negligence, wantonness, and outrage. She is further suing SAIA for negligent and/or wanton entrustment; negligent and/or wanton hiring, supervision and training; and vicarious liability. Plaintiff contends that she suffered physical injuries, along with many other things, as a result of the accident. Plaintiff now seeks compensatory and punitive damages from all Defendants (Complaint).

## **Removal is Timely**

2.    According to the Autauga County Circuit Clerk's office, Plaintiff's Complaint was filed on December 1, 2007; Defendant SAIA was served with the Complaint via certified mail on December 10, 2007; Defendant Bounds was served with the Complaint on December 24, 2007; and Defendant Harris has not been served with the Complaint to date.

3.    Defendants SAIA and Bounds have filed this Notice of Removal within thirty (30) days of service upon said Defendants. Therefore, this Removal is timely filed pursuant to 28 U.S.C. §1446(b).

4.    Copies of all process, pleadings, and other papers served on or received by Defendants for CV-2007-9001-32-00 are attached hereto as Exhibit "A".

5.    This action is removable pursuant to 28 U.S.C. §1441 as a civil matter brought in the State Court of which the District Courts of the United States would have had original jurisdiction. This action could have been filed in this Court under 28 U.S.C. §1332 because complete diversity of citizenship exists between all properly named parties, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interests and costs.

### Complete Diversity Exists

6.    Plaintiff Leah A. Deramus is now, was at the time she filed this action, and was at all intervening times a resident citizen of Autauga County, Prattville, Alabama. (Complaint)

7.    Defendant SAIA is now, was at the time Plaintiff filed this action, and was at all intervening times a Louisiana limited liability company with its principal place of business in Georgia. (Complaint and Affidavits of Harold Lou Tabor and Thomas Hassard attached hereto as Exhibits "B" and "C", respectively). SAIA's member is now, was at the time Plaintiff filed this action, and was at all intervening times SAIA, Inc. SAIA, Inc. is now, was at the time Plaintiff filed this action, and was at all intervening times a Delaware corporation with its principal place of business in Georgia.

8.    Defendant Bounds is now, was at the time Plaintiff filed this action, and was at all intervening times an individual who is a resident citizen of Houston, Texas (Complaint).

9.    On information and belief, individual Defendant Harris is a fraudulently joined Defendant in this case, named solely for the purpose of filing this action in the Circuit Court of the jurisdiction in which Plaintiff and her family reside.

10.    Plaintiff named Harris as a Defendant in this action solely due to her belief that Harris as terminal manager of the driving destination of Bounds on December 3, 2005, should have prevented Bounds from "mak[ing] a two day trip in one day from Houston to Birmingham," thereby preventing Bounds from allegedly violating "Federal Department of Transportation hours of operation." (Complaint). Plaintiff's basis for naming Harris as a Defendant fails for two reasons. First, Bounds did not violate any standards, regulations, or laws on December 3, 2005, because he did not drive the Houston to Birmingham trip alone. Bounds was part of a team of drivers driving the route, which consisted of he and another SAIA driver, Chad Richard. Second, Harris should not be named as an individual Defendant in this matter because Harris did not exercise any control over Bounds at the time of the alleged accident (Exhibit C). Bounds was based out of SAIA's Houston terminal at the time of the alleged accident. Id. Therefore, the person(s) that would have been in charge of Bounds would have been his **originating** terminal or line-haul managers out of Houston, Texas. Id. However, that is irrelevant, since Bounds did not violate any standards, laws, or regulations to be reported by Harris, which is Plaintiff's only reason for naming Harris as a Defendant.

11.    Since Harris was fraudulently joined, it is unnecessary for Harris to join in or consent to this removal.

## The Amount in Controversy Exceeds $75,000

12.    Plaintiff is making claims of negligence and wantonness against all Defendants for causing the wreck on December 3, 2005. Plaintiff seeks compensatory and punitive damages from the Defendants for emotional distress; mental anguish; pain and suffering; past and future medical bills for her alleged "permanent to life threatening injuries"; past and future lost wages; loss of earning capacity; and other injuries and damages allowed under Alabama law

4

(Complaint). Plaintiff alleges that the aforementioned damages are totaled to be in an amount to exceed Seventy Five Thousand Dollars ($75,000.00) (Complaint). These damages listed by the Plaintiff clearly exceed the amount in controversy needed to remove an action to this Court. 28 U.S.C. §1332.

### All Prerequisites for Removal Have Been Satisfied

13.    As set forth above, this Notice of Removal has been filed within thirty (30) days of service of all of the found Defendants; the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs; and complete diversity exists as to all properly named parties.

14.    The prerequisites for removal under 28 U.S.C. §1441 have been met.

15.    Defendants will promptly, upon filing of this notice of removal, give written notice thereof to the Plaintiff and will file a copy of the notice with the Clerk of the Circuit Court of Autauga County, Alabama.

16.    If any questions arise as to the propriety of the removal of this action, the Defendants request the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, the premises considered, both Defendants serve with the Complaint to date, SAIA and Bounds desire to remove this case to the United States District Court for the Middle District of Alabama, being the district of said Court for the County in which said action is pending, pray that the filing of this Notice of Removal with said Court and with the Clerk of the Circuit Court of Autauga County, Alabama shall effect a removal of said suit to this Court.

Respectfully submitted this the 9th day of January, 2008.

COOPER C. THURBER    THUR4686
K. AMANDA HERNDON    HER048
Attorneys for Defendants, SAIA Motor
Freight Lines, LLC and Adrian L. Bounds

WILLIAM E. SHREVE, JR.  SHREW3946
Attorney for Defendants, SAIA Motor
Freight Lines, LLC and Adrian L. Bounds

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
         KAH@LPClaw.com
         WES@LPClaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 9th day of January, 2008, served a true and correct copy of the foregoing via U.S. First Class Mail, postage prepaid, upon the following:

Josh Wright, Esq.
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35202

Jerry L. Thornton, Esq.
120 LaFayette Street
P. O. Box 759
Hayneville, Alabama 36040

Marvin Harris
2701 Republic Blvd.
Birmingham, AL  35214

Circuit Clerk of Autauga
William W. Moncrief
P.O. Box 681450
Prattville, AL  36068

COOPER C. THURBER

7

*Scan to Mh.*

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
12/10/2007
CT Log Number 512869179

TO: Jim Darby
Saia Motor Freight Line, Inc.
11465 Johns Creek Parkway, Suite 400
Duluth, GA 30097

RE: **Process Served in Alabama**

FOR: SAIA Motor Freight Line, LLC (Domestic State: LA)

*Scan to John Ferguson & Jim Darby 13/12/07*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Leah A. Deramus, etc., Pltf. vs. Saia Motor Freight Line, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit, Notices of Deposition |
| **COURT/AGENCY:** | Autauga County Circuit Court, AL<br>Case # CV 2007 900132 |
| **NATURE OF ACTION:** | Personal Injury - December 3, 2005 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/10/2007 postmarked: "Not Post Marked" |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Josh J. Wright<br>Hollis, Wright, & Harrington, P.C.<br>505 North 20th<br>Suite 1500<br>Birmingham, AL 35202<br>205-324-3600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798327240686 |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL 36109 |
| **TELEPHONE:** | 334-387-7680 |

DEC 2007 RECEIVED

*Tony — Please review to get to correct attorneys. TB*

Page 1 of 1 / CH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT**
"A"

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>04-CV-2007-900132.00 |

## IN THE CIVIL COURT OF AUTAUGA, ALABAMA
### LEAH A DERAMUS v. SAIA MOTOR FREIGHT LINE, LLC ET AL

NOTICE TO  SAIA MOTOR FREIGHT LINE, LLC, C/OTHE CORPORATIONCOMPANY 2000 INTERSTATE PARK DR., SUITE 204, MONTGOMERY AL, 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOSHUA WRIGHT

WHOSE ADDRESS IS SUITE 1550 505 NORTH 20TH STREET NORTH, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   LEAH A DERAMUS
  pursuant to the Alabama Rules of the Civil Procedure

| ~~12/4/2007 2:24:30 PM~~ 12-6-07 | /s WHIT MONCRIEF | |
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JOSHUA WRIGHT
                                       Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                               Server's Signature



ELECTRONICALLY FILED
12/1/2007 2:24 PM
CV-2007-900132.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

| | |
|---|---|
| LEAH A. DERAMUS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil Action No. _____ |
| | ) |
| SAIA MOTOR FREIGHT LINE, LLC, a | ) |
| Corporation, ADRIAN L. BOUNDS, an | ) |
| individual, MARVIN HARRIS, an individual, | ) |

and Fictitious Defendants No. 1, whether singular or plural, the owner(s) of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 2, whether singular or plural, the driver of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver(s) and/or the owner(s) of the tractor or trailer involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, whether singular or plural, that entity or those entities who or which were the master, principal or employer of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which ran off the road or collided with the vehicle plaintiff was driving and was operating and/or performing some type of service or employment duty at the time of this collision; No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence

made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;  No. 15, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit;  No. 16 whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage, excess or umbrella coverage, etc.); No. 17,whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein;  No. 18, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;  No. 19, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interests of any of those entities described above;  No. 20, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 21, whether singular or plural, that individual or those individuals, that entity or those entities who was or were responsible for training, supervising, hiring or monitoring drivers for defendant SAIA;  No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit.  Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendant is not known to Plaintiff at this time notwithstanding a diligent search and investigation, but their true names will be substituted by amendment when ascertained;                    )

                                                           )

         Defendants.                    )

### COMPLAINT

### JURISDICTION/VENUE

1.     Plaintiff, Leah A. DeRamus (known hereafter as "Plaintiff Leah DeRamus" or "Plaintiff") is over the age of nineteen (19) years, and resided at 109 Holly Lane, Prattville, Autauga County, Alabama, 36066 at the time of the accident made the basis of this lawsuit.

2.     Defendant, SAIA Motor Freight Line, LLC (hereafter "SAIA"), is a

2

corporation with its principal office in Georgia. Upon information and belief, SAIA does business by agent in Alabama and specifically in Autauga County, Alabama.

3.    Defendant, Adrian L. Bounds (hereafter "Bounds") was a driver for SAIA on December 3, 2005, and drove the Houston to Birmingham route. Upon information or belief, Bounds is a resident of Texas. Attached hereto as "Exhibit A" is a dispatch record dated December 3, 2005 which identifies Bounds as the SAIA driver located in the same location as Plaintiff at the time of her accident.

4.    Defendant, Marvin Harris (hereafter "Harris") was a terminal manager/director for SAIA in the Birmingham terminal on December 3, 2005. Upon information and belief, Harris is a resident of the State of Alabama.

5.    Fictitious Party Defendants 1-22 are unknown at this time, but will be substituted when ascertained. Hereafter, the term "Defendants" includes those named Defendants and those Fictitious Party Defendants 1-22.

6.    Venue is proper in this County as Plaintiff resided in Prattville, Alabama at the time of her accident, and Defendant SAIA did business by agent (i.e., its drivers) in Autauga County, Alabama.

## STATEMENT OF FACTS

7.    On or about December 3, 2005 at 11:50 AM, upon a public roadway, to-wit, I-65 in the northbound direction at or around mile marker 74 in Escambia County, Alabama, Defendant Bounds of SAIA did negligently and/or

3

wantonly cause his tractor and trailer to run Plaintiff, Leah DeRamus, off the road.

8.    Defendant Bounds entered into Plaintiff's lane of traffic forcing Plaintiff's vehicle off the road wherein Plaintiff lost control over her vehicle and flipped multiple times.  Defendant Bounds did not stop after the accident took place, effectively leaving Plaintiff trapped in her vehicle on the side of the road to die.

9.    Upon information and belief, Defendant Bounds was attempting to make a two day trip in one day from Houston to Birmingham.  The terminal manager/director for his destination, Harris, did not prevented such action which violated the Federal DOT hours of operation, and subjected a tired driver to the roads of Alabama.

10.    Upon information or belief, Harris did not notify authorities or follow post-accident procedures required under generally accepted standards, federal regulations or state laws.

11.    As a result of the accident made the basis of this lawsuit, Plaintiff suffered permanent and life threatening injuries as follows:

a.  Plaintiff was caused to suffer severe injuries to her eyes, shoulders, and hands, which required surgical intervention.

b.  Plaintiff was caused to suffer severe and permanent disfiguration of her scalp, which required surgical intervention.

c.  Plaintiff was caused and will in the future be caused to suffer great physical pain, emotional distress, anguish, lost wages and lost ability to earn.

d.  Plaintiff was caused and will in the future be caused to expend large sums of money in the nature of doctor, hospital, drug, rehabilitation, medication, and

4

other medical expenses in an effort to heal and cure her injuries.

e.   Other injuries and damages as allowed under Alabama law.

## COUNT I
## NEGLIGENT/WANTON CONDUCT
### (Against All Defendants)

12.   Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

13.   At the aforesaid time and place, and for some time prior thereto, Defendants, including Fictitious Party Defendants 1-22, were operating motor vehicles in violation of the law and below the applicable standard of care in pulling over into Plaintiff's lane of operation, and negligently and/or wantonly caused the accident with Plaintiff Leah DeRamus and then left the scene of such accident.

14.   Defendants, including Fictitious Party Defendants, also allowed Defendant Bounds to operate a tractor and trailer longer than the allowable hours of operation, failed to notify authorities or help Plaintiff after her injuries, and acted inconsistent with post-accident legal, regulatory or common law requirements, once they became aware that Defendant Bounds had run Plaintiff off the road.

15.   Said conduct was the proximate cause of Plaintiff Leah DeRamus' injuries as described herein.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above

5

described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

COUNT II
NEGLIGENT AND/OR WANTON ENTRUSTMENT
(Against SAIA)

16.     Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

17.     Defendant SAIA negligently and/or wantonly entrusted or loaned the operation of its tractor and trailer to Defendant Bounds, and Fictitious Party Defendants 1-22, after having notice that such driver was incompetent and/or incapable to operate his vehicle.

18.     Such conduct was the proximate cause of Leah DeRamus' injuries

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

COUNT III
NEGLIGENT AND/OR WANTON HIRING, SUPERVISION AND TRAINING
(Against SAIA)

19.     Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

20.     Defendant SAIA negligently and/or wantonly failed to properly hire, supervise and/or train Defendant Bounds, and Fictitious Party Defendants 1-22, on proper lane changing, standard operating procedures to follow when an accident is

6

caused (e.g., do not leave the scene of an accident), and/or proper operation and speed of aforesaid vehicle when aforesaid vehicle is in operation.

21.     Defendant SAIA, and Fictitious Party Defendants 1-22, additionally negligently and/or wantonly failed to properly interview, obtain and retain drivers that understood or followed the applicable DOT, State regulations or laws, or simple good driving practices like driver Bounds.

22.     Such conduct was the proximate cause of Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

### COUNT IV
### VICARIOUS LIABILITY
### (Against SAIA)

23.     Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

24.     Defendant SAIA served as the employer and/or master of Defendant Bounds, and fictitious party defendants 1-22.

25.     Defendant Bounds, and fictitious party defendants 1-22, were in the line and scope of employment on December 3, 2005 at or around 11:50 AM on I65 Northbound. Defendant Bounds was acting for the benefit of, on behalf of, and at the direction of, Defendant SAIA at the time of the accident made the basis of this lawsuit.

26. Defendant SAIA is vicariously liable for the acts of the Defendant Bounds and fictitious party defendants 1-22 at the time of the accident made the basis of this lawsuit.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

<u>COUNT VII</u>
<u>OUTRAGE</u>
<u>(Against All Defendants)</u>

27. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

28. Defendants, including Fictitious Party Defendants, acted outrageously and with the requisite disregard for the safety of Plaintiff Leah DeRamus by leaving her on the side of the road after causing the accident made the basis of this lawsuit.

29. Defendant SAIA, Defendant Bounds, and Fictitious Party Defendants 1-22, committed acts that were extreme and outrageous as defined by Alabama law.

30. Such conduct exhibited by all Defendants was the proximate cause of Plaintiff Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury,

8

which will fairly and adequately compensate Plaintiff Wayne Benton for the above described

damages, together with interest from the date of the incident and the costs of the proceeding.


/s/ Josh J. Wright
JOSH J. WRIGHT, ESQ. (WRI045)
Attorney for Plaintiff

OF COUNSEL:

HOLLIS, WRIGHT & HARRINGTON, P.C.
505 North 20th Street, Suite 1500
Birmingham, AL 35202
(205) 324-3600
(205) 324-3636 Facsimile

JURY DEMAND

Plaintiff requests a trial by struck jury on all issues and counts allowable by law in this
case.


/s/ Josh J. Wright
OF COUNSEL

REQUEST FOR CERTIFIED MAIL AND SERVICE OF DISCOVERY

The Plaintiff hereby requests that the clerk serve the Defendants by certified mail,
with the attached discovery, return receipt requested, at the following locations:

Adrian L. Bounds
20030 Appaloosa Ridge Drive
Humble, TX 77338

SAIA Motor Freight Line, LLC
C/O The Corporation Company
2000 Interstate Park Dr, Suite 204
Montgomery, AL 36109

MARVIN HARRIS
2701 Republic Blvd.
Birmingham, AL 35214

9

/s/ Josh J. Wright
OF COUNSEL

10

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>04-CV-2007-900132.00 |
|---|---|---|

### IN THE CIVIL COURT OF AUTAUGA, ALABAMA
### LEAH A DERAMUS v. SAIA MOTOR FREIGHT LINE, LLC ET AL

ADRIAN L. BOUNDS, 20030 APPALOOSA RIDGE DR., HUMBLE TX, 77338

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOSHUA WRIGHT

WHOSE ADDRESS IS SUITE 1550 505 NORTH 20TH STREET NORTH, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     LEAH A DERAMUS
pursuant to the Alabama Rules of the Civil Procedure

| ~~12/4/2007 2:24:38 PM~~ 12-6-07 | /s WHIT MONCRIEF | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JOSHUA WRIGHT | |
|---|---|---|
| | Plaintiff's/Attorney's Signature | |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Adrian L. Bounds
20030 Appaloosa Ridge
Dr.
Humble, TX 77338

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Lynda Rucker_    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
_Linda Rucker_    12-21-07

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
(Transfer from service label)    7006 2150 0002 6511 0408

PS Form 3811, February 2004.    Domestic Return Receipt    102595-02-M-1540

04-CV-2007-900132.00 D002

**SERVICE RETURN COPY**

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS,                          *

    **Plaintiff,**                          *    **CASE NO. 2007-9001-32 00**

                              *

SAIA MOTOR FREIGHT LINE, LLC,

    **Defendant**

STATE OF LOUISIANA

PARISH OF _Terrebonne_

### AFFIDAVIT OF HAROLD LOUIS TABOR

    BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear Harold Louis Tabor, who upon oath did depose and say as follows:

    1.    My name is Harold Louis Tabor. I am the Casualty Claims Manager for SAIA Motor Freight Line, LLC ("SAIA"). I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit. I am competent to make this Affidavit and competent to testify in court if called upon to do so. I am authorized by SAIA to give this Affidavit. The facts contained herein are true and correct.

    2.    SAIA is a Louisiana limited liability corporation with its principal headquarters located in Georgia. I have been employed with SAIA for __7__ years. During my employment SAIA has always been a citizen of Louisiana, with its principal headquarters in Georgia. Please see Secretary of State filings attached hereto as Exhibit "A".

    3.    SAIA has never been a citizen of Alabama. However, it does maintain five (5) of its 150 terminals in Alabama.

    4.    Therefore, all properly named parties are citizens of different states, and this matter should be heard in federal court.

    Further the Affiant saith not.

**HAROLD LOUIS TABOR**
Casualty Claims Manager for SAIA Motor
Freight Line, LLC.

**EXHIBIT**

"_B_"

STATE OF LOUISIANA

PARISH OF *Terrebonne*

Personally appeared before me, the undersigned authority, **HAROLD LOUIS TABOR**, who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED AND SWORN TO before me on this the ___7th___ day of

*January* , 2008

Sandra M. Zeringue 54463
Notary Public *Sandra M. Zeringue*
My Commission Expires *at death*

Prepared By:

*/s/ K. Amanda Herndon*
COOPER C. THURBER        (THU002)
K. AMANDA HERNDON    (HER048)
Attorneys for Defendant, SAIA Motor Freight Line, LLC

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
         KAH@LPClaw.com



## Louisiana Secretary of State
## COMMERCIAL DIVISION
### Corporations Database



### *Louisiana Secretary of State*
### *Detailed Record*

Charter/Organization ID: 24611700K

Name: SAIA MOTOR FREIGHT LINE, LLC

Merger or Conversion Information: CONVERTED FROM A CORPORATION TO A LIMITED LIABILITY COMPANY ON JANUARY 1, 2007 WITH AN EFFECTIVE DATE OF JANUARY 1, 2007 AT 12:01 EST.

Prior Name: SAIA MOTOR FREIGHT LINE, INC. ( 1/01/2007)

Type Entity: Limited Liability Company

Status: Active

Annual Report Status: In Good Standing        **Add Certificate of Good Standing to Shopping Cart**

Last Report Filed on 05/29/2007

Mailing Address: P. O. BOX A, STATION 1, HOUMA, LA 70363

Domicile Address: C/O C T CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LA 70809

File Date: 06/10/1959

Registered Agent (Appointed 3/19/2001): C T CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LA 70809

Member or Manager: SAIA, INC., 11465 JOHNS CREEK PARK, SUITE 400, DULU

Amendments on File
MERGER (03/26/2007)
MERGER (02/09/2007)
NAME CHANGE (01/01/2007)
CONVERSION (01/01/2007)
MERGER (04/08/2004)
DOMICLE, AGENT CHG OR RESIGN OF AGT (03/19/2001)
MERGER (02/28/2001)
MERGER (02/28/2001)
DOMICLE, AGENT CHG OR RESIGN OF AGT (08/03/1998)
MERGER (12/27/1994)
DOMICLE, AGENT CHG OR RESIGN OF AGT (10/08/1991)
DOMICLE, AGENT CHG OR RESIGN OF AGT (03/05/1990)



EXHIBIT
" A "

DOMICLE, AGENT CHG OR RESIGN OF AGT (05/19/1988)
DOMICLE, AGENT CHG OR RESIGN OF AGT (10/07/1986)
DOMICLE, AGENT CHG OR RESIGN OF AGT (02/19/1976)

New Search    View Cart



# Georgia Secretary of State
## Karen C. Handel

Archives • Corporations • Elections • News Room • Professional Licensure • Securities • State Capi

| Search |
|---|
| ▶By Business Name |
| ▶By Control No |
| ▶By Officer |
| ▶By Registered Agent |
| Verify |
| ▶Verify Certification |
| New Filing |
| ▶Click here to file online for: |
| ▶New Limited Liability Company (LLC) |
| ▶New Business Corporation |
| ▶New Non-Profit Corporation |
| ▶New Professional Corporation (PC) |
| Annual Registration |
| ▶Annual Registration |
| Name Reservation |
| ▶File Name Reservation Online |
| Online Orders |
| ▶Register for Online Orders |
| ▶Order Certificate of Existence |
| ▶Order Certified Documents |

**Date:** 1/4/2008

## View Filed Documents
(Annual Registration History etc.)

## File Annual Registration Online
### or
## Print A Paper Annual Registration Form

**PLEASE NOTE:** To download your Annual Registration forms you will need Adobe Reader to view and/or print. If you do not have Adobe Reader installed on your computer, click the "Get Adobe Reader" button on the right to download the reader free of charge from the Adobe website.



## Business Name History

| Name | Name Type |
|---|---|
| SAIA MOTOR FREIGHT LINE, LLC | Current Name |

### Limited Liability Company - Foreign - Information
**Control No.:** 07030727
**Status:** Active/Owes Current Year AR
**Entity Creation Date:** 4/10/2007
**Jurisdiction:** LA
**Principal Office Address:** 11465 Johns Creek Parkway Ste 400
Duluth GA 30097

**Last Annual Registration Filed Date:**
**Last Annual Registration Filed:**

### Registered Agent
**Agent Name:** C T CORPORATION SYSTEM
**Office Address:** 1201 PEACHTREE STREET, N.E. ATLANTA GA 30361
**Agent County:** Fulton

Control No. **07030727**

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia  30334-1530

# CERTIFICATE
# OF
# AUTHORITY

I, **Karen C Handel**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## SAIA MOTOR FREIGHT LINE, LLC
### a Foreign Limited Liability Company

has been duly formed under the laws of Louisiana and has filed an application meeting the requirements of Georgia law to transact business as a foreign Limited Liability Company in this state.

WHEREFORE, by the authority vested in me as Secretary of State, the above Limited Liability Company is hereby granted, on **04/10/2007**, a certificate of authority to transact business in the State of Georgia as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal of the City of Atlanta and the State of Georgia on April 10, 2007

Karen C Handel
Secretary of State

Control No: 07030727
Date Filed: 04/10/2007 12:00 AM
Karen C Handel
Secretary of State



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
315 West Tower, #2 Martin Luther King, Jr. Drive
Atlanta, Georgia 30334-1530
**(404) 656-2817**
Registered agent, officer, entity status information via the Internet
http://www.georgiacorporations.org

**KAREN HANDEL**
Secretary of State

**APPLICATION FOR CERTIFICATE OF AUTHORITY**
**FOR FOREIGN LIMITED LIABILITY COMPANY**

CORPORATIONS DIVISION    2007 APR 10 PD    SECRETARY OF STATE

---

## IMPORTANT
**Remember to include your e-mail address when completing this transmittal form.**

Providing your e-mail address allows us to notify you via e-mail when we receive your filing and when we take action on your filing.   Please enter your e-mail address on the line below. Thank you.

E-Mail: _____

---

**NOTICE TO APPLICANT:  PRINT PLAINLY OR TYPE REMAINDER OF THIS FORM**

| | | |
|---|---|---|
| 1. | **SAIA Motor Freight Line, LLC** <br> Limited Liability Company Name | Name Reservation Number (Optional) |

**Upon Qualification**
Date Business Commenced (Or Proposed) in Georgia    (NOTE:  If the date provided here is more than 30 days prior to the date the application is received by the Secretary of State, a $500 penalty must be paid; penalty is statutory and cannot be waived by Secretary of State.)

| | | | | |
|---|---|---|---|---|
| 2. | | | **800-345-4647** | |
| | Name of filing person (certificate will be mailed to this person, at address below) | | Telephone Number | |
| | 800 Brazos, Suite 1100 <br> Address | Austin <br> City | Texas <br> State | 78701 <br> Zip Code |

| | | | | |
|---|---|---|---|---|
| 3. | **Louisiana** <br> Jurisdiction (Home state/country) | 06/10/1959 <br> Date of Organization in home state | | |

| | | | | |
|---|---|---|---|---|
| 4. | 11465 Johns Creek Parkway, Suite 400 <br> Address of Principal Place of Business | Duluth <br> City | GA <br> State | 30097 <br> Zip Code |

| | |
|---|---|
| 5. | C T Corporation System <br> Name of Registered Agent in Georgia |
| | 1201 Peachtree Street, N.W. <br> Registered Office Street Address in Georgia (Post office box or mail drop not acceptable for registered office address) |

| | | | | |
|---|---|---|---|---|
| Atlanta <br> City | Fulton County <br> County | GA <br> State | 30361 <br> Zip Code | |

| | | | | |
|---|---|---|---|---|
| 6. | James A. Darby     11465 Johns Creek Parkway, Ste 400 <br> Manager's Name & Address (Person w/responsibility for maintaining records) | Duluth <br> City | GA <br> State | 30097 <br> Zip Code |

| | | | | |
|---|---|---|---|---|
| 7. | 11465 Johns Creek Parkway, Suite 400 <br> Address Where Limited Liability Company Records Are Maintained | Duluth <br> City | GA <br> State | 30097 <br> Zip Code |

8.    **NOTICE: Mail or deliver an original and one copy of this form and the filing fee of $225.00 to the Secretary of State at the above address. Filing fees are NON-refundable.**
This application is signed by a person duly authorized to sign such instruments by the laws of the jurisdiction under which the foreign limited liability company is organized. The foreign limited liability company undertakes to keep its records at the address shown in #7 above until its registration in Georgia is canceled or withdrawn. The foreign limited liability company, in accordance with Title 14 of the Official Code of Georgia Annotated, appoints the Secretary of State as agent for service of process if no agent has been appointed in Georgia or, if appointed, the agent's authority has been revoked and the agent cannot be found or served by the exercise of reasonable diligence.

_James A. Darby_                                        _3/30/07_
Authorized Signature                                         Date

**Request certificates and obtain entity information via the Internet http://www.georgiacorporations.org**
State of Georgia                                               FORM 241
Expedite Creation - Foreign Entity 1 Page(s)

T0710009514

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

**LEAH A. DERAMUS,**                              *

      **Plaintiff,**                         *   **CASE NO. 2007-9001-32 00**

                                        *

**SAIA MOTOR FREIGHT LINE, LLC,**

      **Defendant**


**STATE OF GEORGIA**

**COUNTY OF** Fulton

### AFFIDAVIT OF THOMAS HASSARD

       BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear Thomas Hassard, who upon oath did depose and say as follows:

       1.     My name is Thomas Hassard a/k/a Tim Hassard.  I am the Atlanta Regional Operations Manager for SAIA Motor Freight Line, LLC ("SAIA").  SAIA's Birmingham Terminal Manager and Montgomery Terminal Manager, Marvin Harris ("Harris"), report to me.  I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit.  I am competent to make this Affidavit and competent to testify in court if called upon to do so.  I am authorized by SAIA to give this Affidavit.  The facts contained herein are true and correct.

       2.     Adrian L. Bounds ("Bounds"), in December of 2005 was a line haul driver based out of the Houston, Texas Region.  Therefore, Harris nor I had any management responsibility for Bounds.  The parties with management responsibility for Bounds would have been his originating terminal manager and line-haul manager out of the Houston terminal.

       3.     Since Harris had no control over Bounds, it is fraudulent for Harris to be named defendant in the case.

       4.     SAIA is a Louisiana limited liability corporation with its principal headquarters located at 11465 Johns Creek Park, Johns Creek, Georgia.  I have been employed with SAIA for _____ years.  During my employment with SAIA, it has always been a citizen of Louisiana, with its principal headquarters in Georgia.  Please see Secretary of State filings attached hereto as Exhibit "A".

       5.     During my employment with SAIA I have attended meetings with other Regional Managers at our headquarters in Georgia. The Atlanta headquarters is the



**EXHIBIT**
"C"

location where our CEO, Rick O'Dell, our CFO, Jim Darby, and VP of Operations, Tony Albanese, all reside and work.

      6.     SAIA has never been a citizen of Alabama. However, it does maintain five (5) of its 150 terminals in Alabama.

      7.     All properly named parties are citizens of different states. Therefore, this matter should be heard in federal court.

      Further the Affiant saith not.

**THOMAS HASSARD a/k/a TIM HASSARD**
Atlanta Regional Operations Manager for
SAIA Motor Freight Line, LLC.

STATE OF GEORGIA

COUNTY OF *Fulton*

      Personally appeared before me, the undersigned authority, **THOMAS HASSARD a/k/a TIM HASSARD**, who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

      SUBSCRIBED AND SWORN TO before me on this the _8_ day of _JANUARY_, 2008

Notary Public
My Commission Expires

Notary Public, Fulton County, Georgia
My Commission Expires Nov. 12, 2011

Prepared By:

*/s/ K. Amanda Herndon*
COOPER C. THURBER        (THU002)
K. AMANDA HERNDON     (HER048)
Attorneys for Defendant, SAIA Motor Freight Line, LLC

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL 36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
          KAH@LPClaw.com



# Louisiana Secretary of State
# COMMERCIAL DIVISION
## Corporations Database



### *Louisiana Secretary of State*
### *Detailed Record*

Charter/Organization ID: 24611700K

Name: SAIA MOTOR FREIGHT LINE, LLC

Merger or Conversion Information: CONVERTED FROM A CORPORATION TO A LIMITED LIABILITY COMPANY ON JANUARY 1, 2007 WITH AN EFFECTIVE DATE OF JANUARY 1, 2007 AT 12:01 EST.

Prior Name: SAIA MOTOR FREIGHT LINE, INC. ( 1/01/2007)

Type Entity: Limited Liability Company

Status: Active

Annual Report Status: In Good Standing      **Add Certificate of Good Standing to Shopping Cart**

Last Report Filed on 05/29/2007

Mailing Address: P. O. BOX A, STATION 1, HOUMA, LA 70363

Domicile Address: C/O C T CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LA 70809

File Date: 06/10/1959

Registered Agent (Appointed 3/19/2001): C T CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LA 70809

Member or Manager: SAIA, INC., 11465 JOHNS CREEK PARK, SUITE 400, DULU

Amendments on File
MERGER (03/26/2007)
MERGER (02/09/2007)
NAME CHANGE (01/01/2007)
CONVERSION (01/01/2007)
MERGER (04/08/2004)
DOMICLE, AGENT CHG OR RESIGN OF AGT (03/19/2001)
MERGER (02/28/2001)
MERGER (02/28/2001)
DOMICLE, AGENT CHG OR RESIGN OF AGT (08/03/1998)
MERGER (12/27/1994)
DOMICLE, AGENT CHG OR RESIGN OF AGT (10/08/1991)
DOMICLE, AGENT CHG OR RESIGN OF AGT (03/05/1990)



DOMICLE, AGENT CHG OR RESIGN OF AGT (05/19/1988)
DOMICLE, AGENT CHG OR RESIGN OF AGT (10/07/1986)
DOMICLE, AGENT CHG OR RESIGN OF AGT (02/19/1976)

New Search    View Cart



# Georgia Secretary of State
# Karen C. Handel

**Archives · Corporations · Elections · News Room · Professional Licensure · Securities · State Capit**

---

**Search**
▶By Business Name
▶By Control No
▶By Officer
▶By Registered Agent
    Verify
▶Verify Certification
    New Filing
▶Click here to file online for:
▶New Limited Liability Company (LLC)
▶New Business Corporation
▶New Non-Profit Corporation
▶New Professional Corporation (PC)
    Annual Registration
▶Annual Registration
    Name Reservation
▶File Name Reservation
    Online
    Online Orders
▶Register for Online
    Orders
◆Order Certificate of Existence
◆Order Certified Documents

**Date:** 1/4/2008

**View Filed Documents**
(Annual Registration History etc.)

---

**File Annual Registration Online**
**or**
**Print A Paper Annual Registration Form**

---

**PLEASE NOTE:** To download your Annual Registration forms you will need Adobe Reader to view and/or print. If you do not have Adobe Reader installed on your computer, click the "Get Adobe Reader" button on the right to download the reader free of charge from the Adobe website.



---

## Business Name History

| Name | Name Type |
|------|-----------|
| SAIA MOTOR FREIGHT LINE, LLC | Current Name |

---

### Limited Liability Company - Foreign - Information

| | |
|---|---|
| **Control No.:** | 07030727 |
| **Status:** | Active/Owes Current Year AR |
| **Entity Creation Date:** | 4/10/2007 |
| **Jurisdiction:** | LA |
| **Principal Office Address:** | 11465 Johns Creek Parkway Ste 400<br>Duluth GA 30097 |
| **Last Annual Registration Filed Date:** | |
| **Last Annual Registration Filed:** | |

---

### Registered Agent

| | |
|---|---|
| **Agent Name:** | C T CORPORATION SYSTEM |
| **Office Address:** | 1201 PEACHTREE STREET, N.E. ATLANTA GA 30361 |
| **Agent County:** | Fulton |

Control No. **07030727**

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia  30334-1530

# CERTIFICATE
# OF
# AUTHORITY

I, **Karen C Handel**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## SAIA MOTOR FREIGHT LINE, LLC
### a Foreign Limited Liability Company

has been duly formed under the laws of Louisiana and has filed an application meeting the requirements of Georgia law to transact business as a foreign Limited Liability Company in this state.

WHEREFORE, by the authority vested in me as Secretary of State, the above Limited Liability Company is hereby granted, on **04/10/2007**, a certificate of authority to transact business in the State of Georgia as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal of the City of Atlanta and the State of Georgia on April 10, 2007



Karen C Handel
Secretary of State

Control No: 07030727
Date Filed: 04/10/2007 12:00 AM
Karen C Handel
Secretary of State



**KAREN HANDEL**
Secretary of State

**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
315 West Tower, #2 Martin Luther King, Jr. Drive
Atlanta, Georgia 30334-1530
(404) 656-2817
Registered agent, officer, entity status information via the Internet
http://www.georgiacorporations.org

**APPLICATION FOR CERTIFICATE OF AUTHORITY**
**FOR FOREIGN LIMITED LIABILITY COMPANY**

CORPORATIONS DIVISION    2007 APR 10 PD    SECRETARY OF STATE

---

**IMPORTANT**
**Remember to include your e-mail address when completing this transmittal form.**

Providing your e-mail address allows us to notify you via e-mail when we receive your filing and when we take action on your filing.  Please enter your e-mail address on the line below. Thank you.

E-Mail: _____

---

**NOTICE TO APPLICANT:  PRINT PLAINLY OR TYPE REMAINDER OF THIS FORM**

| | |
|---|---|
| 1. | **SAIA Motor Freight Line, LLC** |

Limited Liability Company Name                    Name Reservation Number (Optional)

**Upon Qualification**
Date Business Commenced (Or Proposed) in Georgia    (NOTE:  If the date provided here is more than 30 days prior to the date the application is received by the Secretary of State, a $500 penalty must be paid; penalty is statutory and cannot be waived by Secretary of State.)

2.                                                   **800-345-4647**
Name of filing person (certificate will be mailed to this person, at address below)    Telephone Number

**800 Brazos, Suite 1100**          **Austin**          **Texas**       **78701**
Address                                City                State        Zip Code

3.   **Louisiana**                    **06/10/1959**
Jurisdiction (Home state/country)      Date of Organization in home state

4.   **11465 Johns Creek Parkway, Suite 400**     **Duluth**     **GA**     **30097**
Address of Principal Place of Business              City          State      Zip Code

5.   **C T Corporation System**
Name of Registered Agent in Georgia

**1201 Peachtree Street, N.W.**
Registered Office Street Address in Georgia (Post office box or mail drop not acceptable for registered office address)

**Atlanta**          **Fulton County**          **GA**               **30361**
City                  County                    State                Zip Code

6.   **James A. Darby**     **11465 Johns Creek Parkway, Ste 400**  **Duluth**   **GA**   **30097**
Manager's Name & Address (Person w/responsibility for maintaining records)    City     State    Zip Code

7.   **11465 Johns Creek Parkway, Suite 400**     **Duluth**     **GA**     **30097**
Address Where Limited Liability Company Records Are Maintained    City      State      Zip Code

8.   **NOTICE:  Mail or deliver an original and one copy of this form and the filing fee of $225.00 to the Secretary of State at the above address. Filing fees are NON-refundable.**

This application is signed by a person duly authorized to sign such instruments by the laws of the jurisdiction under which the foreign limited liability company is organized.  The foreign limited liability company undertakes to keep its records at the address shown in #7 above until its registration in Georgia is canceled or withdrawn.  The foreign limited liability company, in accordance with Title 14 of the Official Code of Georgia Annotated, appoints the Secretary of State as agent for service of process if no agent has been appointed in Georgia or, if appointed, the agent's authority has been revoked or the agent cannot be found or served by the exercise of reasonable diligence.

*James A. Darby*                          **3/30/07**
Authorized Signature                       Date

Request certificates and obtain entity information via the Internet http://www.georgiacorporations.org
State of Georgia                                                              FORM 241
Expedite Creation - Foreign Entity 1 Page(s)

T0710009514

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS,                                    *

    Plaintiff,                                    *    CASE NO. 2007-9001-32 00

                                  *

SAIA MOTOR FREIGHT LINE, LLC, et al.

    Defendant

STATE OF GEORGIA

COUNTY OF _Futon_

### AFFIDAVIT OF THOMAS HASSARD

    BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear Thomas Hassard, who upon oath did depose and say as follows:

    1.    My name is Thomas Hassard a/k/a Tim Hassard. I am the Atlanta Regional Operations Manager for SAIA Motor Freight Line, LLC ("SAIA"). SAIA's Birmingham Terminal Manager and Montgomery Terminal Manager, Marvin Harris ("Harris"), report to me. I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit. I am competent to make this Affidavit and competent to testify in court if called upon to do so. I am authorized by SAIA to give this Affidavit. The facts contained herein are true and correct.

    2.    Adrian L. Bounds ("Bounds"), in December of 2005 was a line haul driver based out of the Houston, Texas Region. Therefore, Harris nor I had any management responsibility for Bounds. The parties with management responsibility for Bounds would have been his originating terminal manager and line-haul manager out of the Houston terminal.

    3.    Since Harris had no control over Bounds, it is fraudulent for Harris to be named defendant in the case.

    4.    SAIA is a Louisiana limited liability corporation with its principal headquarters located at 11465 Johns Creek Park, Johns Creek, Georgia. I have been employed with SAIA for ___ 8 ___ years. During my employment with SAIA, it has always been a citizen of Louisiana, with its principal headquarters in Georgia. Please see Secretary of State filings attached hereto as Exhibit "A".

    5.    During my employment with SAIA I have attended meetings with other Regional Managers at our headquarters in Georgia. The Atlanta headquarters is the

location where our CEO, Rick O'Dell, our CFO, Jim Darby, and VP of Operations, Tony Albanese, all reside and work.

6.    SAIA has never been a citizen of Alabama. However, it does maintain five (5) of its 150 terminals in Alabama.

7.    All properly named parties are citizens of different states. Therefore, this matter should be heard in federal court.

Further the Affiant saith not.

_Thomas Hassard          Tim Hassard_
**THOMAS    HASSARD    a/k/a    TIM HASSARD**
Atlanta Regional Operations Manager for SAIA Motor Freight Line, LLC.

STATE OF GEORGIA

COUNTY OF _Fulton_

Personally appeared before me, the undersigned authority, **THOMAS HASSARD a/k/a TIM HASSARD**, who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED AND SWORN TO before me on this the _8_ day of _JANUARY_, 2008

_Carol Hakafer_
Notary Public
My Commission Expires

Notary Public, Fulton County, Georgia
My Commission Expires Nov. 12, 2011

Affidavit_of_Thomas_Hassard_(00494114)[1]/dln        2

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003202
Cashier ID: christin
Transaction Date: 01/10/2008
Payer Name: LYONS PIPES AND COOK
------------------------------------
CIVIL FILING FEE
 For: LYONS PIPES AND COOK
 Case/Party: D-ALM-2-08-CV-000023-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: LYONS PIPES AND COOK
 Check/Money Order Num: 160378
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DALM208CV000023-WC

DERAMUS V SAIA MOTOR FREIGHT LINE
ET AL
```