**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| LEAH A. DERAMUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:08-cv-23-WC |
| ) | |
| SAIA MOTOR FREIGHT LINE, LLC, ) | |
| ADRIAN L. BOUNDS, and ) | |
| MARVIN HARRIS, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO REMAND

**COMES NOW** the Plaintiff, Leah A. DeRamus (hereinafter "Deramus" or "Plaintiff"), by and through her undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1447, moves this Court to enter an Order remanding the above-styled matter to the Circuit Court of Autauga County, Alabama. As grounds therefore, the Plaintiff states as follows:

The Plaintiff needs this Court's help. Simply put: complete diversity does not exist in the present case. Defendant Marvin Harris, a named Defendant in the present case, is an Alabama resident who destroys complete diversity in this case. In addition, as clearly demonstrated below, Plaintiff has and can assert viable claims of liability against Marvin Harris under several theories of liability. As such, this case is due to be remanded immediately to the Circuit Court of Autauga Alabama.

## PROCEDURAL HISTORY

On or about December 1, 2007, Plaintiff filed this action in the Circuit Court of Autauga County, Alabama, alleging, *inter alia*, claims against Saia Motor Freight Line, LLC (hereinafter "Saia"), Adrian L. Bounds (hereinafter "Bounds"), and Marvin Harris

(hereinafter "Harris") arising out of damages Plaintiff received as a result of a motor vehicle accident which occurred on or about December 3, 2005 between Plaintiff and a tractor and trailer operated by Defendant Bounds. (*See generally* Complaint, Exhibit A to Notice of Removal). On January 10, 2008, Defendant Saia and Bounds filed a Notice of Removal thereby removing this action to this Court. As the basis for their removal, Defendants Saia and Bounds argue that Defendant Harris has been fraudulently joined as a party defendant, and therefore, diversity jurisdiction exists.

As alleged in Plaintiff's Complaint and stated in Defendants' Notice of Removal, Defendant Harris was a terminal manager/director for Saia in the Birmingham terminal on December 3, 2005 and is a resident of the State of Alabama. (Complaint, ¶ 4). The Complaint, which accompanies the Notice of Removal and is thereby on file with the Court, makes the following allegations against Harris:

> 4. Defendant, Marvin Harris (hereafter "Harris") was a terminal manager/director for SAIA in the Birmingham terminal on December 3, 2005. Upon information and belief, Harris is a resident of the State of Alabama.
>
> \*   \*   \*
>
> 9. Upon information and belief, Defendant Bounds was attempting to make a two day trip in one day from Houston to Birmingham. The terminal manager/director for his destination, Harris, did not prevented such action which violated the Federal DOT hours of operation, and subjected a tired driver to the roads of Alabama.
>
> \*   \*   \*
>
> 10. Upon information or belief, Harris did not notify authorities or follow post-accident procedures required under generally accepted standards, federal regulations or state laws.

2

Plaintiff asserted claims under Count I (Negligence/Wantonness) and under Count VII (Outrage) against Defendant Harris as follows:

### COUNT I
### NEGLIGENT/WANTON CONDUCT
### (Against All Defendants)

12. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

13. At the aforesaid time and place, and for some time prior thereto, Defendants, including Fictitious Party Defendants 1-22, were operating motor vehicles in violation of the law and below the applicable standard of care in pulling over into Plaintiff's lane of operation, and negligently and/or wantonly caused the accident with Plaintiff Leah DeRamus and then left the scene of such accident.

14. Defendants, including Fictitious Party Defendants, also allowed Defendant Bounds to operate a tractor and trailer longer than the allowable hours of operation, failed to notify authorities or help Plaintiff after her injuries, and acted inconsistent with post-accident legal, regulatory or common law requirements, once they became aware that Defendant Bounds had run Plaintiff off the road.

15. Said conduct was the proximate cause of Plaintiff Leah DeRamus' injuries as described herein.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the

above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

<p style="text-align:center">*   *   *</p>

<p style="text-align:center"><strong><u>COUNT VII<br>OUTRAGE<br>(Against All Defendants)</u></strong></p>

27. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

28. Defendants, including Fictitious Party Defendants, acted outrageously and with the requisite disregard for the safety of Plaintiff Leah DeRamus by leaving her on the side of the road after causing the accident made the basis of this lawsuit.

29. Defendant SAIA, Defendant Bounds, and Fictitious Party Defendants 1-22, committed acts that were extreme and outrageous as defined by Alabama law.

30. Such conduct exhibited by all Defendants was the proximate cause of Plaintiff Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff [Leah DeRamus] for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

(Complaint, ¶¶ 10, 12-15, 27-30).

# ARGUMENT

**I. Defendants Saia and Bounds have failed to show that Defendant Harris was fraudulently joined, and therefore, complete diversity does not exist and this Court lacks subject matter jurisdiction over this action.**

No basis of authority exists upon which to remove Plaintiff's state court action to federal court.

> The United States District Court for the Northern [and Middle] District of Alabama is a creation of Congress, U.S. Constitution, Art. III, and possesses only that portion of the constitutionally permissible field of Article III jurisdiction specifically granted to it by Congress. The contours of its jurisdiction may not, and must not, be expanded by judicial usurpation.

*Quoting* Honorable Paul W. Green, *Patricia Davis Simon v. Ford Motor Company*, CV 04-PWG-0172-M (Order on Motion to Remand, entered November 17, 2004)(citing *Snyder v. Harris*, 394 U.S. 332, 341 (1969)). The rule of complete diversity holds that generally, diversity jurisdiction may be sustained only where "there is no plaintiff and no defendant who are citizens of the same state." *Wisconsin Dep't of Corr. V. Schacht*, 524 U.S. 381, 388 (1998). Defendants do not have the luxury of removing cases to federal court under the guise of "fraudulent joinder" in an effort to forum shop. "[J]ursidiction is not a game. As the Supreme Court has made abundantly clear, it is one of the fundamental tenants of our constitution that only some cases may be brought in federal court." *E.R. Squib & Sons v. Accident & Cas. Ins. Co.*, 160 F.3d 926, 929 (2d Cir. 1998)(citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). Pursuant to that tenant, federal courts must have original subject-matter jurisdiction over the cases which they hear, pursuant to either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441 & 1331. Subject-matter jurisdiction can never be waived or conferred by the consent of

the parties, and as such, a federal court cannot embark upon a fishing expedition in order to find jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

It is well settled that the Defendant, as the party removing an action to federal court, has the burden of establishing federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *See also*, *Shamrock Oil &Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Placing the burden on the removing defendant and resolving all doubts in favor of Plaintiff as against the defendant is consistent with, if not mandated by, the Constitution and statutory limitations on the exercise of federal judicial power. *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). This burden allocation affirms one of the organizing tenants of removal jurisprudence – the statutory right of removal **does not** outweigh **nor even equal** the plaintiff's right to pursue their claims in their own manner in the chosen forum. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.")(citing *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon."); see also *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Great North R. Co. v. Alexander,* 246 U.S. 276, 282 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").

Removal must be based upon the existence of a federal district court's original jurisdiction of a state court action. 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998).

> To permit a federal court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit would, by the act of the parties, work a wrongful extension of federal jurisdiction and give the federal district courts power that Congress has denied them.

*American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951). Thus, the statute is to be strictly construed **against** removal and **in favor** of state court jurisdiction. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994). If federal jurisdiction is even "doubtful," a case must be remanded back to the state court from which it was removed. *Pacheco de Perez v. AT&T*, 139 F.3d 1368, 1373 (11th Cir. 1998); *see also Johnston Indus., Inc. v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1311 (M.D. Ala. 1999) (quoting *Seroyer v. Pfizer, Inc.*, 991 F. Supp. 1308, 1312 (M.D. Ala. 1997) (All doubts and uncertainties about federal court jurisdiction must be resolved in favor of a remand to state court.)). The Eleventh Circuit has pronounced its preference for remand where federal jurisdiction is not entirely clear. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994). The District Court must therefore "be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 599 (5th Cir. 1981).

In the instant case, Defendants Saia and Bounds argue that this Court has subject matter jurisdiction, and therefore, that removal is proper, because Defendant Harris has been fraudulently joined. (Notice of Removal, ¶ 9). A motion to remand predicated upon a lack of subject matter jurisdiction (as is alleged here), may be filed any time before

7

final judgment and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded.." 28 U.S.C. § 1447(c)(emphasis added). The removing party bears the burden of proving that the joinder of a resident defendant is in fact fraudulent. *Cabelceta v. Standard Fruit Co.*, 883 F.2s 1553, 1561 (11th Cir. 1989)(citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superseded by statute in part on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)).

The Eleventh Circuit has explained the test to be applied with respect to fraudulent joinder:

> The test for determining whether or not a defendant has been fraudulently joined is twofold: (1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court.

*Cabalceta*, 883 F.2d at 1561 (citing *Insinga v. LaBella,* 845 F.2d 249, 254 (11th Cir. 1988)). In the present case, the Notice of Removal implicates the first fraudulent joinder consideration – that Plaintiff cannot state a cause of action against resident Defendants Sirmon and Miller. (Notice of Removal, ¶¶ 10). The burden of proving fraudulent joinder rests with Defendants Saia and Bounds as the removing parties, and it is a heavy burden, **requiring proof by clear and convincing evidence**. *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1968), *cert. denied*, 376 U.S. 984 (1964). In *Crowe v. Coleman*, the Eleventh Circuit Court of Appeals instructed that "***the district court should resolve all questions of fact and controlling law in favor of the plaintiff***." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (emphasis added). The Court then went on to state:

> In terms of this Circuit's law,…; for a plaintiff to present an arguable claim against an in-state defendant, and, therefore, to require a case removed to federal court to be remanded to state court, plaintiff need not show he could survive in the district court a motion for summary judgment filed by that in-state defendant. For remand, the plaintiff's burden is much lighter than that: **after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law *might* impose liability on the facts involved.**" *B., Inc.*, 663 F.2d at 550 (quoting *Bobby Jones Garden Apartments*, 391 F.2d at 177)(emphasis added). Because the procedures are similar while the substantive standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them.

*Crowe*, 113 F.3d at 1541-42 (bold and underlined emphasis added) (italicized emphasis in original).

In its attempt to argue fraudulent joinder, Defendants Saia and Bounds have submitted the affidavit of Thomas Hassard wherein he states that Defendant Harris cannot be liable for any wrongdoing in this lawsuit because he did not "exercise any control over Bounds at the time of the alleged accident." (See Exhibit C to Notice of Removal, Notice of Removal, ¶ 10). This declaration does not amount to clear and convincing evidence that there is no factual basis for Plaintiff's claims that Defendant Harris acted negligently and/or wantonly and that he failed to "notify authorities or follow past accident procedures required under generally accepted standards, federal regulations or state laws." (Notice of Removal, ¶ 1; Complaint, ¶ 10).

Attached to this Motion to Remand is the Affidavit of Roger Allen, an expert witness and former line haul driver for SAIA Motor Freight Line, LLC, wherein he states the following:

> As alleged in the Complaint, there are certain obligations the terminal manager in Birmingham [Defendant Harris] would have regarding the incident made the basis of the lawsuit.

9

> Those would include notifying central dispatch for SAIA, creating an accident report and incident report with SAIA, handling a drug and alcohol test for the driver, Mr. Bounds, and notifying EMS and authorities to insure and maintain that Leah DeRamus was property care for.
>
> Failure to comply with his [Defendant Harris's] obligations…could subject him to responsibility with SAIA and the Plaintiffs [sic] in this case.

(Affidavit of Roger Allen, attached hereto as Exhibit "A").

While this Court must not embark on a summary judgment type analysis of this case, the potential acts or omission of Defendant Harris, as stated *supra*. in Mr. Allen's affidavit, provide numerous possibilities for viable legal theories upon which Plaintiff could recover. As Plaintiff has already argued, "there need only be 'a reasonable basis for predicting that the state law *might* impose liability on the facts involved.'" *Crowe*, 113 F.3d at 1541-42 (emphasis in original) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (C.A. Tex. 1981)).

Clearly, the fact issues which require determination in this case cast serious doubt on the supposed testimony of Thomas Hassard. Furthermore, all fact issues **must** be construed in favor of the plaintiff. *Crowe*, 113 F.3d at 1541-42. Accordingly, it is not within the scope of the federal court's power to determine what possibility of success the Plaintiff has beyond remand, but rather, it is only to determine whether or not there exists **any possibility**, even in the slightest, that Plaintiff can state a cause of action against the non-diverse defendants. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983) superseded by statute in part on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993); *Crowe*, 113 F.3d at 1538. If even the mere hint of a possibility exists that a viable cause of action can be stated, then the


federal court **must remand** to the state court. 28 U.S.C. 1447(c). In the instant case, construing the facts most favorably to Plaintiff, and applying clear, long-standing federal precedent, this Honorable Court must remand this case back to the Circuit Court of Conecuh County for determination.

**WHEREFORE, PREMISES CONSIDRED,** in the absence of complete diversity among the parties and as this Court lacks subject-matter jurisdiction to properly adjudicate these claims, Plaintiff respectfully requests that this Honorable Court enter an order remanding this case back to the Circuit Court of Autauga County, Alabama for adjudication.

Respectfully submitted,

/s/ *Josh J. Wright*
JOSH J. WRIGHT (ASB- 4891-W51J)
JOSHUA L. FIRTH (ASB-2783-S68F)
Attorneys for Plaintiff

**OF COUNSEL:**

HOLLIS, WRIGHT & HARRINGTON, P.C.
505 North 20th Street
Suite 1500
Birmingham, AL 35203
(205) 324-3600
(205) 324-3636 Facsimile
joshw@hollis-wright.com
joshf@hollis-wright.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following recipients and served upon all non-registered parties to this action by depositing a copy of the same in the U.S. Mail, postage prepaid on this the 4th day of February, 2008:

Cooper C. Thurber  
K. Amanda Herndon  
William E. Shreve, Jr.  
Lyons, Pipes  Cook, P.C.  
2 North Royal Street (36602)  
P.O. Box 2727  
Mobile, AL 36652  

Jerry L. Thornton  
120 LaFayette Street  
P.O. Box 759  
Hayneville, AL 36040  

Marvin Harris  
2701 Republic Blvd.  
Birmingham, AL 35214  

                                                /s/ *Josh J. Wright*  
                                                OF COUNSEL

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

| | |
|---|---|
| LEAH A. DERAMUS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil Action No. 07-900132.00 |
| | ) |
| SAIA MOTOR FREIGHT LINE, LLC, et al | ) |
| | ) |
| Defendant, | ) |

### AFFIDAVIT OF ROGER ALLEN

I am over the age of nineteen and an adult resident citizen of the state of Texas. I have been retained as an expert in the above-styled case. I have attached a copy of my CV, which establishes that I serve as a bus and tractor-trailer and truck expert testifying witness.

I specifically worked for the Defendant in this case, SAIA Motor Freight Line, LLC from June 1990 to June 1993.

I was a line haul driver for SAIA during these periods and traveled throughout the state of Alabama for SAIA including Dothan and Mobile, as well as Gulfport and Hattiesburg, Mississippi, Memphis, Tennessee, and other terminals in the Southern region. As has been alleged in the Complaint, there are certain obligations the terminal manager in Birmingham would have regarding the incident made the basis of the lawsuit.

Those would include notifying central dispatch for SAIA, creating an accident report and incident report with SAIA, handling a drug and alcohol test for the driver, Mr. Bounds, and notifying EMS and authorities to insure and maintain that Leah DeRamus was properly cared for.

Testimony from Mr. Harris, the terminal manager in Birmingham, would certainly help establish whether or not he was told by the driver, Mr. Bounds, about the accident. Failure to comply with his obligations if he had knowledge, could subject him to responsibility with SAIA and the Plaintiffs in this case.

*Roger Allen*
ROGER ALLEN

PLAINTIFF'S EXHIBIT
A

STATE OF TEXAS,                    *
COUNTY OF _Galveston_         *

    BEFORE ME, the undersigned authority, on this day personally appeared Leah A. DeRamus, known to me to be the person whose name is subscribed to the foregoing Affidavit, and acknowledged to me that she executed the same for the purposes and consideration therein expressed and in the capacity therein expressed.

    Given under my hand and seal of office this _31_ day of _January_ ____, 2008.

[Seal: DEBRA L. ORR, Notary Public, State of Texas, My Commission Expires May 06, 2009]

_____
Notary Public
My Commission Expires: _May 6, 2009_