## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **LEAH A. DERAMUS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | |
| | * | **CASE NO. 2:08-cv-23-MEF** |
| **SAIA MOTOR FREIGHT LINE, LLC,** | * | |
| **ADRIAN L. BOUNDS, and MARIN** | * | |
| **HARRIS,** | * | |
| | * | |
| **Defendants.** | * | |

### DEFENDANT MARVIN HARRIS' 12(b)(6) MOTION TO DISMISS AND
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Marvin Harris, a Defendant in the above-styled matter, and moves to

dismiss the allegations alleged against him in this matter pursuant to Alabama Rules of Civil

Procedure 12(b)(6), and files his Answer to Plaintiff's Complaint. As grounds for this Motion,

Marvin Harris shows unto the Court as follows:

### MOTION TO DISMISS

### NARRATIVE STATEMENT OF UNDISPUTED FACTS

1.      On December 1, 2007, Leah A. Deramus filed a lawsuit in the Circuit Court of

Autauga County, Alabama. The named parties in this Complaint are SAIA Motor Freight Line,

LLC ("SAIA"), Adrian L. Bounds ("Bounds") and Marvin Harris ("Harris"). (Complaint

attached hereto Exhibit A). It is Plaintiff's allegations in this Complaint that on December 3,

2005, she was traveling I-65 northbound at or around mile marker 74 in Escambia County,

Alabama when Defendant Bounds (negligently and/or wantonly) caused the SAIA tractor and

trailer to run Plaintiff off the road.  It is further Plaintiff's allegation that she sustained injuries as a result of the alleged accident.  (Id.)

2.    Bounds was a line-haul driver for SAIA at the time of the subject accident.  (Id.) Harris was the SAIA Birmingham terminal manager and a resident of the State of Alabama at the time of the alleged accident.  (Id., Affidavits of Thomas Hassard and Marvin Harris attached hereto as Exhibits "B" and "C", respectively).

3.    Bounds was part of a team of drivers making the route from the Houston, Texas to Birmingham, Alabama SAIA Terminals.

4.    The allegations alleged by Plaintiff against Harris are as follows:

- • Harris did not prevent Bounds from "attempting to make a 2-day trip in one day from Houston to Birmingham," which violated the Federal DOT hours of operation, and subjected a tired driver to the roads of Alabama.

- • "Harris did not notify authorities or follow post-accident procedures required and generally accepted standards, Federal regulations or State laws."

(Exhibit "A").

5.    These allegations of Plaintiff caused her to file a Complaint against Harris and other Defendants for negligent, wanton conduct and outrage.

## LEGAL ARGUMENTS

**A.    Harris had no management responsibility for Bounds, and therefore, cannot be liable for Plaintiff's claims.**

Harris, was not in a position to manage or supervise Bounds as to the hours of operation of the truck he drove for SAIA.   (Exhibits B and C).  Bounds was a line-haul driver based out of

the Houston, Texas region.  (Id.)  The parties of management responsible for Bounds would have been his originating terminal manager and line-haul manager out of the SAIA Houston terminal. (Id.)  At no time has Harris ever been in the position to have management responsibility over Bounds during his employment with SAIA.

      B.     **Bounds was not in violation of the FDOT hours of operation**.

It is unknown what specific FDOT hours of operation Plaintiff is alleging in her Complaint that Bounds violated.  However, the U. S. Department of Transportation and Federal Motor Carrier Safety Administration has determined that a driver of a property-carrying commercial vehicle cannot drive more than the following maximum driving times:

    (1)     More than 11 accumulative hours following 10 consecutive hours off-duty; or

    (2)     for any period after the end of the 14th hour after coming on duty following 10 consecutive hours off-duty.

*Federal Motor Carrier Safety Regulations*, Sec. 395.3 Maximum Driving Time for Property-Carrying Vehicles.

Bounds was driving as a team of drivers with Chad Richard on the day of the alleged incident.  (Exhibit C).  They were driving the route from Houston, Texas to Birmingham, Alabama, which is approximately a 661 mile trip.  (Maps of driving route attached hereto as Exhibit "D").  The estimated drive time for this trip is 10 hours, 35 minutes.  Therefore, the route that was being driven by Bounds and his team driver on the day of the alleged incident would have been a two day trip as alleged by Plaintiff, but the trip was made by a team of two drivers. The SAIA team of drivers, Richard and Bounds, did not violate the FDOT maximum driving time of 11 cumulative hours following 10 consecutive hours off-duty, since the trip itself was not

a route that took 11 hours to travel. Therefore, Bounds, was not in violation of any federally regulated hours of operation for property-carrying commercial motor vehicles on the day in question. Even if Harris had a managerial responsibility for Bounds, there were no hours of operation violation to be reported by Harris.

C.    **Harris had no knowledge of Plaintiff's alleged accident for him to have notified authorities or followed post-accident procedures for said accident.**

Plaintiff's accident is being alleged to have occurred on I-65 northbound near Escambia County, Alabama. (Exhibit A). She alleges that Bounds was driving a SAIA truck that ran her off the road on I-65 northbound on December 3, 2005. (Id.) However, Bounds and his team driver never traveled on I-65 northbound during their normal weekly routes from Houston, Texas to Birmingham, Alabama. (Exhibit C). Bounds could not have caused or even known about Plaintiff's alleged accident. Therefore, Harris could not have known about the accident. If Harris had no known of the Plaintiff's accident, he could not have been negligent/wanton and/or acting outrageously for not reporting said accident. These claims of Plaintiff are claims that are impossible to seek relief from Harris. It is fraudulent to name Harris as a defendant in this matter based on allegations of him not notifying authorities or following post-accident procedures required under generally accepted standards, federal regulations or state laws when Harris would have no way of knowing of Plaintiff's accident.

D.    **Plaintiff's claims for Count I and Count VII against Harris fail to state a claim which relief can be granted.**

Plaintiff brought this action against Harris asserting claims of negligence/wanton conduct and outrage. Since Harris had no managerial responsibility over Bounds and his team driver;

Bounds and his driver were in no violation of hours of operation for driving property-carrying commercial vehicles; and it was impossible for Harris to know of Plaintiff's alleged motor vehicle accident, all claims asserted against him in Counts I and VII fail as a matter of law.

WHEREFORE, THE PREMISES considered, Harris moves this Honorable Court to dismiss all claims alleged against him, with prejudice, and all other remedies deemed just.

## ANSWER AND AFFIRMATIVE DEFENSES

Plaintiff's Complaint fails to state any claim upon which relief can be granted from Harris. However, in the event that the Court finds that there are claims upon which relief can be granted, Harris files the following Answer to Plaintiff's Complaint:

## JURISDICTION/VENUE

1.     This Defendants denies that the Plaintiff resided in Pratville, Autauga County, Alabama at the time of the accident made the basis of this lawsuit. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Plaintiff's Complaint.

2.     This Defendants admits that SAIA is a corporation with its principal office in Georgia and that it does business in Alabama. Defendants deny the remaining allegations in Paragraph 2.

3.     This Defendants admits that Adrian L. Bounds ("Bounds") was a driver for SAIA on December 3, 2005. This Defendants further admits that one of Bounds routes at the time of

the accident was the Houston to Birmingham route. Bounds is a resident of Texas. This Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     This Defendant admits that he was the terminal manager for SAIA at the Birmingham terminal on December 3, 2005. However, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.     This Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint. The Plaintiff did not reside in Autauga County, Prattville, Alabama at the time of the alleged accident. Furthermore, Defendant SAIA does not, nor have they ever, conducted business by agent in Autauga County, Prattville, Alabama.

## STATEMENT OF FACTS

7.     This paragraph makes no allegations against this Defendant. However, to the extent that any response is necessary, denied.

8.     This paragraph makes no allegations against this Defendant. However, to the extent that any response is necessary, denied.

9.     This Defendant was the terminal manager at the SAIA Birmingham terminal on the day of the alleged accident. This Defendant denies the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.     Denied.

11.     This Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint. This denial also pertains to sub-parts (a) through (e) of Paragraph 11.

## COUNT I
## NEGLIGENT AND/OR WANTON CONDUCT
## (Against All Defendants)

12.     This Defendant restates and incorporates by reference all responses to the preceding paragraphs herein.

13.     This paragraph makes no allegations against this Defendant, however to any extent any response is necessary, denied.

14.     Denied.

15.     Denied.

## COUNT II
## NEGLIGENT AND/OR WANTON ENTRUSTMENT
## (Against SAIA)

16.-18. Paragraphs 16 through 18 of Plaintiff's Complaint make no allegations against this Defendant, however to the extent that any response is necessary, denied.

## COUNT III
## NEGLIGENT AND/OR WANTON HIRING, SUPEERVISION AND TRAINING
## (Against SAIA)

19. – 22.     Plaintiff's Complaint makes no allegations against this Defendant, however, to the extent that any response is necessary, denied.

## COUNT IV

## VICARIOUS LIABLITY
### Against SAIA

23.-26.  Plaintiff's Complaint makes no allegations against this Defendant, however, to the extent that any response is necessary, denied.    24.    The Defendants admit that SAIA was the employer of Bounds at the time of the subject accident.  Defendants deny the remaining allegations contained in Paragraph 24 of the Plaintiff's Complaint.

## COUNT V – COUNT VI
## OMITTED IN PLAINTIFF'S COMPLAINT

## COUNT VII
## OUTRAGE
### Against SAIA

27.    This Defendant restates and incorporates by reference his responses to Paragraphs 1 through 26 of the Plaintiff's Complaint as if fully set out herein.

28.    Denied.

29.    This paragraph makes no allegations against this Defendant, however to the extent that any response is necessary, denied.

30.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claim fails to claim against this Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Defendant asserts that this action was brought in an improper venue and that venue should be in another district.  This Defendant reserves the right to file a motion transferring venue where it is proper.

### THIRD AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff was herself guilty of negligence on the assertions complained of, and/or the Plaintiff's own negligence proximately caused or proximately contributed to cause her alleged injuries and damages.

### FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by the Plaintiff were proximately caused by the Plaintiff's own assumption of the risk; hence the Plaintiff ought not recover.

### FITFTH AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff had the last clear chance to avoid peril and that Plaintiff's failure to take reasonable action to avoid peril, proximately caused her alleged injuries and damages.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff failed to mitigate her damages and hence, ought not recover from this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff's allegations fail due to their impossibility.

## EIGHTH AFFIRMATIVE DEFENSE

The injuries of which the Plaintiff complains are not recoverable against this Defendant.

## NINTH AFFIRMATIVE DEFENSE

This Defendant met the requisite standard of care.

## TENTH AFFIRMATIVE DEFENSE

The acts of this Defendant did not proximately cause or contribute to the injuries complained of by the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The accident and alleged injuries to the Plaintiff were caused by others for whom this Defendant had no legal liability or responsibility.

## TWELFTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages in this case would be in violation of the constitutional safeguards provided under the Constitution of the United States of America.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claim of Plaintiff for punitive damages cannot be sustained, because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections, 1, 2, 6, 11, 13, 15, 27 and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, this defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2.    The procedures to be followed would permit an award of punitive damages against this defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3.    The procedures to be followed would permit the award of multiple punitive damages for the same act or omission;

4.    There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against this Defendant under present Alabama law;

5.    The standards of conduct upon which punitive damages are sought against this Defendant are vague and ambiguous;

6.    The procedures used by Alabama courts and the guidelines given to the jurors; jointly and separately, are vague and ambiguous;

7.    The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notations of what the law should be instead of what it is;

8.    The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus fail to eliminate the effects of, and to guard against, impermissible juror passion;

9.    Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.    Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.    The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against this Defendant;

13.    The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

14.    The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

15.    An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

## SIXTHTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages deprives this Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1, 6 and 22 of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1.    The plaintiff seeks punitive damages in excess of the respective maximums established by the Alabama Legislature in ''13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;

2.    The procedures to be followed would permit the awarding of punitive damages against this defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal

cases for criminal sanctions involving similar or identical levels of culpability;

3.    The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4.    Punitive damages are penal in nature and the defendants, without procedural protection, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## SEVENTHEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, Section 6 of the <u>Constitution of Alabama</u> of 1901 because punitive damages are penal in nature and this defendant is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## EIGHTHTEENTH AFFIRMATIVE DEFENSE

By virtue of Alabama Code '6-11-20 (1975), punitive damages are not recoverable in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against this Defendant because such an award, which is penal in nature, would violate this Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the <u>Constitution of the United States</u> ("the United States Constitution"), unless this Defendant is afforded the

same procedural safeguards as are due a criminal defendant, including, but not limited to, the right to avoid self- incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## TWENTIETH AFFIRMATIVE DEFENSE

Subjecting this Defendant to punitive damages, or affirming an award of punitive damages against this Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)  Any award of punitive damages against this Defendant under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) use of either Alabama Pattern Jury Instruction 11.03 or 11.18, or both, in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages; (d) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the

assessment of the amount of the award of punitive damages; (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and this Defendant's alleged wrongful or culpable conduct; (g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages; (h) in the event that a single verdict is mandated against all (or two or more) defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a nonapportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon the culpability of another defendant, and such a joint verdict in a single amount could be enforced against this Defendant for any portion of that judgment regardless of this Defendant's culpability, or relative culpability; (i) should the Court require the award of punitive damages in a single, joint and several verdict of one amount, an adoption of this nonapportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct; (j) where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendant according to the degree of culpability of the conduct of the respective defendants; (k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (l) under Alabama law and procedures

governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages; (m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this Defendant; (n) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague; (o) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages; (p) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and (q) an award of punitive damages would constitute an arbitrary and capricious taking of property of this Defendant without due process of law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Imposition of punitive damages in this case against this Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To award punitive damages against this Defendant in this case would have a chilling effect upon this Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

In the event that any portion of a punitive damages award against this Defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity

other than plaintiff, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, this Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, ' ' 1, 6, and 22 of the Alabama Constitution, separately and severally.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the rights of this Defendant to due process and equal protection of the law as guaranteed by the Constitution of the United States and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages; (b) the Hammond and Green Oil procedure provides inadequate review as to the issues of need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this Defendant; (c) the Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm; (d)

the <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages; (e) this procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and (f) the <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

(b)

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from recovery as a result of her own actions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages in excess of the caps on such damages set forth in Ala. Code § 6-11-21.

Respectfully submitted,

*/s/K. Amanda Herndon*
COOPER C. THURBER    (THUR4686)
WILLIAM E. SHREVE, JR.  (SHREW3946)
K. AMANDA HERNDON    (HER048)
Attorneys for Defendants SAIA Motor
Freight Line, LLC; Adrian L. Bounds; and
Marvin Harris

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
         WES@LPClaw.com
         KAH@LPClaw.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served on all known counsel of record via electronic filing on this the **19th** day of February, 2008.

Josh Wright, Esq.
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35202

Jerry L. Thornton, Esq.
120 LaFayette Street
P. O. Box 759
Hayneville, Alabama 36040

*lsl K. Amanda Herndon*
K. Amanda Herndon

# EXHIBIT A

ELECTRONICALLY FILED
12/1/2007 2:24 PM
CV-2007-900132.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

| | | |
|---|---|---|
| LEAH A. DERAMUS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. _____ |
| | ) | |
| SAIA MOTOR FREIGHT LINE, LLC, a | ) | |
| Corporation, ADRIAN L. BOUNDS, an | ) | |
| individual, MARVIN HARRIS, an individual, | ) | |

and Fictitious Defendants No. 1, whether singular or plural, the owner(s) of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 2, whether singular or plural, the driver of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver(s) and/or the owner(s) of the tractor or trailer involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, whether singular or plural, that entity or those entities who or which were the master, principal or employer of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which ran off the road or collided with the vehicle plaintiff was driving and was operating and/or performing some type of service or employment duty at the time of this collision; No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence

made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;  No. 15, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit;  No. 16 whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage, excess or umbrella coverage, etc.); No. 17,whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein;  No. 18, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;  No. 19, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interests of any of those entities described above;  No. 20, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 21, whether singular or plural, that individual or those individuals, that entity or those entities who was or were responsible for training, supervising, hiring or monitoring drivers for defendant SAIA;  No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit.  Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendant is not known to Plaintiff at this time notwithstanding a diligent search and investigation, but their true names will be substituted by amendment when ascertained;                     )

)

Defendants.                    )

## COMPLAINT

### JURISDICTION/VENUE

1.     Plaintiff, Leah A. DeRamus (known hereafter as "Plaintiff Leah DeRamus" or "Plaintiff") is over the age of nineteen (19) years, and resided at 109 Holly Lane, Prattville, Autauga County, Alabama, 36066 at the time of the accident made the basis of this lawsuit.

2.     Defendant, SAIA Motor Freight Line, LLC (hereafter "SAIA"), is a

2

corporation with its principal office in Georgia.  Upon information and belief, SAIA does business by agent in Alabama and specifically in Autauga County, Alabama.

3.    Defendant, Adrian L. Bounds (hereafter "Bounds") was a driver for SAIA on December 3, 2005, and drove the Houston to Birmingham route.  Upon information or belief, Bounds is a resident of Texas.  Attached hereto as "Exhibit A" is a dispatch record dated December 3, 2005 which identifies Bounds as the SAIA driver located in the same location as Plaintiff at the time of her accident.

4.    Defendant,    Marvin    Harris    (hereafter    "Harris")    was    a    terminal manager/director for SAIA in the Birmingham terminal on December 3, 2005.  Upon information and belief, Harris is a resident of the State of Alabama.

5.    Fictitious Party Defendants 1-22 are unknown at this time, but will be substituted when ascertained.  Hereafter, the term "Defendants" includes those named Defendants and those Fictitious Party Defendants 1-22.

6.    Venue is proper in this County as Plaintiff resided in Prattville, Alabama at the time of her accident, and Defendant SAIA did business by agent (i.e., its drivers) in Autauga County, Alabama.

## STATEMENT OF FACTS

7.    On or about December 3, 2005 at 11:50 AM, upon a public roadway, to-wit, I-65 in the northbound direction at or around mile marker 74 in Escambia County, Alabama, Defendant Bounds of SAIA did negligently and/or

3

wantonly cause his tractor and trailer to run Plaintiff, Leah DeRamus, off the road.

8.   Defendant Bounds entered into Plaintiff's lane of traffic forcing Plaintiff's vehicle off the road wherein Plaintiff lost control over her vehicle and flipped multiple times.  Defendant Bounds did not stop after the accident took place, effectively leaving Plaintiff trapped in her vehicle on the side of the road to die.

9.   Upon information and belief, Defendant Bounds was attempting to make a two day trip in one day from Houston to Birmingham.   The terminal manager/director for his destination, Harris, did not prevented such action which violated the Federal DOT hours of operation, and subjected a tired driver to the roads of Alabama.

10.  Upon information or belief, Harris did not notify authorities or follow post-accident procedures required under generally accepted standards, federal regulations or state laws.

11.  As a result of the accident made the basis of this lawsuit, Plaintiff suffered permanent and life threatening injuries as follows:

   a.  Plaintiff was caused to suffer severe injuries to her eyes, shoulders, and hands, which required surgical intervention.

   b.  Plaintiff was caused to suffer severe and permanent disfiguration of her scalp, which required surgical intervention.

   c.  Plaintiff was caused and will in the future be caused to suffer great physical pain, emotional distress, anguish, lost wages and lost ability to earn.

   d.  Plaintiff was caused and will in the future be caused to expend large sums of money in the nature of doctor, hospital, drug, rehabilitation, medication, and

4

other medical expenses in an effort to heal and cure her injuries.

e.   Other injuries and damages as allowed under Alabama law.

## COUNT I
## NEGLIGENT/WANTON CONDUCT
### (Against All Defendants)

12.   Plaintiff adopts and incorporates by reference all allegations of the preceding
      paragraphs herein.

13.   At the aforesaid time and place, and for some time prior thereto, Defendants,
      including Fictitious Party Defendants 1-22, were operating motor vehicles in
      violation of the law and below the applicable standard of care in pulling over into
      Plaintiff's lane of operation, and negligently and/or wantonly caused the
      accident with Plaintiff Leah DeRamus and then left the scene of such accident.

14.   Defendants, including Fictitious Party Defendants, also allowed Defendant
      Bounds to operate a tractor and trailer longer than the allowable hours of
      operation, failed to notify authorities or help Plaintiff after her injuries, and acted
      inconsistent with post-accident legal, regulatory or common law requirements,
      once they became aware that Defendant Bounds had run Plaintiff off the road.

15.   Said conduct was the proximate cause of Plaintiff Leah DeRamus' injuries as
      described herein.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants
jointly and severally, including fictitious party defendants, in a sum of compensatory and/or
punitive damages in excess of the jurisdictional limits of this Court, to be determined by a
jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above

described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT II
## NEGLIGENT AND/OR WANTON ENTRUSTMENT
### (Against SAIA)

16.   Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

17.   Defendant SAIA negligently and/or wantonly entrusted or loaned the operation of its tractor and trailer to Defendant Bounds, and Fictitious Party Defendants 1-22, after having notice that such driver was incompetent and/or incapable to operate his vehicle.

18.   Such conduct was the proximate cause of Leah DeRamus' injuries

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

## COUNT III
## NEGLIGENT AND/OR WANTON HIRING, SUPERVISION AND TRAINING
### (Against SAIA)

19.   Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

20.   Defendant SAIA negligently and/or wantonly failed to properly hire, supervise and/or train Defendant Bounds, and Fictitious Party Defendants 1-22, on proper lane changing, standard operating procedures to follow when an accident is

6

caused (e.g., do not leave the scene of an accident), and/or proper operation and speed of aforesaid vehicle when aforesaid vehicle is in operation.

21.    Defendant SAIA, and Fictitious Party Defendants 1-22, additionally negligently and/or wantonly failed to properly interview, obtain and retain drivers that understood or followed the applicable DOT, State regulations or laws, or simple good driving practices like driver Bounds.

22.    Such conduct was the proximate cause of Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

## COUNT IV
## VICARIOUS LIABILITY
### (Against SAIA)

23.    Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

24.    Defendant SAIA served as the employer and/or master of Defendant Bounds, and fictitious party defendants 1-22.

25.    Defendant Bounds, and fictitious party defendants 1-22, were in the line and scope of employment on December 3, 2005 at or around 11:50 AM on I65 Northbound. Defendant Bounds was acting for the benefit of, on behalf of, and at the direction of, Defendant SAIA at the time of the accident made the basis of this lawsuit.

7

26.   Defendant SAIA is vicariously liable for the acts of the Defendant Bounds and

fictitious party defendants 1-22 at the time of the accident made the basis of

this lawsuit.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA,

including fictitious party defendants, in a sum of compensatory and/or punitive damages in

excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly

and adequately compensate Plaintiff Leah DeRamus for the above described damages,

together with interest from the date of the incident and the costs of the proceeding.

**COUNT VII**
**OUTRAGE**
**(Against All Defendants)**

27.   Plaintiff adopts and incorporates by reference all allegations of the preceding

paragraphs herein.

28.   Defendants, including Fictitious Party Defendants, acted outrageously and with

the requisite disregard for the safety of Plaintiff Leah DeRamus by leaving her

on the side of the road after causing the accident made the basis of this

lawsuit.

29.   Defendant SAIA, Defendant Bounds, and Fictitious Party Defendants 1-22,

committed acts that were extreme and outrageous as defined by Alabama law.

30.   Such conduct exhibited by all Defendants was the proximate cause of Plaintiff

Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants

jointly and severally, including fictitious party defendants, in a sum of compensatory and/or

punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury,

which will fairly and adequately compensate Plaintiff Wayne Benton for the above described

damages, together with interest from the date of the incident and the costs of the proceeding.

/s/ Josh J. Wright
JOSH J. WRIGHT, ESQ. (WRI045)
Attorney for Plaintiff

OF COUNSEL:

HOLLIS, WRIGHT & HARRINGTON, P.C.
505 North 20th Street, Suite 1500
Birmingham, AL 35202
(205) 324-3600
(205) 324-3636 Facsimile

## JURY DEMAND

Plaintiff requests a trial by struck jury on all issues and counts allowable by law in this
case.

/s/ Josh J. Wright
OF COUNSEL

## REQUEST FOR CERTIFIED MAIL AND SERVICE OF DISCOVERY

The Plaintiff hereby requests that the clerk serve the Defendants by certified mail,
with the attached discovery, return receipt requested, at the following locations:

Adrian L. Bounds
20030 Appaloosa Ridge Drive
Humble, TX 77338

SAIA Motor Freight Line, LLC
C/O The Corporation Company
2000 Interstate Park Dr, Suite 204
Montgomery, AL  36109

MARVIN HARRIS
2701 Republic Blvd.
Birmingham, AL 35214

/s/ Josh J. Wright
OF COUNSEL

ELECTRONICALLY FILED
12/1/2007 2:24 PM
CV-2007-900132.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

```
Date - 10/03/07                     Processing for TERM HST For ALL
Time - 12:48:51 ALL Trips Option    DISPATCH OPERATING DATE: 12/03/05 THRU 12/03/05

                                    *********************
                                    *    HOUSTON.    * PROCESSING 12/03/05
                    PUP             T ********************* SAT
TRL NO      DST #   # DESCRIPTION   # INSTRUCTIONS    SUN DRIVER   BILLS WGHT CAP. CALL CLSD DEP DEP ETA ARV
========== ====== === ============  = ============== === ====== ===== ==== ==== ==== ==== === === === ===
282852     (SP) BMT 1 1 LTL         * OUT VCT TO BMT PU TO   LOWE.LAR 11 21441        2100 630 603 734 731
28         (SP) BMT   2 LTL         *
```

                                    MANIFEST: 23624503

```
28         (SP) BMT   2 1           * OUT DLS TO BMT/LKC     CANCEL                        230
28         (SP) LKC   2             *
```

                                    MANIFEST:

```
284747     (SP) BMT 3 1 LTL         * TO BMT P/U TO HST      JONES.AN 11 15329  90    200 430 419 550 543
284293     (SP) BMT   2 LTL         *                                 20 19722  90    200
                                                                               90
```

                                    MANIFEST: 23624631  23624570

```
SEE JAX    (V ) BRG 1   LTL           OUT BRG TO BRG         CANCEL                       2130
                                      (TUE-SAT)
```

                                    MANIFEST:

```
530232     (V ) BRG 2   LTL           TO BRG PU TO HST       COLEMAN  25 38542  85   2343 100  13 505 531
                                                                               85
                                                                               85
```

                                    MANIFEST: 23624564

```
284268     (SP) BRG 3 1 LTL         * OUT BRG TO BRG         SANCHEZ  17 18717  90    121 200 137 629 607
284266     (SP) BHM   2             *                                 15 12682  90    121
                                                                               90
```

                                    MANIFEST: 23624589  23624608

```
282076     (SP) CCI 1 1 LTL         * OUT CCI TO CCI         VALDEZ   22 24015  90   2330 230  45 449 428
282848     (SP) CCI   2 LTL         *                                  5  6212  90   2330
                                                                               90
```

                                    MANIFEST: 23624567  12059509

```
282946     (SP) CGO 1 1             * TO TEX PU TO HST       JACKSON   6 16963  90    100 200 146 648 655
285347     (SP) CGO   2             *                                 13 18408  90    100
                                                                               90
```

                                    MANIFEST: 23624576  23624504

```
283648     (SP) CLT 1 1 LTL         * OUT DLS TO BHM PU TO   MATHIS.  12  9491  90   2045 200 2348 1130 1106
281634     (SP) CLT   2 LTL         *                                 14 20022  90   2300
                                                                               90
```

                                    MANIFEST: 23624507  23624524

```
282046     (SP) CLT 2 1 LTL         * TO BHM PU TO HST       BOUNDS.A  8 16966  90   1852 600 328 1510 1445
281842     (SP) CLT   2 LTL         * PU TO HST                        8 21345  90     12
                                      SAT AM-HST/BHM/HST                        90
```

                                    MANIFEST: 23624463  23624587

Deramus v. Saia
**Saia-0388**

ELECTRONICALLY FILED
12/1/2007 2:24 PM
CV-2007-900132.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS, an individual,     )
                                     )

        Plaintiff,                 )
                                     )

V.                               )        Civil     Action     No.

_____

                                     )

SAIA MOTOR FREIGHT LINE, LLC, a   )
Corporation, ADRIAN L. BOUNDS, an   )
individual, MARVIN HARRIS, an individual,   )

and Fictitious Defendants No. 1, whether singular or plural, the owner(s) of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 2, whether singular or plural, the driver of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver(s) and/or the owner(s) of the tractor or trailer involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, whether singular or plural, that entity or those entities who or which were the master, principal or employer of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which ran off the road or collided with the vehicle plaintiff was driving and was operating and/or performing some type of service or employment duty at the time of this collision; No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities

who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 15, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 16 whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage, excess or umbrella coverage, etc.); No. 17,whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 18, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interests of any of those entities described above; No. 20, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 21, whether singular or plural, that individual or those individuals, that entity or those entities who was or were responsible for training, supervising, hiring or monitoring drivers for defendant SAIA; No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendant is not known to Plaintiff at this time notwithstanding a diligent search and investigation, but their true names will be substituted by amendment when ascertained;    )

)

Defendants.                          )

## NOTICE OF DEPOSITION

TO:          Cindy Arkle
             125 Shady Oak Lane
             Prattville, AL 36066

DATE:        T.B.A.

TIME:         T.B.A.
LOCATION:     T.B.A.

Please take notice that, pursuant to Alabama Rules of Civil Procedure, Plaintiffs will take the deposition of Cindy Arkle before a court reporter or some other officer authorized by law to administer oaths. **Said deposition shall be commenced on a date, time and location T.B.A.,** and shall continue or be resumed from time to time until the same has been completed. This deposition is for discovery and trial purposes.

Respectfully submitted,

/s/ Josh J. Wright
JOSH J. WRIGHT, ESQ. (WRI045)
Attorney for Plaintiff

**OF COUNSEL:**

**HOLLIS, WRIGHT & HARRINGTON, P.C.**
505 North 20th Street, Suite 1500
Birmingham, AL 35202
(205) 324-3600
(205) 324-3636 Facsimile

**The Plaintiff hereby requests that the clerk serve this discovery with the Complaint to the following individuals/entities:**

Adrian L. Bounds
20030 Appaloosa Ridge Drive
Humble, TX 77338

SAIA Motor Freight Line, LLC
C/O The Corporation Company
2000 Interstate Park Dr, Suite 204
Montgomery, AL  36109

MARVIN HARRIS
2701 Republic Blvd.
Birmingham, AL 35214

/s/ Josh J. Wright
OF COUNSEL

ELECTRONICALLY FILED
12/1/2007 2:24 PM
CV-2007-900132.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

| | |
|---|---|
| LEAH A. DERAMUS, an individual, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| V. | )       Civil     Action     No. |
| _____ | ) |
| | ) |
| SAIA MOTOR FREIGHT LINE, LLC, a | ) |
| Corporation, ADRIAN L. BOUNDS, an | ) |
| individual, MARVIN HARRIS, an individual, | ) |

and Fictitious Defendants No. 1, whether singular or plural, the owner(s) of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 2, whether singular or plural, the driver of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver(s) and/or the owner(s) of the tractor or trailer involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, whether singular or plural, that entity or those entities who or which were the master, principal or employer of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which ran off the road or collided with the vehicle plaintiff was driving and was operating and/or performing some type of service or employment duty at the time of this collision; No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities

who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 15, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 16 whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage, excess or umbrella coverage, etc.); No. 17,whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 18, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interests of any of those entities described above; No. 20, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 21, whether singular or plural, that individual or those individuals, that entity or those entities who was or were responsible for training, supervising, hiring or monitoring drivers for defendant SAIA; No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendant is not known to Plaintiff at this time notwithstanding a diligent search and investigation, but their true names will be substituted by amendment when ascertained;    )
                                                       )

Defendants.                         )

## NOTICE OF DEPOSITION

TO:                    Don Arkle
                            125 Shady Oak Lane
                            Prattville, AL 36066
DATE:                T.B.A.

TIME:          T.B.A.
LOCATION:      T.B.A.

Please take notice that, pursuant to Alabama Rules of Civil Procedure, Plaintiffs will take the deposition of Don Arkle before a court reporter or some other officer authorized by law to administer oaths. **Said deposition shall be commenced on a date, time and location T.B.A.,** and shall continue or be resumed from time to time until the same has been completed. This deposition is for discovery and trial purposes.

Respectfully submitted,

/s/ Josh J. Wright
JOSH J. WRIGHT, ESQ. (WRI045)
Attorney for Plaintiff

**OF COUNSEL:**

**HOLLIS, WRIGHT & HARRINGTON, P.C.**
505 North 20th Street, Suite 1500
Birmingham, AL 35202
(205) 324-3600
(205) 324-3636 Facsimile

**The Plaintiff hereby requests that the clerk serve this discovery with the Complaint to the following individuals/entities:**

Adrian L. Bounds
20030 Appaloosa Ridge Drive
Humble, TX 77338

SAIA Motor Freight Line, LLC
C/O The Corporation Company
2000 Interstate Park Dr, Suite 204
Montgomery, AL 36109

MARVIN HARRIS
2701 Republic Blvd.
Birmingham, AL 35214

/s/ Josh J. Wright
OF COUNSEL

ELECTRONICALLY FILED
12/1/2007 2:24 PM
CV-2007-900132.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS, an individual,     )
     )
     Plaintiff,     )
     )
V.     )     Civil    Action    No.
     )
_____     )
SAIA MOTOR FREIGHT LINE, LLC, a     )
Corporation, ADRIAN L. BOUNDS, an     )
individual, MARVIN HARRIS, an individual,     )

and Fictitious Defendants No. 1, whether singular or plural, the owner(s) of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 2, whether singular or plural, the driver of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver(s) and/or the owner(s) of the tractor or trailer involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, whether singular or plural, that entity or those entities who or which were the master, principal or employer of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which ran off the road or collided with the vehicle plaintiff was driving and was operating and/or performing some type of service or employment duty at the time of this collision; No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities

who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 15, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 16 whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage, excess or umbrella coverage, etc.); No. 17,whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 18, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interests of any of those entities described above; No. 20, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 21, whether singular or plural, that individual or those individuals, that entity or those entities who was or were responsible for training, supervising, hiring or monitoring drivers for defendant SAIA; No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendant is not known to Plaintiff at this time notwithstanding a diligent search and investigation, but their true names will be substituted by amendment when ascertained;    )

)

Defendants.                                    )

## NOTICE OF DEPOSITION

TO:          Adam Arkle
             125 Shady Oak Lane
             Prattville, AL 36066
DATE:        T.B.A.

TIME:         T.B.A.
LOCATION:     T.B.A.

Please take notice that, pursuant to Alabama Rules of Civil Procedure, Plaintiffs will take the deposition of Adam Arkle before a court reporter or some other officer authorized by law to administer oaths. **Said deposition shall be commenced on a date, time and location T.B.A.,** and shall continue or be resumed from time to time until the same has been completed. This deposition is for discovery and trial purposes.

Respectfully submitted,


/s/ Josh J. Wright
JOSH J. WRIGHT, ESQ. (WRI045)
Attorney for Plaintiff

**OF COUNSEL:**

**HOLLIS, WRIGHT & HARRINGTON, P.C.**
505 North 20th Street, Suite 1500
Birmingham, AL 35202
(205) 324-3600
(205) 324-3636 Facsimile

**The Plaintiff hereby requests that the clerk serve this discovery with the Complaint to the following individuals/entities:**

Adrian L. Bounds
20030 Appaloosa Ridge Drive
Humble, TX 77338

SAIA Motor Freight Line, LLC
C/O The Corporation Company
2000 Interstate Park Dr, Suite 204
Montgomery, AL 36109

MARVIN HARRIS
2701 Republic Blvd.
Birmingham, AL 35214

/s/ Josh J. Wright
OF COUNSEL

ELECTRONICALLY FILED
12/1/2007 2:24 PM
CV-2007-900132.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS, an individual,       )
                                     )

       Plaintiff,                  )
                                     )

V.                                     )      Civil   Action   No.

                                     )

SAIA MOTOR FREIGHT LINE, LLC, a  )
Corporation, ADRIAN L. BOUNDS, an  )
individual, MARVIN HARRIS, an individual,  )

and Fictitious Defendants No. 1, whether singular or plural, the owner(s) of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 2, whether singular or plural, the driver of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver(s) and/or the owner(s) of the tractor or trailer involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, whether singular or plural, that entity or those entities who or which were the master, principal or employer of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which ran off the road or collided with the vehicle plaintiff was driving and was operating and/or performing some type of service or employment duty at the time of this collision; No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities

who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 15, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 16 whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage, excess or umbrella coverage, etc.); No. 17,whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 18, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interests of any of those entities described above; No. 20, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 21, whether singular or plural, that individual or those individuals, that entity or those entities who was or were responsible for training, supervising, hiring or monitoring drivers for defendant SAIA; No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendant is not known to Plaintiff at this time notwithstanding a diligent search and investigation, but their true names will be substituted by amendment when ascertained;     )

                                                                                  )
                        Defendants.                                               )

## NOTICE OF DEPOSITION

TO:                 Lorry Smith
                    7005 Eastern Shore Road
                    Montgomery, AL 36117
DATE:               T.B.A.

# EXHIBIT B

44284
P

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

LEAH A. DERAMUS

2008 JAN -9 P 4 33

Plaintiff,

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CASE NO. 2:08-CV-00023-WC

(Formerly Case No.CV – 2007-9001-32-00
in the Circuit Court of Autauga County,
AL)

v.

\*

\*

\*

SAIA MOTOR FREIGHT LINE, LLC,
ADRIAN L. BOUNDS, and MARVIN HARRIS,

Defendants.

## NOTICE OF REMOVAL

Defendants Saia Motor Freight Line, LLC ("SAIA") and Adrian L. Bounds ("Bounds"),

pursuant to 28 U.S.C. §1441 and 1446, remove this case from the Circuit Court of Autauga

County, Alabama to the United States District Court for the Middle District of Alabama, on the

following grounds:

1.      On or about December 1, 2007, Plaintiff Leah A. Deramus commenced an action

by filing a Complaint in the Circuit Court of Autauga County, Alabama entitled "Leah A.

Deramus v. SAIA Motor Freight Lines, LLC, et al., Civil Action No. 04-CV-2007-9001-32.00."

Plaintiff alleges that she incurred damages on December 3, 2005, as a result of individual

Defendant Bounds' "negligently and/or wantonly caus[ing] his tractor and trailer to run Plaintiff

off the road" and Plaintiff's vehicle to flip.  Plaintiff was traveling northbound on I-65 at or

around mile marker 74 in Escambia County, Alabama at the time of

Plaintiff's alleged accident.

1

Bounds was employed by SAIA as a truck driver at the time of Plaintiff's alleged accident. Plaintiff alleges that Bounds was acting in the line and scope of his employment at the time of the accident. Plaintiff's Complaint states Bounds "was attempting to make a two day trip in one day from Houston to Birmingham." Therefore, it is Plaintiff's belief and allegation that Marvin Harris ("Harris"), as the terminal manager/director of the driving destination of Bounds, was negligent and/or wanton by not preventing such action, which Plaintiff alleges violated Federal Department of Transportation hours of operation. Harris is also named as a Defendant in this lawsuit due to Plaintiff's claim that Harris "did not notify authorities or follow past accident procedures required under generally accepted standards, federal regulations or state laws."

Plaintiff is suing all Defendants for negligence, wantonness, and outrage. She is further suing SAIA for negligent and/or wanton entrustment; negligent and/or wanton hiring, supervision and training; and vicarious liability. Plaintiff contends that she suffered physical injuries, along with many other things, as a result of the accident. Plaintiff now seeks compensatory and punitive damages from all Defendants (Complaint).

### Removal is Timely

2.    According to the Autauga County Circuit Clerk's office, Plaintiff's Complaint was filed on December 1, 2007; Defendant SAIA was served with the Complaint via certified mail on December 10, 2007; Defendant Bounds was served with the Complaint on December 24, 2007; and Defendant Harris has not been served with the Complaint to date.

3.    Defendants SAIA and Bounds have filed this Notice of Removal within thirty (30) days of service upon said Defendants. Therefore, this Removal is timely filed pursuant to 28 U.S.C. §1446(b).

4.      Copies of all process, pleadings, and other papers served on or received by Defendants for CV-2007-9001-32-00 are attached hereto as Exhibit "A".

5.      This action is removable pursuant to 28 U.S.C. §1441 as a civil matter brought in the State Court of which the District Courts of the United States would have had original jurisdiction. This action could have been filed in this Court under 28 U.S.C. §1332 because complete diversity of citizenship exists between all properly named parties, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interests and costs.

### Complete Diversity Exists

6.      Plaintiff Leah A. Deramus is now, was at the time she filed this action, and was at all intervening times a resident citizen of Autauga County, Prattville, Alabama. (Complaint)

7.      Defendant SAIA is now, was at the time Plaintiff filed this action, and was at all intervening times a Louisiana limited liability company with its principal place of business in Georgia. (Complaint and Affidavits of Harold Lou Tabor and Thomas Hassard attached hereto as Exhibits "B" and "C", respectively). SAIA's member is now, was at the time Plaintiff filed this action, and was at all intervening times SAIA, Inc. SAIA, Inc. is now, was at the time Plaintiff filed this action, and was at all intervening times a Delaware corporation with its principal place of business in Georgia.

8.      Defendant Bounds is now, was at the time Plaintiff filed this action, and was at all intervening times an individual who is a resident citizen of Houston, Texas (Complaint).

9.      On information and belief, individual Defendant Harris is a fraudulently joined Defendant in this case, named solely for the purpose of filing this action in the Circuit Court of the jurisdiction in which Plaintiff and her family reside.

3

10.    Plaintiff named Harris as a Defendant in this action solely due to her belief that Harris as terminal manager of the driving destination of Bounds on December 3, 2005, should have prevented Bounds from "mak[ing] a two day trip in one day from Houston to Birmingham," thereby preventing Bounds from allegedly violating "Federal Department of Transportation hours of operation." (Complaint).  Plaintiff's basis for naming Harris as a Defendant fails for two reasons.  First, Bounds did not violate any standards, regulations, or laws on December 3, 2005, because he did not drive the Houston to Birmingham trip alone.  Bounds was part of a team of drivers driving the route, which consisted of he and another SAIA driver, Chad Richard. Second, Harris should not be named as an individual Defendant in this matter because Harris did not exercise any control over Bounds at the time of the alleged accident (Exhibit C).  Bounds was based out of SAIA's Houston terminal at the time of the alleged accident. Id.  Therefore, the person(s) that would have been in charge of Bounds would have been his **originating** terminal or line-haul managers out of Houston, Texas. Id.  However, that is irrelevant, since Bounds did not violate any standards, laws, or regulations to be reported by Harris, which is Plaintiff's only reason for naming Harris as a Defendant.

11.    Since Harris was fraudulently joined, it is unnecessary for Harris to join in or consent to this removal.

### The Amount in Controversy Exceeds $75,000

12.    Plaintiff is making claims of negligence and wantonness against all Defendants for causing the wreck on December 3, 2005.  Plaintiff seeks compensatory and punitive damages from the Defendants for emotional distress; mental anguish; pain and suffering; past and future medical bills for her alleged "permanent to life threatening injuries"; past and future lost wages; loss of earning capacity; and other injuries and damages allowed under Alabama law

(Complaint). Plaintiff alleges that the aforementioned damages are totaled to be in an amount to exceed Seventy Five Thousand Dollars ($75,000.00) (Complaint). These damages listed by the Plaintiff clearly exceed the amount in controversy needed to remove an action to this Court. 28 U.S.C. §1332.

### All Prerequisites for Removal Have Been Satisfied

13.    As set forth above, this Notice of Removal has been filed within thirty (30) days of service of all of the found Defendants; the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs; and complete diversity exists as to all properly named parties.

14.    The prerequisites for removal under 28 U.S.C. §1441 have been met.

15.    Defendants will promptly, upon filing of this notice of removal, give written notice thereof to the Plaintiff and will file a copy of the notice with the Clerk of the Circuit Court of Autauga County, Alabama.

16.    If any questions arise as to the propriety of the removal of this action, the Defendants request the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, the premises considered, both Defendants serve with the Complaint to date, SAIA and Bounds desire to remove this case to the United States District Court for the Middle District of Alabama, being the district of said Court for the County in which said action is pending, pray that the filing of this Notice of Removal with said Court and with the Clerk of the Circuit Court of Autauga County, Alabama shall effect a removal of said suit to this Court.

Respectfully submitted this the 9th day of January, 2008.

COOPER C. THURBER        THUR4686
K. AMANDA HERNDON     HER048
Attorneys for Defendants, SAIA Motor
Freight Lines, LLC and Adrian L. Bounds


WILLIAM E. SHREVE, JR.  SHREW3946
Attorney for Defendants, SAIA Motor
Freight Lines, LLC and Adrian L. Bounds


OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL 36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
        KAH@LPClaw.com
        WES@LPClaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 9th day of January, 2008, served a true and correct copy of the foregoing via U.S. First Class Mail, postage prepaid, upon the following:

Josh Wright, Esq.
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35202

Jerry L. Thornton, Esq.
120 LaFayette Street
P. O. Box 759
Hayneville, Alabama 36040

Marvin Harris
2701 Republic Blvd.
Birmingham, AL 35214

Circuit Clerk of Autauga
William W. Moncrief
P.O. Box 681450
Prattville, AL 36068

COOPER C. THURBER

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
12/10/2007
CT Log Number 512869179

TO: Jim Darby
Saia Motor Freight Line, Inc.
11465 Johns Creek Parkway, Suite 400
Duluth, GA 30097

RE: Process Served in Alabama

FOR: SAIA Motor Freight Line, LLC (Domestic State: LA)

*Scan to John Ferguson & Jim Darby 13/12/07*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Leah A. Deramus, etc., Pltf. vs. Saia Motor Freight Line, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit, Notices of Deposition |
| **COURT/AGENCY:** | Autauga County Circuit Court, AL<br>Case # CV 2007 900132 |
| **NATURE OF ACTION:** | Personal Injury - December 3, 2005 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/10/2007 postmarked: "Not Post Marked" |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Josh J. Wright<br>Hollis, Wright, & Harrington, P.C.<br>505 North 20th<br>Suite 1500<br>Birmingham, AL 35202<br>205-324-3600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed EX 2 Day , 798327240686 |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL 36109 |
| **TELEPHONE:** | 334-387-7680 |



*Tony — Please review to get to correct agent TB*

Page 1 of 1 / CH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**EXHIBIT**

"A"

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 0/88 | SUMMONS<br>- CIVIL - | Case Number:<br>04-CV-2007-900132.00 |
|---|---|---|

### IN THE CIVIL COURT OF AUTAUGA, ALABAMA

### LEAH A DERAMUS v. SAIA MOTOR FREIGHT LINE, LLC ET AL

NOTICE TO    SAIA MOTOR FREIGHT LINE, LLC, C/OTHE CORPORATIONCOMPANY 2000 INTERSTATE PARK DR., SUITE 204, MONTGOMERY AL, 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOSHUA WRIGHT

WHOSE ADDRESS IS SUITE 1550 505 NORTH 20TH STREET NORTH, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    LEAH A DERAMUS
pursuant to the Alabama Rules of the Civil Procedure

| 12/1/2007 2:24:30 PM 12-6-07 | /s WHIT MONCRIEF | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JOSHUA WRIGHT

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                     Server's Signature



ELECTRONICALLY FILED
12/1/2007 2:24 PM
CV-2007-900132.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

| | |
|---|---|
| LEAH A. DERAMUS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil Action No. _____ |
| | ) |
| SAIA MOTOR FREIGHT LINE, LLC, a | ) |
| Corporation, ADRIAN L. BOUNDS, an | ) |
| individual, MARVIN HARRIS, an individual, | ) |

and Fictitious Defendants No. 1, whether singular or plural, the owner(s) of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 2, whether singular or plural, the driver of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver(s) and/or the owner(s) of the tractor or trailer involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, whether singular or plural, that entity or those entities who or which were the master, principal or employer of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which ran off the road or collided with the vehicle plaintiff was driving and was operating and/or performing some type of service or employment duty at the time of this collision; No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence

made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 15, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 16 whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage, excess or umbrella coverage, etc.); No. 17, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 18, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interests of any of those entities described above; No. 20, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 21, whether singular or plural, that individual or those individuals, that entity or those entities who was or were responsible for training, supervising, hiring or monitoring drivers for defendant SAIA; No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendant is not known to Plaintiff at this time notwithstanding a diligent search and investigation, but their true names will be substituted by amendment when ascertained;                )

                )
Defendants.                )

## C O M P L A I N T

### JURISDICTION/VENUE

1.    Plaintiff, Leah A. DeRamus (known hereafter as "Plaintiff Leah DeRamus"
      or "Plaintiff") is over the age of nineteen (19) years, and resided at 109 Holly
      Lane, Prattville, Autauga County, Alabama, 36066 at the time of the accident
      made the basis of this lawsuit.

2.    Defendant, SAIA Motor Freight Line, LLC (hereafter "SAIA"), is a

corporation with its principal office in Georgia. Upon information and belief, SAIA does business by agent in Alabama and specifically in Autauga County, Alabama.

3.    Defendant, Adrian L. Bounds (hereafter "Bounds") was a driver for SAIA on December 3, 2005, and drove the Houston to Birmingham route. Upon information or belief, Bounds is a resident of Texas. Attached hereto as "Exhibit A" is a dispatch record dated December 3, 2005 which identifies Bounds as the SAIA driver located in the same location as Plaintiff at the time of her accident.

4.    Defendant, Marvin Harris (hereafter "Harris") was a terminal manager/director for SAIA in the Birmingham terminal on December 3, 2005. Upon information and belief, Harris is a resident of the State of Alabama.

5.    Fictitious Party Defendants 1-22 are unknown at this time, but will be substituted when ascertained. Hereafter, the term "Defendants" includes those named Defendants and those Fictitious Party Defendants 1-22.

6.    Venue is proper in this County as Plaintiff resided in Prattville, Alabama at the time of her accident, and Defendant SAIA did business by agent (i.e., its drivers) in Autauga County, Alabama.

## STATEMENT OF FACTS

7.    On or about December 3, 2005 at 11:50 AM, upon a public roadway, to-wit, I-65 in the northbound direction at or around mile marker 74 in Escambia County, Alabama, Defendant Bounds of SAIA did negligently and/or

3

wantonly cause his tractor and trailer to run Plaintiff, Leah DeRamus, off the road.

8.    Defendant Bounds entered into Plaintiff's lane of traffic forcing Plaintiff's vehicle off the road wherein Plaintiff lost control over her vehicle and flipped multiple times. Defendant Bounds did not stop after the accident took place, effectively leaving Plaintiff trapped in her vehicle on the side of the road to die.

9.    Upon information and belief, Defendant Bounds was attempting to make a two day trip in one day from Houston to Birmingham. The terminal manager/director for his destination, Harris, did not prevented such action which violated the Federal DOT hours of operation, and subjected a tired driver to the roads of Alabama.

10.   Upon information or belief, Harris did not notify authorities or follow post-accident procedures required under generally accepted standards, federal regulations or state laws.

11.   As a result of the accident made the basis of this lawsuit, Plaintiff suffered permanent and life threatening injuries as follows:

   a. Plaintiff was caused to suffer severe injuries to her eyes, shoulders, and hands, which required surgical intervention.

   b. Plaintiff was caused to suffer severe and permanent disfiguration of her scalp, which required surgical intervention.

   c. Plaintiff was caused and will in the future be caused to suffer great physical pain, emotional distress, anguish, lost wages and lost ability to earn.

   d. Plaintiff was caused and will in the future be caused to expend large sums of money in the nature of doctor, hospital, drug, rehabilitation, medication, and

4

other medical expenses in an effort to heal and cure her injuries.

e. Other injuries and damages as allowed under Alabama law.

## COUNT I
### NEGLIGENT/WANTON CONDUCT
### (Against All Defendants)

12. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

13. At the aforesaid time and place, and for some time prior thereto, Defendants, including Fictitious Party Defendants 1-22, were operating motor vehicles in violation of the law and below the applicable standard of care in pulling over into Plaintiff's lane of operation, and negligently and/or wantonly caused the accident with Plaintiff Leah DeRamus and then left the scene of such accident.

14. Defendants, including Fictitious Party Defendants, also allowed Defendant Bounds to operate a tractor and trailer longer than the allowable hours of operation, failed to notify authorities or help Plaintiff after her injuries, and acted inconsistent with post-accident legal, regulatory or common law requirements, once they became aware that Defendant Bounds had run Plaintiff off the road.

15. Said conduct was the proximate cause of Plaintiff Leah DeRamus' injuries as described herein.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above

5

described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

**COUNT II**
**NEGLIGENT AND/OR WANTON ENTRUSTMENT**
**(Against SAIA)**

16.    Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

17.    Defendant SAIA negligently and/or wantonly entrusted or loaned the operation of its tractor and trailer to Defendant Bounds, and Fictitious Party Defendants 1-22, after having notice that such driver was incompetent and/or incapable to operate his vehicle.

18.    Such conduct was the proximate cause of Leah DeRamus' injuries

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

**COUNT III**
**NEGLIGENT AND/OR WANTON HIRING, SUPERVISION AND TRAINING**
**(Against SAIA)**

19.    Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

20.    Defendant SAIA negligently and/or wantonly failed to properly hire, supervise and/or train Defendant Bounds, and Fictitious Party Defendants 1-22, on proper lane changing, standard operating procedures to follow when an accident is

caused (e.g., do not leave the scene of an accident), and/or proper operation and speed of aforesaid vehicle when aforesaid vehicle is in operation.

21. Defendant SAIA, and Fictitious Party Defendants 1-22, additionally negligently and/or wantonly failed to properly interview, obtain and retain drivers that understood or followed the applicable DOT, State regulations or laws, or simple good driving practices like driver Bounds.

22. Such conduct was the proximate cause of Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

## COUNT IV
## VICARIOUS LIABILITY
### (Against SAIA)

23. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

24. Defendant SAIA served as the employer and/or master of Defendant Bounds, and fictitious party defendants 1-22.

25. Defendant Bounds, and fictitious party defendants 1-22, were in the line and scope of employment on December 3, 2005 at or around 11:50 AM on I65 Northbound. Defendant Bounds was acting for the benefit of, on behalf of, and at the direction of, Defendant SAIA at the time of the accident made the basis of this lawsuit.

7

26.    Defendant SAIA is vicariously liable for the acts of the Defendant Bounds and fictitious party defendants 1-22 at the time of the accident made the basis of this lawsuit.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

## COUNT VII
## OUTRAGE
### (Against All Defendants)

27.    Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

28.    Defendants, including Fictitious Party Defendants, acted outrageously and with the requisite disregard for the safety of Plaintiff Leah DeRamus by leaving her on the side of the road after causing the accident made the basis of this lawsuit.

29.    Defendant SAIA, Defendant Bounds, and Fictitious Party Defendants 1-22, committed acts that were extreme and outrageous as defined by Alabama law.

30.    Such conduct exhibited by all Defendants was the proximate cause of Plaintiff Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury,

8

which will fairly and adequately compensate Plaintiff Wayne Benton for the above described

damages, together with interest from the date of the incident and the costs of the proceeding.


/s/ Josh J. Wright
JOSH J. WRIGHT, ESQ. (WRI045)
Attorney for Plaintiff

OF COUNSEL:

HOLLIS, WRIGHT & HARRINGTON, P.C.
505 North 20th Street, Suite 1500
Birmingham, AL 35202
(205) 324-3600
(205) 324-3636 Facsimile

## JURY DEMAND

Plaintiff requests a trial by struck jury on all issues and counts allowable by law in this
case.


/s/ Josh J. Wright
OF COUNSEL

## REQUEST FOR CERTIFIED MAIL AND SERVICE OF DISCOVERY

The Plaintiff hereby requests that the clerk serve the Defendants by certified mail,

with the attached discovery, return receipt requested, at the following locations:

Adrian L. Bounds
20030 Appaloosa Ridge Drive
Humble, TX 77338

SAIA Motor Freight Line, LLC
C/O The Corporation Company
2000 Interstate Park Dr, Suite 204
Montgomery, AL  36109

MARVIN HARRIS
2701 Republic Blvd.
Birmingham, AL 35214

/s/ Josh J. Wright
OF COUNSEL

10



## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS, an individual,         )
                                               )

       Plaintiff,                  )

                                             )

V.                                  )  Civil Action No. _____

                                           )

SAIA MOTOR FREIGHT LINE, LLC, a     )
Corporation, ADRIAN L. BOUNDS, an     )
individual, MARVIN HARRIS, an individual,  )

and Fictitious Defendants No. 1, whether singular or plural, the owner(s) of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 2, whether singular or plural, the driver of the tractor and trailer which collided with or forced plaintiff off the road causing plaintiff's injuries and damages on the occasion made the basis of this suit; No. 3, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver(s) and/or the owner(s) of the tractor or trailer involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 6, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 7, whether singular or plural, that entity or those entities who or which were the master, principal or employer of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which ran off the road or collided with the vehicle plaintiff was driving and was operating and/or performing some type of service or employment duty at the time of this collision; No. 9, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver(s) thereof at the time of said occurrence; No. 10, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 13, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence

made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 15, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 16 whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage, excess or umbrella coverage, etc.); No. 17, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 18, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interests of any of those entities described above; No. 20, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 21, whether singular or plural, that individual or those individuals, that entity or those entities who was or were responsible for training, supervising, hiring or monitoring drivers for defendant SAIA; No. 22, whether singular or plural, that entity or those entities, that individual or those individuals, described above whose negligence, wantonness, recklessness, breach of contract, fraud, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious parties defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendant is not known to Plaintiff at this time notwithstanding a diligent search and investigation, but their true names will be substituted by amendment when ascertained;                )

)
Defendants.                               )

# COMPLAINT

## JURISDICTION/VENUE

1.    Plaintiff, Leah A. DeRamus (known hereafter as "Plaintiff Leah DeRamus" or "Plaintiff") is over the age of nineteen (19) years, and resided at 109 Holly Lane, Prattville, Autauga County, Alabama, 36066 at the time of the accident made the basis of this lawsuit.

2.    Defendant, SAIA Motor Freight Line, LLC (hereafter "SAIA"), is a

2

corporation with its principal office in Georgia. Upon information and belief, SAIA does business by agent in Alabama and specifically in Autauga County, Alabama.

3. Defendant, Adrian L. Bounds (hereafter "Bounds") was a driver for SAIA on December 3, 2005, and drove the Houston to Birmingham route. Upon information or belief, Bounds is a resident of Texas. Attached hereto as "Exhibit A" is a dispatch record dated December 3, 2005 which identifies Bounds as the SAIA driver located in the same location as Plaintiff at the time of her accident.

4. Defendant, Marvin Harris (hereafter "Harris") was a terminal manager/director for SAIA in the Birmingham terminal on December 3, 2005. Upon information and belief, Harris is a resident of the State of Alabama.

5. Fictitious Party Defendants 1-22 are unknown at this time, but will be substituted when ascertained. Hereafter, the term "Defendants" includes those named Defendants and those Fictitious Party Defendants 1-22.

6. Venue is proper in this County as Plaintiff resided in Prattville, Alabama at the time of her accident, and Defendant SAIA did business by agent (i.e., its drivers) in Autauga County, Alabama.

## STATEMENT OF FACTS

7. On or about December 3, 2005 at 11:50 AM, upon a public roadway, to-wit, I-65 in the northbound direction at or around mile marker 74 in Escambia County, Alabama, Defendant Bounds of SAIA did negligently and/or

3

wantonly cause his tractor and trailer to run Plaintiff, Leah DeRamus, off the road.

8.    Defendant Bounds entered into Plaintiff's lane of traffic forcing Plaintiff's vehicle off the road wherein Plaintiff lost control over her vehicle and flipped multiple times. Defendant Bounds did not stop after the accident took place, effectively leaving Plaintiff trapped in her vehicle on the side of the road to die.

9.    Upon information and belief, Defendant Bounds was attempting to make a two day trip in one day from Houston to Birmingham. The terminal manager/director for his destination, Harris, did not prevented such action which violated the Federal DOT hours of operation, and subjected a tired driver to the roads of Alabama.

10.    Upon information or belief, Harris did not notify authorities or follow post-accident procedures required under generally accepted standards, federal regulations or state laws.

11.    As a result of the accident made the basis of this lawsuit, Plaintiff suffered permanent and life threatening injuries as follows:

a.    Plaintiff was caused to suffer severe injuries to her eyes, shoulders, and hands, which required surgical intervention.

b.    Plaintiff was caused to suffer severe and permanent disfiguration of her scalp, which required surgical intervention.

c.    Plaintiff was caused and will in the future be caused to suffer great physical pain, emotional distress, anguish, lost wages and lost ability to earn.

d.    Plaintiff was caused and will in the future be caused to expend large sums of money in the nature of doctor, hospital, drug, rehabilitation, medication, and

4

other medical expenses in an effort to heal and cure her injuries.

e.  Other injuries and damages as allowed under Alabama law.

## COUNT I
## NEGLIGENT/WANTON CONDUCT
### (Against All Defendants)

12.   Plaintiff adopts and incorporates by reference all allegations of the preceding
paragraphs herein.

13.   At the aforesaid time and place, and for some time prior thereto, Defendants,
including Fictitious Party Defendants 1-22, were operating motor vehicles in
violation of the law and below the applicable standard of care in pulling over into
Plaintiff's lane of operation, and negligently and/or wantonly caused the
accident with Plaintiff Leah DeRamus and then left the scene of such accident.

14.   Defendants, including Fictitious Party Defendants, also allowed Defendant
Bounds to operate a tractor and trailer longer than the allowable hours of
operation, failed to notify authorities or help Plaintiff after her injuries, and acted
inconsistent with post-accident legal, regulatory or common law requirements,
once they became aware that Defendant Bounds had run Plaintiff off the road.

15.   Said conduct was the proximate cause of Plaintiff Leah DeRamus' injuries as
described herein.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants
jointly and severally, including fictitious party defendants, in a sum of compensatory and/or
punitive damages in excess of the jurisdictional limits of this Court, to be determined by a
jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above

5

described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT II
## NEGLIGENT AND/OR WANTON ENTRUSTMENT
### (Against SAIA)

16.  Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

17.  Defendant SAIA negligently and/or wantonly entrusted or loaned the operation of its tractor and trailer to Defendant Bounds, and Fictitious Party Defendants 1-22, after having notice that such driver was incompetent and/or incapable to operate his vehicle.

18.  Such conduct was the proximate cause of Leah DeRamus' injuries

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

## COUNT III
## NEGLIGENT AND/OR WANTON HIRING, SUPERVISION AND TRAINING
### (Against SAIA)

19.  Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

20.  Defendant SAIA negligently and/or wantonly failed to properly hire, supervise and/or train Defendant Bounds, and Fictitious Party Defendants 1-22, on proper lane changing, standard operating procedures to follow when an accident is

6

caused (e.g., do not leave the scene of an accident), and/or proper operation and speed of aforesaid vehicle when aforesaid vehicle is in operation.

21.   Defendant SAIA, and Fictitious Party Defendants 1-22, additionally negligently and/or wantonly failed to properly interview, obtain and retain drivers that understood or followed the applicable DOT, State regulations or laws, or simple good driving practices like driver Bounds.

22.   Such conduct was the proximate cause of Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

## COUNT IV
## VICARIOUS LIABILITY
### (Against SAIA)

23.   Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

24.   Defendant SAIA served as the employer and/or master of Defendant Bounds, and fictitious party defendants 1-22.

25.   Defendant Bounds, and fictitious party defendants 1-22, were in the line and scope of employment on December 3, 2005 at or around 11:50 AM on I65 Northbound.  Defendant Bounds was acting for the benefit of, on behalf of, and at the direction of, Defendant SAIA at the time of the accident made the basis of this lawsuit.

7

26. Defendant SAIA is vicariously liable for the acts of the Defendant Bounds and fictitious party defendants 1-22 at the time of the accident made the basis of this lawsuit.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against defendant SAIA, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate Plaintiff Leah DeRamus for the above described damages, together with interest from the date of the incident and the costs of the proceeding.

## COUNT VII
## OUTRAGE
### (Against All Defendants)

27. Plaintiff adopts and incorporates by reference all allegations of the preceding paragraphs herein.

28. Defendants, including Fictitious Party Defendants, acted outrageously and with the requisite disregard for the safety of Plaintiff Leah DeRamus by leaving her on the side of the road after causing the accident made the basis of this lawsuit.

29. Defendant SAIA, Defendant Bounds, and Fictitious Party Defendants 1-22, committed acts that were extreme and outrageous as defined by Alabama law.

30. Such conduct exhibited by all Defendants was the proximate cause of Plaintiff Leah DeRamus' injuries.

WHEREFORE, Plaintiff Leah DeRamus demands judgment against all defendants jointly and severally, including fictitious party defendants, in a sum of compensatory and/or punitive damages in excess of the jurisdictional limits of this Court, to be determined by a jury,

which will fairly and adequately compensate Plaintiff Wayne Benton for the above described

damages, together with interest from the date of the incident and the costs of the proceeding.


                                        /s/ Josh J. Wright
                                        JOSH J. WRIGHT, ESQ. (WRI045)
                                        Attorney for Plaintiff


**OF COUNSEL:**

**HOLLIS, WRIGHT & HARRINGTON, P.C.**
505 North 20th Street, Suite 1500
Birmingham, AL 35202
(205) 324-3600
(205) 324-3636 Facsimile


### JURY DEMAND

Plaintiff requests a trial by struck jury on all issues and counts allowable by law in this
case.


                                        /s/ Josh J. Wright
                                        OF COUNSEL

### REQUEST FOR CERTIFIED MAIL AND SERVICE OF DISCOVERY

The Plaintiff hereby requests that the clerk serve the Defendants by certified mail,
with the attached discovery, return receipt requested, at the following locations:

Adrian L. Bounds
20030 Appaloosa Ridge Drive
Humble, TX 77338

SAIA Motor Freight Line, LLC
C/O The Corporation Company
2000 Interstate Park Dr, Suite 204
Montgomery, AL 36109

MARVIN HARRIS
2701 Republic Blvd.
Birmingham, AL 35214

9

/s/ Josh J. Wright
OF COUNSEL

10

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>04-CV-2007-900132.00 |
|---|---|---|

### IN THE CIVIL COURT OF AUTAUGA, ALABAMA
### LEAH A DERAMUS v. SAIA MOTOR FREIGHT LINE, LLC ET AL

ADRIAN L. BOUNDS, 20030 APPALOOSA RIDGE DR., HUMBLE TX, 77338

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOSHUA WRIGHT

WHOSE ADDRESS IS SUITE 1550 505 NORTH 20TH STREET NORTH, BIRMINGHAM AL, 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

[x] Service by certified mail of this summons is initiated upon the written request of    LEAH A DERAMUS
    pursuant to the Alabama Rules of the Civil Procedure

| ~~12/4/2007 2:24:36 PM~~ 12-6-07 | /s/ WHIT MONCRIEF | |
|---|---|---|
| Date | Clerk/Register | By |

[x] Certified mail is hereby requested    /s JOSHUA WRIGHT
                                           Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

[ ] Return receipt of certified mail

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Adrian L. Bounds
20030 Appaloosa Ridge Dr.
Humble, TX 77338

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Linda Rucker_    [ ] Agent  [ ] Addressee

B. Received by (Printed Name)    C. Date of Delivery
Linda Rucker    12-21-07

D. Is delivery address different from item 1?  [ ] Yes
   If YES, enter delivery address below:   [ ] No

3. Service Type
[x] Certified Mail   [ ] Express Mail
[ ] Registered       [x] Return Receipt for Merchandise
[ ] Insured Mail     [ ] C.O.D.

4. Restricted Delivery? (Extra Fee)   [x] Yes

2. Article Number    7006 2150 0002 6511 0408
(Transfer from service label)

PS Form 3811, February 2004.    Domestic Return Receipt    102595-02-M-1540

04-CV-2007-900132.00 B002

**SERVICE RETURN COPY**

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS,            \*

       **Plaintiff,**            \*   **CASE NO. 2007-9001-32 00**

                                  \*

SAIA MOTOR FREIGHT LINE, LLC,

       **Defendant**

STATE OF LOUISIANA

PARISH OF _Terrebonne_

### AFFIDAVIT OF HAROLD LOUIS TABOR

      BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear Harold Louis Tabor, who upon oath did depose and say as follows:

      1.     My name is Harold Louis Tabor. I am the Casualty Claims Manager for SAIA Motor Freight Line, LLC ("SAIA"). I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit. I am competent to make this Affidavit and competent to testify in court if called upon to do so. I am authorized by SAIA to give this Affidavit. The facts contained herein are true and correct.

      2.     SAIA is a Louisiana limited liability corporation with its principal headquarters located in Georgia. I have been employed with SAIA for _7_ years. During my employment SAIA has always been a citizen of Louisiana, with its principal headquarters in Georgia. Please see Secretary of State filings attached hereto as Exhibit "A".

      3.     SAIA has never been a citizen of Alabama. However, it does maintain five (5) of its 150 terminals in Alabama.

      4.     Therefore, all properly named parties are citizens of different states, and this matter should be heard in federal court.

      Further the Affiant saith not.

                                            _Harold Louis Tabor_

                                          **HAROLD LOUIS TABOR**
                                          Casualty Claims Manager for SAIA Motor Freight Line, LLC.

EXHIBIT

"B"

STATE OF LOUISIANA

PARISH OF _Terrebonne_

Personally appeared before me, the undersigned authority, **HAROLD LOUIS TABOR**, who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED AND SWORN TO before me on this the _7th_ day of _January_, 2008

_Sandra M. Heringue 54463_
Notary Public _Sandra M. Leringue_
My Commission Expires _at death_

Prepared By:

_/s/ K. Amanda Herndon_
COOPER C. THURBER    (THU002)
K. AMANDA HERNDON    (HER048)
Attorneys for Defendant, SAIA Motor Freight Line, LLC

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
         KAH@LPClaw.com



## Louisiana Secretary of State
### COMMERCIAL DIVISION
#### Corporations Database

### *Louisiana Secretary of State*
### *Detailed Record*

Charter/Organization ID: 24611700K

Name: SAIA MOTOR FREIGHT LINE, LLC

Merger or Conversion Information: CONVERTED FROM A CORPORATION TO A LIMITED LIABILITY COMPANY ON JANUARY 1, 2007 WITH AN EFFECTIVE DATE OF JANUARY 1, 2007 AT 12:01 EST.

Prior Name: SAIA MOTOR FREIGHT LINE, INC. ( 1/01/2007)

Type Entity: Limited Liability Company

Status: Active

Annual Report Status: In Good Standing          **Add Certificate of Good Standing to Shopping Cart**

Last Report Filed on 05/29/2007

Mailing Address: P. O. BOX A, STATION 1, HOUMA, LA 70363

Domicile Address: C/O C T CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LA 70809

File Date: 06/10/1959

Registered Agent (Appointed 3/19/2001): C T CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LA 70809

Member or Manager: SAIA, INC., 11465 JOHNS CREEK PARK, SUITE 400, DUL\

Amendments on File
MERGER (03/26/2007)
MERGER (02/09/2007)
NAME CHANGE (01/01/2007)
CONVERSION (01/01/2007)
MERGER (04/08/2004)
DOMICILE, AGENT CHG OR RESIGN OF AGT (03/19/2001)
MERGER (02/28/2001)
MERGER (02/28/2001)
DOMICILE, AGENT CHG OR RESIGN OF AGT (08/03/1998)
MERGER (12/27/1994)
DOMICILE, AGENT CHG OR RESIGN OF AGT (10/08/1991)
DOMICILE, AGENT CHG OR RESIGN OF AGT (03/05/1990)



**EXHIBIT**
"A"

DOMICLE, AGENT CHG OR RESIGN OF AGT (05/19/1988)
DOMICLE, AGENT CHG OR RESIGN OF AGT (10/07/1986)
DOMICLE, AGENT CHG OR RESIGN OF AGT (02/19/1976)

New Search     View Cart



# Georgia Secretary of State
# Karen C. Handel

**Archives · Corporations · Elections · News Room · Professional Licensure · Securities · State Capitol**

Search
- By Business Name
- By Control No
- By Officer
- By Registered Agent
  Verify
- Verify Certification
  New Filing
- Click here to file online for:
- New Limited Liability Company (LLC)
- New Business Corporation
- New Non-Profit Corporation
- New Professional Corporation (PC)
  Annual Registration
- Annual Registration
  Name Reservation
- File Name Reservation Online
  Online Orders
- Register for Online Orders
- Order Certificate of Existence
- Order Certified Documents

**Date:** 1/4/2008

## View Filed Documents
(Annual Registration History etc.)

### File Annual Registration Online
### or
### Print A Paper Annual Registration Form

**PLEASE NOTE:** To download your Annual Registration forms you will need Adobe Reader to view and/or print.  If you do not have Adobe Reader installed on your computer, click the "Get Adobe Reader" button on the right to download the reader free of charge from the Adobe website.



## Business Name History

| Name | Name Type |
| --- | --- |
| SAIA MOTOR FREIGHT LINE, LLC | Current Name |

## Limited Liability Company - Foreign - Information
**Control No.:** 07030727
**Status:** Active/Owes Current Year AR
**Entity Creation Date:** 4/10/2007
**Jurisdiction:** LA
**Principal Office Address:** 11465 Johns Creek Parkway Ste 400
Duluth GA 30097
**Last Annual Registration Filed Date:**
**Last Annual Registration Filed:**

## Registered Agent
**Agent Name:** C T CORPORATION SYSTEM
**Office Address:** 1201 PEACHTREE STREET, N.E.
ATLANTA GA 30361
**Agent County:** Fulton

Control No. **07030727**

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

# CERTIFICATE
# OF
# AUTHORITY

I, **Karen C Handel**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## SAIA MOTOR FREIGHT LINE, LLC
### a Foreign Limited Liability Company

has been duly formed under the laws of Louisiana and has filed an application meeting the requirements of Georgia law to transact business as a foreign Limited Liability Company in this state.

WHEREFORE, by the authority vested in me as Secretary of State, the above Limited Liability Company is hereby granted, on **04/10/2007**, a certificate of authority to transact business in the State of Georgia as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal of the City of Atlanta and the State of Georgia on April 10, 2007

Karen C Handel
Secretary of State

Control No. 07030727
Date Filed: 04/10/2007 12:00 AM
Karen C Handel
Secretary of State



**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
315 West Tower, #2 Martin Luther King, Jr. Drive
Atlanta, Georgia 30334-1530
(404) 656-2817
Registered agent, officer, entity status information via the Internet
http://www.georgiacorporations.org

KAREN HANDEL
Secretary of State

**APPLICATION FOR CERTIFICATE OF AUTHORITY**
**FOR FOREIGN LIMITED LIABILITY COMPANY**

CORPORATIONS DIVISION    2007 APR 10 P    SECRETARY OF STATE

---

**IMPORTANT**
**Remember to include your e-mail address when completing this transmittal form.**

Providing your e-mail address allows us to notify you via e-mail when we receive your filing and when we take action on your filing.   Please enter your e-mail address on the line below. Thank you.

E-Mail: _____

---

**NOTICE TO APPLICANT:  PRINT PLAINLY OR TYPE REMAINDER OF THIS FORM**

| | |
|---|---|
| 1. | **SAIA Motor Freight Line, LLC** |
| | Limited Liability Company Name           Name Reservation Number (Optional) |
| | **Upon Qualification** |
| | Date Business Commenced (Or Proposed) in Georgia   (NOTE:  If the date provided here is more than 30 days prior to the date the application is received by the Secretary of State, a $500 penalty must be paid; penalty is statutory and cannot be waived by Secretary of State.) |

| 2. | | | | 800-345-4647 |
|---|---|---|---|---|
| | Name of filing person (certificate will be mailed to this person, at address below) | | | Telephone Number |
| | 800 Brazos, Suite 1100 | Austin | Texas | 78701 |
| | Address | City | State | Zip Code |

| 3. | Louisiana | 06/10/1959 | | |
|---|---|---|---|---|
| | Jurisdiction (Home state/country) | Date of Organization in home state | | |

| 4. | 11465 Johns Creek Parkway, Suite 400 | Duluth | GA | 30097 |
|---|---|---|---|---|
| | Address of Principal Place of Business | City | State | Zip Code |

| 5. | C T Corporation System | | | |
|---|---|---|---|---|
| | Name of Registered Agent in Georgia | | | |
| | 1201 Peachtree Street, N.W. | | | |
| | Registered Office Street Address in Georgia (Post office box or mail drop not acceptable for registered office address) | | | |
| | Atlanta | Fulton County | GA | 30361 |
| | City | County | State | Zip Code |

| 6. | James A. Darby | 11465 Johns Creek Parkway, Ste 400 Duluth | GA | 30097 |
|---|---|---|---|---|
| | Manager's Name & Address (Person w/responsibility for maintaining records) | City | State | Zip Code |

| 7. | 11465 Johns Creek Parkway, Suite 400 | Duluth | GA | 30097 |
|---|---|---|---|---|
| | Address Where Limited Liability Company Records Are Maintained | City | State | Zip Code |

| 8. | NOTICE: Mail or deliver an original and one copy of this form and the filing fee of $225.00 to the Secretary of State at the above address. Filing fees are NON-refundable. |
|---|---|
| | This application is signed by a person duly authorized to sign such instruments by the laws of the jurisdiction under which the foreign limited liability company is organized. The foreign limited liability company undertakes to keep its records at the address shown in #7 above until its registration in Georgia is canceled or withdrawn. The foreign limited liability company, in accordance with Title 14 of the Official Code of Georgia Annotated, appoints the Secretary of State as agent for service of process if no agent has been appointed in Georgia or, if appointed, the agent's authority has been revoked or the agent cannot be found or served by the exercise of reasonable diligence. |

| James A. Darby | 3/30/07 |
|---|---|
| Authorized Signature | Date |

Request certificates and obtain entity information via the Internet http://www.georgiacorporations.org
State of Georgia
Expedite Creation - Foreign Entity 1 Page(s)

FORM 241



T0710009514

# IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS,                               *

        Plaintiff,                          *       CASE NO. 2007-9001-32 00

                                  *

SAIA MOTOR FREIGHT LINE, LLC,

        Defendant

STATE OF GEORGIA

COUNTY OF _Futon_

## AFFIDAVIT OF THOMAS HASSARD

BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear Thomas Hassard, who upon oath did depose and say as follows:

1.    My name is Thomas Hassard a/k/a Tim Hassard. I am the Atlanta Regional Operations Manager for SAIA Motor Freight Line, LLC ("SAIA"). SAIA's Birmingham Terminal Manager and Montgomery Terminal Manager, Marvin Harris ("Harris"), report to me. I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit. I am competent to make this Affidavit and competent to testify in court if called upon to do so. I am authorized by SAIA to give this Affidavit. The facts contained herein are true and correct.

2.    Adrian L. Bounds ("Bounds"), in December of 2005 was a line haul driver based out of the Houston, Texas Region. Therefore, Harris nor I had any management responsibility for Bounds. The parties with management responsibility for Bounds would have been his originating terminal manager and line-haul manager out of the Houston terminal.

3.    Since Harris had no control over Bounds, it is fraudulent for Harris to be named defendant in the case.

4.    SAIA is a Louisiana limited liability corporation with its principal headquarters located at 11465 Johns Creek Park, Johns Creek, Georgia. I have been employed with SAIA for ___8___ years. During my employment with SAIA, it has always been a citizen of Louisiana, with its principal headquarters in Georgia. Please see Secretary of State filings attached hereto as Exhibit "A".

5.    During my employment with SAIA I have attended meetings with other Regional Managers at our headquarters in Georgia. The Atlanta headquarters is the



EXHIBIT
"C"

location where our CEO, Rick O'Dell, our CFO, Jim Darby, and VP of Operations, Tony Albanese, all reside and work.

6.    SAIA has never been a citizen of Alabama. However, it does maintain five (5) of its 150 terminals in Alabama.

7.    All properly named parties are citizens of different states. Therefore, this matter should be heard in federal court.

Further the Affiant saith not.

*Thomas Hassard    Tim Hassard*

**THOMAS    HASSARD    a/k/a    TIM HASSARD**
Atlanta Regional Operations Manager for SAIA Motor Freight Line, LLC.


STATE OF GEORGIA

COUNTY OF *Fulton*

Personally appeared before me, the undersigned authority, **THOMAS HASSARD a/k/a TIM HASSARD**, who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED AND SWORN TO before me on this the _8_ day of _JANUARY_, 2008

*Carol Gallagher*

Notary Public
My Commission Expires

Notary Public, Fulton County, Georgia
My Commission Expires Nov. 12, 2011

Prepared By:

*/s/ K. Amanda Herndon*
COOPER C. THURBER        (THU002)
K. AMANDA HERNDON    (HER048)
Attorneys for Defendant, SAIA Motor Freight Line, LLC

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
          KAH@LPClaw.com



# Louisiana Secretary of State
# COMMERCIAL DIVISION
## Corporations Database



### Louisiana Secretary of State
### Detailed Record

Charter/Organization ID: 24611700K

Name: SAIA MOTOR FREIGHT LINE, LLC

Merger or Conversion Information: CONVERTED FROM A CORPORATION TO A LIMITED LIABILITY COMPANY ON JANUARY 1, 2007 WITH AN EFFECTIVE DATE OF JANUARY 1, 2007 AT 12:01 EST.

Prior Name: SAIA MOTOR FREIGHT LINE, INC. ( 1/01/2007)

Type Entity: Limited Liability Company

Status: Active

Annual Report Status: In Good Standing    **Add Certificate of Good Standing to Shopping Cart**

Last Report Filed on 05/29/2007

Mailing Address: P. O. BOX A, STATION 1, HOUMA, LA 70363

Domicile Address: C/O C T CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LA 70809

File Date: 06/10/1959

Registered Agent (Appointed 3/19/2001): C T CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LA 70809

Member or Manager: SAIA, INC., 11465 JOHNS CREEK PARK, SUITE 400, DULL

Amendments on File
MERGER (03/26/2007)
MERGER (02/09/2007)
NAME CHANGE (01/01/2007)
CONVERSION (01/01/2007)
MERGER (04/08/2004)
DOMICLE, AGENT CHG OR RESIGN OF AGT (03/19/2001)
MERGER (02/28/2001)
MERGER (02/28/2001)
DOMICLE, AGENT CHG OR RESIGN OF AGT (08/03/1998)
MERGER (12/27/1994)
DOMICLE, AGENT CHG OR RESIGN OF AGT (10/08/1991)
DOMICLE, AGENT CHG OR RESIGN OF AGT (03/05/1990)



EXHIBIT

"A"

DOMICLE, AGENT CHG OR RESIGN OF AGT (05/19/1988)
DOMICLE, AGENT CHG OR RESIGN OF AGT (10/07/1986)
DOMICLE, AGENT CHG OR RESIGN OF AGT (02/19/1976)

[ New Search ]    [ View Cart ]



# Georgia Secretary of State
# Karen C. Handel

**Archives · Corporations · Elections · News Room · Professional Licensure · Securities · State Capit**

---

**Search**
- ▶ By Business Name
- ▶ By Control No
- ▶ By Officer
- ▶ By Registered Agent

Verify
- ▶ Verify Certification

New Filing
- ▶ Click here to file online for:
- ▶ New Limited Liability Company (LLC)
- ▶ New Business Corporation
- ▶ New Non-Profit Corporation
- ▶ New Professional Corporation (PC)

Annual Registration
- ▶ Annual Registration

Name Reservation
- ▶ File Name Reservation Online

Online Orders
- ▶ Register for Online Orders
- ▶ Order Certificate of Existence
- ▶ Order Certified Documents

## View Filed Documents
(Annual Registration History etc.)

**Date:** 1/4/2008

---

### File Annual Registration Online
### or
### Print A Paper Annual Registration Form

**PLEASE NOTE:** To download your Annual Registration forms you will need Adobe Reader to view and/or print. If you do not have Adobe Reader installed on your computer, click the "Get Adobe Reader" button on the right to download the reader free of charge from the Adobe website.



---

## Business Name History

| Name | Name Type |
|---|---|
| SAIA MOTOR FREIGHT LINE, LLC | Current Name |

---

### Limited Liability Company - Foreign - Information

| | |
|---|---|
| **Control No.:** | 07030727 |
| **Status:** | Active/Owes Current Year AR |
| **Entity Creation Date:** | 4/10/2007 |
| **Jurisdiction:** | LA |
| **Principal Office Address:** | 11465 Johns Creek Parkway Ste 400 Duluth GA 30097 |
| **Last Annual Registration Filed Date:** | |
| **Last Annual Registration Filed:** | |

---

### Registered Agent

| | |
|---|---|
| **Agent Name:** | C T CORPORATION SYSTEM |
| **Office Address:** | 1201 PEACHTREE STREET, N.E. ATLANTA GA 30361 |
| **Agent County:** | Fulton |

Control No. **07030727**

# STATE OF GEORGIA

## Secretary of State
### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia  30334-1530

# CERTIFICATE
# OF
# AUTHORITY

I, **Karen C Handel**, the Secretary of State and the Corporations Commissioner of the State of Georgia, hereby certify under the seal of my office that

## SAIA MOTOR FREIGHT LINE, LLC
### a Foreign Limited Liability Company

has been duly formed under the laws of Louisiana and has filed an application meeting the requirements of Georgia law to transact business as a foreign Limited Liability Company in this state.

WHEREFORE, by the authority vested in me as Secretary of State, the above Limited Liability Company is hereby granted, on **04/10/2007**, a certificate of authority to transact business in the State of Georgia as provided by Title 14 of the Official Code of Georgia Annotated. Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal of the City of Atlanta and the State of Georgia on April 10, 2007

Karen C Handel
Secretary of State

497030727
Date Filed: 04/10/2007 12:00 AM
Karen C Handel
Secretary of State



**KAREN HANDEL**
Secretary of State

**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
315 West Tower, #2 Martin Luther King, Jr. Drive
Atlanta, Georgia 30334-1530
(404) 656-2817
Registered agent, officer, entity status information via the Internet
http://www.georgiacorporations.org

**APPLICATION FOR CERTIFICATE OF AUTHORITY**
**FOR FOREIGN LIMITED LIABILITY COMPANY**

2007 APR 10 PM ... CORPORATIONS DIVISION SECRETARY OF STATE

---

**IMPORTANT**
**Remember to include your e-mail address when completing this transmittal form.**

Providing your e-mail address allows us to notify you via e-mail when we receive your filing and when we take action on your filing. Please enter your e-mail address on the line below. Thank you.

E-Mail: _____

---

**NOTICE TO APPLICANT:  PRINT PLAINLY OR TYPE REMAINDER OF THIS FORM**

| | |
|---|---|
| 1. | **SAIA Motor Freight Line, LLC** |
| | Limited Liability Company Name · · · · · · · · · · · · · Name Reservation Number (Optional) |
| | **Upon Qualification** |
| | Date Business Commenced (Or Proposed) in Georgia   (NOTE:  If the date provided here is more than 30 days prior to the date the application is received by the Secretary of State, a $500 penalty must be paid; penalty is statutory and cannot be waived by Secretary of State.) |

| 2. | | **800-345-4647** |
|---|---|---|
| | Name of filing person (certificate will be mailed to this person, at address below) | Telephone Number |

| **800 Brazos, Suite 1100** | **Austin** | **Texas** | **78701** |
|---|---|---|---|
| Address | City | State | Zip Code |

| 3. | **Louisiana** | **06/10/1959** |
|---|---|---|
| | Jurisdiction (Home state/country) | Date of Organization in home state |

| 4. | **11465 Johns Creek Parkway, Suite 400** | **Duluth** | **GA** | **30097** |
|---|---|---|---|---|
| | Address of Principal Place of Business | City | State | Zip Code |

| 5. | **C T Corporation System** |
|---|---|
| | Name of Registered Agent in Georgia |
| | **1201 Peachtree Street, N.W.** |
| | Registered Office Street Address in Georgia (Post office box or mail drop not acceptable for registered office address) |

| **Atlanta** | **Fulton County** | **GA** | **30361** |
|---|---|---|---|
| City | County | State | Zip Code |

| 6. | **James A. Darby** | **11465 Johns Creek Parkway, Ste 400** **Duluth** | **GA** | **30097** |
|---|---|---|---|---|
| | Manager's Name & Address (Person w/responsibility for maintaining records) | City | State | Zip Code |

| 7. | **11465 Johns Creek Parkway, Suite 400** | **Duluth** | **GA** | **30097** |
|---|---|---|---|---|
| | Address Where Limited Liability Company Records Are Maintained | City | State | Zip Code |

8. **NOTICE: Mail or deliver an original and one copy of this form and the filing fee of $225.00 to the Secretary of State at the above address. Filing fees are NON-refundable.**

This application is signed by a person duly authorized to sign such instruments by the laws of the jurisdiction under which the foreign limited liability company is organized. The foreign limited liability company undertakes to keep its records at the address shown in #7 above until its registration in Georgia is canceled or withdrawn. The foreign limited liability company, in accordance with Title 14 of the Official Code of Georgia Annotated, appoints the Secretary of State as agent for service of process if no agent has been appointed in Georgia or, if appointed, the agent's authority has been revoked or the agent cannot be found or served by the exercise of reasonable diligence.

| *James A. Darby* | **3/30/07** |
|---|---|
| Authorized Signature | Date |

Request certificates and obtain entity information via the Internet: http://www.georgiacorporations.org

State of Georgia
Expedite Creation - Foreign Entity 1 Page(s)

FORM 241


T0710009514

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

LEAH A. DERAMUS,                                    *

      Plaintiff,                                    *       CASE NO. 2007-9001-32 00

                                   *

SAIA MOTOR FREIGHT LINE, LLC, et al.

      Defendant

STATE OF GEORGIA

COUNTY OF Futon

### AFFIDAVIT OF THOMAS HASSARD

    BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear Thomas Hassard, who upon oath did depose and say as follows:

    1.    My name is Thomas Hassard a/k/a Tim Hassard. I am the Atlanta Regional Operations Manager for SAIA Motor Freight Line, LLC ("SAIA"). SAIA's Birmingham Terminal Manager and Montgomery Terminal Manager, Marvin Harris ("Harris"), report to me. I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit. I am competent to make this Affidavit and competent to testify in court if called upon to do so. I am authorized by SAIA to give this Affidavit. The facts contained herein are true and correct.

    2.    Adrian L. Bounds ("Bounds"), in December of 2005 was a line haul driver based out of the Houston, Texas Region. Therefore, Harris nor I had any management responsibility for Bounds. The parties with management responsibility for Bounds would have been his originating terminal manager and line-haul manager out of the Houston terminal.

    3.    Since Harris had no control over Bounds, it is fraudulent for Harris to be named defendant in the case.

    4.    SAIA is a Louisiana limited liability corporation with its principal headquarters located at 11465 Johns Creek Park, Johns Creek, Georgia. I have been employed with SAIA for ___ years. During my employment with SAIA, it has always been a citizen of Louisiana, with its principal headquarters in Georgia. Please see Secretary of State filings attached hereto as Exhibit "A".

    5.    During my employment with SAIA I have attended meetings with other Regional Managers at our headquarters in Georgia. The Atlanta headquarters is the

location where our CEO, Rick O'Dell, our CFO, Jim Darby, and VP of Operations, Tony Albanese, all reside and work.

6. SAIA has never been a citizen of Alabama. However, it does maintain five (5) of its 150 terminals in Alabama.

7. All properly named parties are citizens of different states. Therefore, this matter should be heard in federal court.

Further the Affiant saith not.

_Thomas Hassard_ _Tim Hassard_
**THOMAS HASSARD a/k/a TIM HASSARD**
Atlanta Regional Operations Manager for SAIA Motor Freight Line, LLC.

STATE OF GEORGIA

COUNTY OF _Fulton_

Personally appeared before me, the undersigned authority, **THOMAS HASSARD a/k/a TIM HASSARD**, who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED AND SWORN TO before me on this the _8_ day of _JANUARY_, 2008

_Carol Stahafer_
Notary Public
My Commission Expires

Notary Public, Fulton County, Georgia
My Commission Expires Nov. 12, 2011

Affidavit_of_Thomas_Hassard_(00494114)[1]/dln 2

# EXHIBIT C

# THE AFFIDAVIT ATTACHED HERETO AS EXHIBIT "C" IS UNSIGNED.  THE NOTARIZED AFFIDAVIT WILL BE QUICKLY SUPPLEMENTED.

## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **LEAH A. DERAMUS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | |
| | * | **CASE NO. 2:08-cv-23-MEF** |
| **SAIA MOTOR FREIGHT LINE, LLC,** | * | |
| **ADRIAN L. BOUNDS, and MARIN** | * | |
| **HARRIS,** | * | |
| | * | |
| **Defendants.** | * | |

**STATE OF ALABAMA**

**COUNTY OF _____**

### AFFIDAVIT OF MARVIN HARRIS

BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear **MARVIN HARRIS,** who upon oath did depose and say as follows:

1.      My name is Marvin Harris.  I am the Birmingham Terminal Manager for SAIA Motor Freight Line, LLC ("SAIA").  I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit.  I am competent to make this Affidavit and to testify in court if called upon to do so.  Furthermore, I am authorized by SAIA to give this Affidavit.  The facts contained herein are true and correct.

2.      My State of residence is Alabama.  However, I have never had any management responsibility for Defendant Adrian L. Bounds ("Bounds") because he is a line-haul driver for SAIA who is based out of the Houston, Texas Region.  The parties with management responsibility for Bounds would have been his originating terminal manager and line-haul manager out of the Houston Terminal.

3.    Regardless, the Federal Motor Carrier Safety Regulations' maximum allotted driving time for property-carrying vehicles is "(1) no more than 11 cumulative hours following 10 consecutive hours off duty; or (2) for any period after the end of the 14th hour after coming on duty following 10 consecutive hours off duty…".

4.    Bounds was a part of a team of drivers on the day in question. The trip from Houston, Texas to the Birmingham SAIA Terminal is estimated to take approximately 10 hours, 35 five minutes. The estimated distance for this trip is 660 miles. Even if Bounds had been the only driver of the SAIA truck traveling the Houston to Birmingham route on December 3, 2005, Bounds would not have been in violation of any Federal Motor Carriers Safety Regulations as to the allotted maximum driving time.

5.    Therefore, there would have been no violation for me to have reported in the event that I had any management responsibility for Bounds or the other team driver.

6.    I was never aware of any motor vehicle accident occurring on December 3, 2005, nor was any employee of SAIA, until SAIA was contacted in 2006 by Plaintiff's counsel. Therefore, I could not have reported the alleged accident to any "authorities or followed post-accident procedures required under generally accepted standards, federal regulations or state laws".

7.    Bounds and the other team driver did not travel on I-65 on December 3, 2005. These drivers drove Interstate-10 to Interstate-12, and then took Interstate-59 northbound to Interstate-20 in Meridian, Mississippi. Then, they took Exit 120 off of Interstate-20 in order to get to the Birmingham terminal. This is another reason why Plaintiff's claims against me completely failed due to impossibility.

8.    None of the Plaintiff's allegations against me are valid claims that a Court could find me liable.  Therefore, all properly  named parties to the lawsuit are citizens of different states, and this matter should be heard in Federal Court.

Further the Affiant saith not.

_____
**MARVIN HARRIS**
Birmingham  Terminal  Manager  for  SAIA
Motor Freight Line, LLC.

STATE OF ALABAMA

COUNTY OF _____

Personally appeared before me, the undersigned authority, **MARVIN HARRIS** who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED  AND  SWORN  TO  before  me  on  this  the  _____  day  of _____, 2008

_____
Notary Public
My Commission Expires

Prepared By:

*/s/ K. Amanda Herndon*_____
K. AMANDA HERNDON    (HER048)
Attorney for Defendant, SAIA Motor Freight Line, LLC

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: KAH@LPClaw.com

# EXHIBIT D

Rand McNally - Get Directions                                           Page 1 of 2



**Back**

## ROUTE SUMMARY

    **1.** 9051 Railwood Dr, Houston, ~~TX 77078-4517~~

    **2.** 2701 Republic Blvd, ~~Birmingham, AL 35214-5974~~

| **STEPS:** 17 | **EST. DRIVE TIME:** | 10 hours, 35 minutes | **EST. DISTANCE:** | 660 miles |
|---|---|---|---|---|

### OVERVIEW



............................................................................................

**From : 9051 Railwood Dr**        **To : 2701 Republic Blvd**
    **Houston , TX 77078-4517**        **Birmingham , AL 35214-5974**

| | | |
|---|---|---:|
| **1.** You are at 9051 Railwood Dr, Houston, TX 77078-4517 | | |
| **2.** Go West on Railwood Dr | | 0.4 miles |
| **3.** Turn left onto Mesa Dr (Mesa Rd, FM-527 S) | | 1.2 miles |
| **4.** Turn right onto US-90 (ALT US-90, N McCarty Dr, N McCarty St) | | 0.2 miles |
| **5.** Continue onto US-90 (ALT US-90, N McCarty St) | | 0.9 miles |
| **6.** Turn left onto N Loop Frwy E Frontage Rd | | 0.2 miles |
| **7.** Continue onto I-610 S (US-90 W) | | 1.0 miles |

Rand McNally - Get Directions

| | |
|---|---|
| **8.** Take Exit 26A (I-10 E, I-10 W, Beaumont, Downtown) on right | 264.7 miles |
| **9.** Take Exit 159 (I-12 E, Hammond) on left | 85.6 miles |
| **10.** Take Exit 85B (I-59 N, Hattiesburg) on right | 289.1 miles |
| **11.** Continue onto I-20 E (I-59 N, US-11 N, AL-5 N, AL-7 N) | 14.9 miles |
| **12.** Take Exit 120 (AL-269, Ensley Av, 20th St) on right | 0.2 miles |
| **13.** Continue onto I-20 E Frontage Rd (I-59 N Frontage Rd) | 0.3 miles |
| **14.** Bear right onto 21st Street Ensley | 0.2 miles |
| **15.** Bear left onto Avenue V; street becomes Avenue W | 1.1 miles |
| **16.** Turn right onto Republic Blvd | 0.4 miles |
| **17.** You are at 2701 Republic Blvd, Birmingham, AL 35214-5974 | |

**EST. DRIVE TIME:** 10 hours, 35 minutes          **EST. DISTANCE:**    660 miles



Please note that these driving directions are suggested. No warranty is given as to their content or route usability. Rand McNally and its suppliers assume no responsibility for any loss or delay resulting from such use.

Please let us know of any errors or omissions you find in our driving directions and maps, especially the names of towns and streets that we may have been unable to locate for you.

All rights reserved. Use subject to license.

© 2008 Rand McNally

☹ **Sorry!** When printing directly from the browser your map may be incorrectly cropped. To print the entire map, try clicking the **"Printer-Friendly"** link at the top of your results page.



An AOL Company

**START** **9051 Railwood Dr**
Houston, TX 77078-4517, US

**END** **2701 Republic Blvd**
Birmingham, AL 35214-5974, US

**Total Est. Time:**
9 hours, 58 minutes

**Total Est. Distance:**
661.84 miles

## Maneuvers | Distance

| | | |
|---|---|---|
| **START** | **1:** Start out going WEST on RAILWOOD DR toward ROUNDHOUSE LN. | 0.4 miles |
| ← | **2:** Turn LEFT onto MESA DR / MESA RD / FM 527 S. | 1.1 miles |
| → | **3:** Turn RIGHT onto N MCCARTY ST / US-90 / US-90 ALT. | 1.1 miles |
| ← | **4:** Turn LEFT onto N LOOP FWY E. | <0.1 miles |
| SOUTH 610 | **5:** Merge onto I-610 S / US-90 W. | 1.0 miles |
| EAST 10 | **6:** Merge onto I-10 E via EXIT 26A toward BEAUMONT (Crossing into LOUISIANA). | 265.2 miles |
| EAST 12 | **7:** Merge onto I-12 E via EXIT 159 on the LEFT toward HAMMOND. | 85.7 miles |
| NORTH 59 | **8:** Merge onto I-59 N via EXIT 85B toward HATTIESBURG (Passing through MISSISSIPPI- then crossing into ALABAMA). | 304.6 miles |
| 120 EXIT | **9:** Take the ENSLEY AVE exit- EXIT 120- toward 20TH ST / AL-269. | 0.2 miles |
| → | **10:** Turn RIGHT onto ENSLEY 5 POINTS W AVE. | <0.1 miles |
| ← | **11:** Turn LEFT onto PIKE RD. | 0.4 miles |
| ↑ | **12:** Stay STRAIGHT to go onto AVENUE V. | 0.6 miles |
| ↑ | **13:** AVENUE V becomes AVENUE W. | 0.4 miles |
| → | **14:** Turn RIGHT onto REPUBLIC BLVD. | 0.3 miles |
| **END** | **15:** End at **2701 Republic Blvd** Birmingham, AL 35214-5974, US | |

**Total Est. Time:** 9 hours, 58 minutes     **Total Est. Distance:** 661.84 miles



**Sorry!** When printing directly from the browser your map may be incorrectly cropped. To print the entire map, try clicking the **"Printer-Friendly"** link at the top of your results page.

© 2007 MapQuest Inc.

Map Data © 2007

All rights reserved. Use Subject to License/Copyright

These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.