## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

LEAH A. DERAMUS,                          *
                                          *
      Plaintiff,                        *
                                          *
vs.                                       *
                                          *    **CASE NO. 2:08-cv-23-MEF**
SAIA MOTOR FREIGHT LINE, LLC,             *
ADRIAN L. BOUNDS, and MARIN               *
HARRIS, et. al                                 *
                                          *
      Defendants.                       *


## DEFENDANTS' BRIEF IN RESPONSE AND
## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COMES NOW, Defendants, SAIA MOTOR FREIGHT LINE, L.L.C.; ADRIAN L.

BOUNDS; and MARVIN HARRIS (collectively, "Defendants"), and in opposition and response

to Plaintiff's Motion to Remand files the following:

### INTRODUCTION

This is a case where Plaintiff, Leah Deramus ("Plaintiff"), claims damages as a result of a

motor vehicle accident that she claims took place on December 3, 2005, while she was traveling

northbound on Interstate-65 ("I-65"). Defendants filed a timely and appropriate Notice of Removal

of this action based on diversity jurisdiction existing between the parties. However, the Plaintiff has

filed a Motion to Remand contending that Marvin Harris ("Harris") is a properly named Defendant

to this lawsuit. Harris was not the terminal manager of SAIA Motor Freight Line, L.L.C.'s ("SAIA")

Birmingham terminal at the time of the alleged accident as is alleged in Plaintiff's Complaint.

Furthermore, in the event that Harris was the Birmingham terminal manager at the time of Plaintiff's

accident, which he clearly was not, he did not have managerial responsibility over Bounds. Defendants contend that the proof presented in SAIA and Bounds's Notice of Removal shows that Harris did not have managerial responsibility over Adrian L. Bounds ("Bounds"), or the actual driver of the SAIA truck, on the day in question. Furthermore, the Notice of Removal and the additional information presented in Defendants' Response and Opposition to Plaintiff's Motion to Remand show that the person that is being accused of causing the alleged accident was not on I-65 at anytime on December 3, 2005, making the Plaintiff's claims against Harris (and all other named Defendants) impossible. It is obvious that Plaintiff is attempting to abuse the removal statute by asking the Court to remand this matter by arguing that Harris "[completely destroys] diversity in this case," and is a properly named Defendant in this matter. (Motion to Remand at 1). Most obvious, is that Plaintiff is trying to have this matter remanded to a state court when it is an action that must be tried by a federal court due to diversity jurisdiction being present amongst all properly named parties.

## FACTS

On or about December 1, 2007, Plaintiff Leah A. Deramus commenced an action by filing a Complaint in the Circuit Court of Autauga County, Alabama entitled "<u>Leah A. Deramus v. SAIA Motor Freight Lines, LLC</u>, et al., Civil Action No. 04-CV-2007-9001-32.00." (Complaint). Plaintiff alleges in her Complaint that she incurred damages on December 3, 2005, as a result of individual Defendant Bounds "negligently and/or wantonly caus[ing] his tractor and trailer to run Plaintiff off the road" and Plaintiff's vehicle to flip. (Id.) Plaintiff also alleges that she was traveling northbound on I-65 at or around mile marker 74 in Escambia County, Alabama at the time of the accident. (Id.)

Bounds was employed by SAIA as a line-haul driver at the time of Plaintiff's alleged accident. (See, Affidavit of Bounds, Exhibit "1"; Affidavit of Chad Richard, Exhibit "2"; Affidavit

2

of Marvin Harris, Exhibit "3"; and Log Book Excerpts of Bounds, Exhibit "4"). Plaintiff alleges that Bounds was acting in the line and scope of his employment at the time of the accident. (Complaint). Plaintiff's Complaint states Bounds "was attempting to make a two day trip in one day from Houston to Birmingham." (Id.). Therefore, it is Plaintiff's belief and allegation that Harris was negligent and/or wanton by not preventing such action "as the terminal manager/director of the driving destination of Bounds". (Id.). Thereby, Plaintiff further alleges that Harris violated Federal Department of Transportation hours of operation and "did not notify authorities or follow past accident procedures required under generally accepted standards, federal regulations or state laws." (Id.). The Plaintiff's Complaint alleges causes of action for negligent/wanton conduct and outrage, and seeks compensatory and punitive damages. (Id.).

On January 9, 2008, SAIA and Bounds filed a Notice of Removal pursuant to 28 U.S.C. § 1441 which allows any civil action filed in State Court which the District Court of the United States would have original jurisdiction to be removed. (Notice of Removal). Harris has since filed his Consent to the Removal of this action. (Consent to Removal). Defendants's contention in said Notice of Removal that the District Court has original jurisdiction over this matter is based on there being complete diversity of citizenship between the parties in this lawsuit, and the amount in controversy in this action exceeding the sum or value of $75,000.00, exclusive of interest and costs. (Id.). As stated in Defendants's Notice of Removal and affirmed in this response, diversity of citizenship exists between the properly named parties to this lawsuit, since Plaintiff is a citizen of Alabama ; SAIA is a Louisiana limited liability company with its principal place of business located in Georgia; Bounds is a citizen of Texas. (Complaint; Notice of Removal). It is established that Harris is a resident of Alabama, however, he is not a properly named party to this lawsuit.

3

(Complaint; Notice of Removal; Exhibit 3). The removal of this action to District Court is further required since the amount in controversy in this matter exceeds $75,000 due to the alleged serious actual damage and punitive damage claim of Plaintiff. (Complaint).

On February 24, 2008, Plaintiff filed a Motion to Remand this matter to the Circuit Court of Autauga County, Alabama based on her allegation that "complete diversity does not exist in the present case" based on Plaintiff's contention that the claims brought by her against Harris are "viable claims". (Motion to Remand). In support of her allegations, the Plaintiff has presented an Affidavit from Roger Allen("Allen"), an expert witness and former line-haul driver for SAIA, which states his basis for asserting Harris is a properly named Defendant on his opinion that there are

> ...certain obligations the terminal manager in Birmingham [Harris] would have regarding the incident made the basis of the lawsuit. Those would include notifying central dispatch for SAIA, creating an accident report and incident report with SAIA, handling a drug and alcohol test for the driver, [Bounds], and notifying EMS and authorities to insure and maintain that [Plaintiff] was [properly cared] for.

(Motion to Remand, Exhibit "A"). Plaintiff's assertion is further based on her presumption that Bounds was (1) driving alone on the day of the accident, and (2) traveling on I-65 in route from Houston, TX to Birmingham, AL. (Complaint and Motion to Remand).

At the time of Plaintiff's alleged accident, Harris was not the terminal manager/director of the SAIA Birmingham terminal. (Exhibit 3). Harris acting as the Birmingham terminal manager at the time of Plaintiff's alleged accident is the entire basis of Plaintiff's claims against Harris. (Complaint and Motion to Remand). If Harris was not the terminal manager in Birmingham at the

4

time of the alleged incident, he could not have known about Plaintiff's alleged accident for purposes of reporting it or performing any of the duties that Plaintiff's expert stated in his Affidavit should have been performed by Harris as the terminal manager. (Exhibit 3). Even if Harris had been the Birmingham terminal manager on the day in question, at no time during Bounds's driving the route for SAIA from Houston, TX to Birmingham, AL from August, 2005 to June, 2007, did he and his driving partner, Chad Richard ("Richard"), ever travel on I-65 through Alabama. (Exhibits 1, 2, 3, and 4). Instead, the SAIA approved route, and the route actually taken, was Interstate-59 ("I-59") through Mississippi to Interstate-20 ("I-20"). (Id.).

Plaintiff looks to this Court to remand this action to Circuit Court based solely on the Affidavit of Allen stating that **if Harris was the terminal manager in Birmingham at the time of the wreck and knew about said wreck, then he would have had certain obligations related to the accident**. (Motion to Remand, Exhibit "A"). Furthermore, the Affidavit of Allen admits that compliance by Harris of the obligations Plaintiff claims Harris failed to perform would only be necessary if Harris had knowledge of the accident. (Id.).

## LEGAL ARGUMENT

Plaintiff's Brief in Support of its Motion to Remand states that "If federal jurisdiction is even 'doubtful,' a case must be remanded back to the state court from which it was removed." (Motion to Remand at 7). While this may be true of the federal court's stance on the issue of remand, it is not applicable to the case at hand since there are no "doubts" about the citizenship of the parties in this case. Instead, this is a case where original jurisdiction is clearly in District Court pursuant to 28 U.S.C. § 1332, because diversity of jurisdiction exists and the amount in controversy exceeds $75,000.

The Plaintiff admits in her Motion to Remand that if complete diversity of jurisdiction exists between all properly named parties, then federal court has "original subject-matter jurisdiction" over the case at hand. (Id. at 5). The Plaintiff further admits in her Motion to Remand that complete diversity exists when 'there is no plaintiff and no defendant who are citizens of the same state.' (Id.). In this case, the only named Defendant that is a citizen of the same state as the Plaintiff is Harris. (Complaint and Exhibit 3). However, Harris is fraudulently named as a party to this lawsuit, which creates complete diversity jurisdiction because SAIA and Bounds are not citizens of Alabama. (Complaint and Notice of Removal).

Defendants agree with Plaintiff that

> [t]he test for determining whether or not a defendant has been fraudulently joined is twofold: (1)look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendnat; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to brig the resident defendant into state court.

(Motion to Remand at 8).

A.    **There is no possibility the Plaintiff can establish any cause of action against Harris, the resident Defendant.**

The Plaintiff argues in her Motion to Remand that the only burden she has to have this action be remanded to state court is to show 'a reasonable basis for predicting that the state law might impose liability on the facts involved.' (Id. at 9). The Plaintiff has failed to show any reasonable basis for predicting that Harris could be found to be liable for the allegations being brought against him by the Plaintiff.

The Plaintiff first alleges in her Complaint that she has a claim against Harris because he was "a terminal manager/director for SAIA in the Birmingham terminal on December 3, 2005. (Complaint and Motion to Remand at 2). This allegation fails because Harris was not the terminal manager of the Birmingham terminal until September or October of 2006. (Exhibit 3). It was thought by Harris and Thomas Hassard (Affidavit of Hassard attached to Notice of Removal), that Harris was the terminal manager of the Birmingham terminal at the time of the accident. (Notice of Removal). However, after further investigation and thought, it has been confirmed that **Harris was not the terminal manager for SAIA's Birmingham terminal at the time of alleged accident**.

Plaintiff also alleges in her Complaint that she has a claim against Harris because Bounds was attempting to make a "two day trip in one day", and Harris as the Birmingham terminal manager/director for his destination, should have prevented such action. (Complaint and Motion to Remand at 2). Plaintiff further alleges that Harris was violated the Federal DOT hours of operation, and subjected a tired driver to the roads as a result of this violation. (Id.). Plaintiff's own expert, Allen, does not discount the contention of SAIA and Bounds in their Notice of Removal, and Hassard's Affidavit attached to said Notice, which state that the destination terminal manager would not have managerial responsibility or control over the hours of operation of a line-haul driver whose origination terminal was somewhere else. (Motion to Remand, Exhibit "2" and Notice of Removal). Furthermore, the trip from Houston, TX to Birmingham, AL took less than the maximum driving hours allotted a commercial truck driver of eleven (11) hours. (Exhibits 1, 2, and 3). Regardless, Bounds was not driving the day of the subject accident because he was part of a team of drivers wherein he slept and took turns driving with another driver, Richard. (Exhibits 1, 2, and 4). Therefore, even if the trip took longer than eleven (11) hours, Bounds nor Richard committed any

violations because they took turns driving, never exceeding driving hours longer than eleven (11) hours. (Exhibits 1, 2, 3, and 4). Even if Harris had been the terminal manager in Birmingham at the time of the wreck, which he was not, and had managerial responsibilities over Bounds and Richard, which he did not, he cannot be held liable for not preventing any of the accused violations because none were committed.

Lastly, Plaintiff alleges that Harris should be a Defendant in this action because he "he did not notify authorities or follow post-accident procedures required under generally accepted standards, federal regulations or state laws. (Complaint and Motion to Remand at 2). It is impossible for the Plaintiff to establish a cause of action against Harris for not notifying authorities or following post-accident procedures when it was impossible for to have known about the wreck because (1) Harris was not the terminal manager in Birmingham at the time of the accident, and (2) the driver(s) that Plaintiff is accusing of running her off of the road, never traveled on I-65 when driving for SAIA on the route from Houston, TX to Birmingham, AL. (Exhibits 3, 1, and 2, respectively).

For the foregoing reasons, **it is impossible for the Plaintiff to establish any causes of action against Harris, the resident defendant**. Therefore, he should not be named as a Defendant in this lawsuit and all properly named parties create complete diversity jurisdiction to exist.

**B.      Plaintiff has fraudulently pled jurisdictional facts in order to bring the resident Defendant into state court.**

Plaintiff has pled that Harris was the SAIA Birmingham terminal manager at the time of Plaintiff's alleged accident. (Complaint). Furthermore, Plaintiff alleges that Harris was residing in Alabama as the terminal manager at the time of the alleged accident. (Complaint and Motion to Remand at 1). Based on Plaintiff pleading these facts, she was able to file this matter in state court.

(Complaint). However, these facts are fraudulently pled for the sole purpose of making Harris a resident Defendant to this action and avoiding complete diversity jurisdiction.

Harris was not the terminal manager in Birmingham at the time of the accident. (Exhibit 3). Therefore, among the many other reasons stated previously in this response and objection, he cannot be liable for any of the facts involved in Plaintiff's claims against the Defendants. Harris was named as a Defendant in this matter solely for the purpose of Plaintiff attempting to have this matter heard by the Circuit Court of Autauga County, Alabama. She has no viable claims against Harris to make him a resident Defendant. Therefore, this matter must be heard by the District Court since complete diversity jurisdiction exists among the properly named Defendants.

## **CONCLUSION**

For the reasons set forth herein, this matter must remain in District Court and Plaintiff's Motion to Remand must be denied. Additionally, Defendants be awarded costs incurred in having to file this Motion.

Respectfully submitted this 21st day of February, 2008.

> /s/ William E. Shreve, Jr.
> COOPER C. THURBER      (THUR4686)
> WILLIAM E. SHREVE, JR.  (SHREW3946)
> K. AMANDA HERNDON    (HERNK4561)
> Attorneys for Defendants SAIA Motor
> Freight Line, LLC; Adrian L. Bounds; and
> Marvin Harris

OF COUNSEL:
LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL 36652
P: (251) 432-4481

F: (251) 433-1820
Email: CCT@LPClaw.com
       WES@LPClaw.com
       KAH@LPClaw.com


**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that a copy of the foregoing pleading has been served on all known counsel of record via electronic filing on this the 21st day of February, 2008.

Josh Wright, Esq.
Joshua Lee. Firth, Esq.
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35202

Jerry L. Thornton, Esq.
120 LaFayette Street
P. O. Box 759
Hayneville, Alabama 36040


                    */s/ K. Amanda Herndon*
                    K. AMANDA HERNDON

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| LEAH A. DERAMUS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | CASE NO. 2:08-cv-23-MEF |
| SAIA MOTOR FREIGHT LINE, LLC, | * | |
| ADRIAN L. BOUNDS, and MARIN | * | |
| HARRIS, | * | |
| | * | |
| Defendants. | * | |

STATE OF TEXAS

COUNTY OF Harris

### AFFIDAVIT OF ADRIAN L. BOUNDS

BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear ADRIAN L. BOUNDS, who upon oath did depose and say as follows:

1.     My name Adrian L. Bounds.  I was a line-haul driver for SAIA Motor Freight Line, LLC ("SAIA") on December 12, 2005.  I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit.  I am competent to make this Affidavit and to testify in court if called upon to do so.  The facts contained herein are true and correct.

2.     My State of residence is Texas.  At the time of the accident subject of this lawsuit, I was a line-haul driver for SAIA who was based out of the Houston, TX terminal. The parties with management responsibility for me were my originating terminal manager and line-haul manager out of the Houston Terminal.

3.     In August of 2005, Chad Richard and I began to drive a Saturday route



DEFENDANT'S
EXHIBIT

from the SAIA terminal in Houston, TX to the SAIA terminal in Birmingham, AL. He and I were a team of drivers for this trip. Most of the time, Chad would drive to Birmingham, AL, while I slept. Then, I would drive from Birmingham, AL back to Houston, TX. This trip took us less than eleven (11) hours, one way.

3.     We never traveled on I-65 when traveling this route. Instead, we drove from Houston, TX on Interstate-10 to Interstate-12 (Baton Rouge, LA). We would then get on Interstate-59, northbound to Interstate-20 in Meridian, Mississippi. We took Exit 120 off of Interstate-20 in order to get to the SAIA Birmingham terminal. This was the route that was recommended to Chad and I by SAIA on the first day that we began this route in August of 2005.

4.     I could not have caused Plaintiff's motor vehicle accident because I did not travel on I-65 on December 3, 2005. Furthermore, I did not even know about Plaintiff's alleged accident until the Plaintiff filed a lawsuit against me.

Further the Affiant saith not.

_Adrian Bounds_

**ADRIAN L. BOUNDS**
Former SAIA line-haul driver and a Defendant

STATE OF TEXAS

COUNTY OF Harris

Personally appeared before me, the undersigned authority, **ADRIAN L. BOUNDS** who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED AND SWORN TO before me on this the 20th day of February, 2008

*ELIZABETH NICOLE FERGUSON*
*Notary Public, State of Texas*
*Commission Expires 10-11-08*

Notary Public
My Commission Expires 10-11-2008

Prepared By:

*/s/ K. Amanda Herndon*
K. AMANDA HERNDON    (HER048)
Attorney for Defendant, SAIA Motor Freight Line, LLC

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: KAH@LPClaw.com

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LEAH A. DERAMUS,    *
            *
  Plaintiff,     *
            *
vs.          *
            *  CASE NO. 2:08-cv-23-MEF
SAIA MOTOR FREIGHT LINE, LLC, *
ADRIAN L. BOUNDS, and MARIN *
HARRIS,       *
            *
  Defendants.    *

STATE OF TEXAS

COUNTY OF _Dallas_

### AFFIDAVIT OF CHAD RICHARD

BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear CHAD RICHARD, who upon oath did depose and say as follows:

1.  My name is Chad Richard.  I was a line-haul driver for SAIA Motor Freight Line, LLC ("SAIA") on December 12, 2005.  I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit.  I am competent to make this Affidavit and to testify in court if called upon to do so.  The facts contained herein are true and correct.

2.  My State of residence is Texas.  At the time of the accident subject of this lawsuit, I was a line-haul driver for SAIA who was based out of the Houston, TX terminal. The parties with management responsibility for me were my originating terminal manager and line-haul manager out of the Houston Terminal.

3.  In August of 2005, Adrian L. Bounds and I began to drive a Saturday



DEFENDANT'S EXHIBIT 2

route from the SAIA terminal in Houston, TX to the SAIA terminal in Birmingham, AL. He and I were a team of drivers for this trip. Most of the time, I would drive to Birmingham, AL, while Adrian slept. Then, Adrian would drive from Birmingham, AL back to Houston, TX. This trip took us less than eleven (11) hours, one way.

3.     We never traveled on I-65 when traveling this route. Instead, we drove from Houston, TX on Interstate-10 to Interstate-12 (Baton Rouge, LA). We would then get on Interstate-59, northbound to Interstate-20 in Meridian, Mississippi. We took Exit 120 off of Interstate-20 in order to get to the SAIA Birmingham terminal. This was the route that was recommended to Adrian and me by SAIA on the first day that we began this route in August of 2005.

4.     Chad could not have caused Plaintiff's motor vehicle accident because we did not travel on I-65 on December 3, 2005. Furthermore, we did not even know about Plaintiff's alleged accident until the Plaintiff filed a lawsuit against me.

Further the Affiant saith not.

**CHAD RICHARD**
SAIA Motor Freight Line, LLC employee

STATE OF TEXAS

COUNTY OF *Dallas*

Personally appeared before me, the undersigned authority, **Chad Richard** who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED AND SWORN TO before me on this the _21_ day of
_February_, 2008

_J. Rene' Bordeaux_
Notary Public
My Commission Expires

Prepared By:

/s/ K. Amanda Herndon
K. AMANDA HERNDON    (HER048)
Attorney for Defendant, SAIA Motor Freight Line, LLC

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL  36652
P: (251) 432-4481
F: (251) 433-1820
Email: KAH@LPClaw.com

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LEAH A. DERAMUS,                          *
                                          *
        Plaintiff,                        *
                                          *
vs.                                       *
                                          *
SAIA MOTOR FREIGHT LINE, LLC,             *      CASE NO. 2:08-cv-23-MEF
ADRIAN L. BOUNDS, and MARIN               *
HARRIS,                                   *
                                          *
        Defendants.                       *

STATE OF ALABAMA

COUNTY OF Shelby

### AFFIDAVIT OF MARVIN HARRIS

BEFORE ME, the undersigned Notary Public in and for said County and said State did personally appear **MARVIN HARRIS**, who upon oath did depose and say as follows:

1.      My name is Marvin Harris. I am currently the Birmingham Terminal Manager for SAIA Motor Freight Line, LLC ("SAIA"). I am over the age of twenty-one (21) years and have personal knowledge of the facts set forth in this Affidavit. I am competent to make this Affidavit and to testify in court if called upon to do so. Furthermore, I am authorized by SAIA to give this Affidavit. The facts contained herein are true and correct.

2.      My State of residence is Alabama. I have never had any management responsibility for Defendant Adrian L. Bounds ("Bounds") because he is a line-haul driver for SAIA who is based out of the Houston, Texas Region. The parties with management



DEFENDANT'S
EXHIBIT

responsibility for Bounds would have been his originating terminal manager and line-haul manager out of the Houston Terminal.

3.    Furthermore, I was not the SAIA Birmingham Terminal Manager at the time of the alleged accident of December 3, 2005.  I was not the SAIA Birmingham Terminal Manager until September or October of 2006.  This is over a year after the alleged accident occurred.

4.    Furthermore, the Federal Motor Carrier Safety Regulations' maximum allotted driving time for property-carrying vehicles is "(1) no more than 11 cumulative hours following 10 consecutive hours off duty; or (2) for any period after the end of the 14th hour after coming on duty following 10 consecutive hours off duty…".

5.    The estimated distance for the approved route by SAIA from Houston, TX to Birmingham, AL is 660 miles.  The estimated time for this trip is under eleven (11) hours.  Especially, when it is being driven on a Saturday.  Even if Bounds had been the only driver of the SAIA truck traveling the Houston to Birmingham route on December 3, 2005, Bounds would not have been in violation of any Federal Motor Carriers Safety Regulations as to the allotted maximum driving time.  Therefore, there would have been no violation for me to report had I held management responsibility for Bounds on the day of the alleged accident.

6.    I was never aware of any motor vehicle accident occurring on December 3, 2005, until I was served with the Complaint in this matter on January 31, 2008. Therefore, I could not have reported the alleged accident to any "authorities or followed post-accident procedures required under generally accepted standards, federal regulations or state laws".

00507104.doc/dln

7.     Lastly, the approved route of SAIA for its line-haul drivers driving the route from Houston, TX to Birmingham, AL does not call for the drivers to travel on I-65. These drivers are told to travel on Interstate-10 to Interstate-12, and then take Interstate-59 northbound to Interstate-20 in Meridian, Mississippi. They then are approved to take Exit 120 off of Interstate-20 in order to get to the Birmingham terminal. This is another reason why Plaintiff's claims against me completely fail.

8.     None of the Plaintiff's allegations against me are valid claims that a Court could find me liable. Therefore, all properly named parties to the lawsuit are citizens of different states, and this matter should be heard in Federal Court.

Further the Affiant saith not.

**MARVIN HARRIS**
Birmingham Terminal Manager for SAIA
Motor Freight Line, LLC.


STATE OF ALABAMA

COUNTY OF SHELBY

Personally appeared before me, the undersigned authority, **MARVIN HARRIS** who being by me first duly sworn, did depose and say that he has read the above and foregoing Affidavit and that the facts stated therein are true and correct.

SUBSCRIBED AND SWORN TO before me on this the 21st day of FEBRUARY, 2008

Notary Public
My Commission Expires

My Commission Expires September 4, 2011

0035071 04.doc/dln

3

Prepared By:

/s/ K. Amanda Herndon
K. AMANDA HERNDON   (HER048)
Attorney for Defendant, SAIA Motor Freight Line, LLC,
Adrian L. Bounds, and Marvin Harris

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL 36652
P: (251) 432-4481
F: (251) 433-1820
Email: KAH@LPClaw.com



11295  FULL  LINE  HST
BOUNDS,ADRIAN L                    HSA017
                    DRIVER,LH TEAM,P31
0000 0000 0000 0000 0000 0000 0000
PAY PERIOD ENDING _____

OFFICIAL DELUXE COPY

# DRIVER'S DAILY LOG

**PRESCRIBED BY FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION**
**U.S. DEPARTMENT OF TRANSPORTATION**



Deramus v. Saia
**Saia-0555**

**MONTH:** DECEMBER    **YEAR:** 2005

**DRIVER:** ADRIAN BOUNDS    **CARRIER:** SAIA

© Copyright 2003 J.J. KELLER & ASSOCIATES, INC, Neenah, WI • USA • (800) 327-6868 • www.jjkeller.com • Printed in the United States



DEFENDANT'S
EXHIBIT
4

**DRIVER'S DAILY LOG**
(24 HOURS)

Form 0801

Will be Scanned
Please Print Clearly Within the Boxes

| Month | Day | Year | Total Miles Driving Today |
|---|---|---|---|
| 12 | 1 | 05 | 645 |

CARRIER NAME & ADDRESS

SAIA, INC.
P.O. Box A, Station One - Houma, LA 70363

Tractor Number
04981

Driver's ID / Code
29625

Trailer Number
284464

Co-Driver's ID / Code
29026

i certify these entries are true and correct.

Driver's Signature In Full

Co-Driver's Name
PHAD RICHARD

List Hours Worked Last 7 Days

IMPORTANT! Check the box on the day you started a tour of duty after having been off for 34 or more consecutive hours.

| | | |
|---|---|---|
| 1 | 0 | ☐ |
| 2 | 36.50 | ☐ |
| 3 | 32.25 | ☐ |
| 4 | 0 | ☐ |
| 5 | 0 | ☑ |
| 6 | 18.25 | |
| 7 | 11.75 | |

Yesterday

**TOTAL HOURS**

1: OFF DUTY
2: SLEEPER
3: DRIVING
4: ON DUTY (NOT DRIVING)

NOON 1 2 3 4 5 6 7 8 9 10 11 MID-NIGHT 1 2 3 4 5 6 7 8 9 10 11

11.25
10.75
2.

2 4

Record the Total Hours Worked Last 7 Days. (If you checked box at the boxes above, add the hours use lines that day forward)

1A = 25
1B = 59
3A = 75

39.75

**70**

Record Hours Worked Today. (Add Driving and On-Duty/Not Driving status lines)

(70 Hour) Day Rule

32.75

Subtract Total Hours Worked As Calculated Above From 70

12.75

Equals Total Hours Available To Work Within 70 Hour Day Rule

32.25

If you exceed 14 hours in one tour of duty you must explain your reason in the Remarks Section

**REMARKS:**

NOON 1 2 3 4 5 6 7 8 9 10 11 MID-NIGHT 1 2 3 4 5 6 7 8 9 10 11

HOUSTON, TX

Deramus v. Saia
**Saia-0559**

12.75    Pre-Trip Inspection Signed
         Post-Trip Inspection Signed

# of Days Off Duty Includes Today    2

**CITY & STATE OF HOME TERMINAL**

Manifest Numbers    23023768, 23623766, 11452488, 11452225

■ **Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL

© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA



**DRIVER'S DAILY LOG**
(24 HOURS)

Form 0801

Will be Scanned
Please Print Clearly Within the Boxes

Month 1 Day 2 Year -05    Total Miles Driving Today 54.0

CARRIER NAME & ADDRESS    **SAIA, INC.**
P.O. Box A, Station One - Houma, LA 70363

Tractor Number 04781    Driver's ID / Code 29655

I certify these entries are true and correct    Driver's Signature in Full

Trailer Number 282094    Co-Driver's ID / Code 29656    Co-Driver's Name  CHAD RICHARD
10680-281372

Deramus v. Saia
**Saia-0560**

CITY & STATE OF HOME TERMINAL  HOUSTON, TX

287457
10680-281747
281842
10680-282046

Manifest Numbers  1445240 8, 1445 2229, 289 71448, 289 145 05, 2362 8587, 236.2/667

**Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA

BOUND EDGE



Deramus v. Saia
Saia-0561

Form 0601

**DRIVER'S DAILY LOG**
(24 HOURS)

Will be Scanned
Please Print Clearly Within the Boxes

Month  Day  Year  Total Miles Driving Today

1  2  -  4  -  0 5

CARRIER NAME & ADDRESS

**SAIA, INC.**
P.O. Box A, Station One - Houma, LA 70363

List Hours Worked Last 7 Days

Tractor Number

Driver's ID / Code

2 4 6 5 5

Driver's Signature in Full

I certify these entries are true and correct

Trailer Number

Co-Driver's ID / Code

Co-Driver's Name

IMPORTANT!
Check the box on the day you started a tour of duty after having been off for 34 or more consecutive hours.

1  □
2  ☑
3  13.25  □
4  11.75  □
5  12.75  □
6  10.75  □
7  11.50  □
Yesterday

|  | NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID-NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1: OFF DUTY | | | | | | | | | | | | | | | | | | | | | | | | | 24 |
| 2: SLEEPER | | | | | | | | | | | | | | | | | | | | | | | | | |
| 3: DRIVING | | | | | | | | | | | | | | | | | | | | | | | | | |
| 4: ON DUTY (NOT DRIVING) | | | | | | | | | | | | | | | | | | | | | | | | | |

NOON  1  2  3  4  5  6  7  8  9  10  11  MID-NIGHT  1  2  3  4  5  6  7  8  9  10  11

REMARKS:

24

Record Hours Worked Today. (Add Driving and On-Duty/Not Driving status lines)

3/4 = 25
1/2 = 50
3/4 = 75

80

70

= (70 Hour/8 Day Rule)

Subtract Total Hours Worked As Calculated Above From 70

60

HOUSTON, TX
**CITY & STATE OF HOME TERMINAL**

Manifest Numbers

OFF DUTY

Deramus v. Saia
**Saia-0562**

Record Total Hours You Spent On Today's Tour of Duty. (Include break and off-duty time)

Equals Total Hours Available To Work Within 70 Hour/8 Day Rule.

10

# of Days Off Duty Includes Today

Pre-Trip Inspection Signed

Post-Trip Inspection Signed

If you exceed 14 hours in one tour of duty you must explain your reason in the Remarks Section

■ **Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA

# DRIVER'S DAILY LOG
(24 HOURS)

Form 0801

**Will be Scanned**
Please Print Clearly Within the Boxes

| Month | Day | Year | Total Miles Driving Today |
|---|---|---|---|

1 2 - 5 - 0 5

**CARRIER NAME & ADDRESS** SAIA, INC. P.O. Box A, Station One - Houma, LA 70363

Tractor Number

Driver's ID / Code

2 9 6 5 5

Co-Driver's ID / Code

2 9 6 5 6

Trailer Number

I certify these entries are true and correct

Driver's Signature in Full

Co-Driver's Name  CHAD RICHARD.

List Hours Worked Last 7 Days

**IMPORTANT!**
Check the box on the day you started a tour of duty after having been off for 34 or more consecutive hours.

1. 0
2. 13.25
3. 11.75
4. 12.75
5. 10.75
6. 11.30
7.
Yesterday

| | NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID-NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1: OFF DUTY | | | | | | | | | | | | | | | | | | | | | | | | | 1 8 |
| 2: SLEEPER | | | | | | | | | | | | | | | | | | | | | | | | | |
| 3: DRIVING | | | | | | | | | | | | | | | | | | | | | | | | | 6 |
| 4: ON DUTY (NOT DRIVING) | | | | | | | | | | | | | | | | | | | | | | | | | |

NOON 1 2 3 4 5 6 7 8 9 10 11 MID-NIGHT 1 2 3 4 5 6 7 8 9 10 11

REMARKS:

BOUND EDGE

HOUSTON, TX
**CITY & STATE OF HOME TERMINAL**

Manifest Numbers

Deramus v. Saia

**Saia-0563**

1/4 = 25   1/2 = 50   3/4 = 75

2 4

Record Hours Worked Today. (Add Driving and On-Duty/Not Driving status lines)

Record Total Hours You Spent On Today's Tour of Duty. (Include break and off-duty time)

**70**

60

60

If you exceed 14 hours in one tour of duty you must explain, your reason in the Remarks Section.

Pre-Trip Inspection Signed
Post-Trip Inspection Signed

# of Days Off Duty Includes Today  2

■ **Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA

**DRIVER'S DAILY LOG**
(24 HOURS)

Form 0801

Will be Scanned
Please Print Clearly Within the Boxes

| Month | Day | Year | Total Miles Driving Today |
|---|---|---|---|
| 11 - | 6 - 05 | | 555 |

CARRIER
NAME &
ADDRESS

**SAIA, INC.**
P.O. Box A, Station One - Houma, LA 70363

Tractor Number
D 4 9 8 1

Driver's ID / Code
2 9 6 5 5

Trailer Number
2 8 1 8 1 9
1 0 1 3 6 6 - 2 8 1 3 1 9

Co-Driver's ID / Code
2 9 6 5 6

I certify these entries are true and correct

Driver's Signature in Full
Adrian Bernard

Co-Driver's Name
CHAD RICHARD

List Hours Worked Last 7 Days

**TOTAL HOURS**

1: OFF DUTY
2: SLEEPER
3: DRIVING
4: ON DUTY (NOT DRIVING)

11.
9.25
3.75

| 1 | 13.35 | ☐ |
| 2 | 11.75 | ☐ |
| 3 | 11.75 | ☐ |
| 4 | 13.35 | ☐ |
| 5 | 11.10 | ☐ |
| 6 | 0 | ☐ |
| 7 | 0 | ☑ |

Yesterday

**REMARKS:**

2 4

70

13

13

285288
101366-28480
28939
101366-282085

Deramus v. Saia
**Saia-0564**

Record Hours Worked Today. (Add Driving and On-DutyNot Driving status lines)

13

Record Total Hours You Spent On Today's Tour of Duty, (include break and off-duty time)

57

Expand Total Hours Available To Work Within 70 Hour/8 Day Rule

CITY & STATE OF HOME TERMINAL
Houston, TX

09502742R

13
# of Days Off Duty Includes Today

Pre-Trip Inspection Signed
Post-Trip Inspection Signed

Manifest Numbers
236250099, 221366936, D46875842, 040875395, MA15237

**Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J.J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA

# DRIVER'S DAILY LOG
### (24 HOURS)

Form 0801

Will be Scanned
Please Print Clearly Within the Boxes

| Month | Day | Year | Total Miles Driving Today | CARRIER NAME & ADDRESS | SAIA, INC. |
|---|---|---|---|---|---|
| 12 | 7 | 05 | 660 | | P.O. Box A, Station One - Houma, LA 70363 |

List Hours Worked Last 7 Days

[IMPORTANT] Check the box on the day you started a tour of duty after having been off for 34 or more consecutive hours.

Tractor Number  04781
Driver's ID / Code  29655

I certify these entries are true and correct

Driver's Signature in Full  _Adriano Donah_

Trailer Number  282937
101366 - 282085
Co-Driver's ID / Code  29656

Co-Driver's Name  CHAD RICHARD

1. 11.95 ☐
2. 12.75 ☐
3. 10.75 ☐
4. 11.50 ☐
5. 0 ☐
6. ☑
7. 13 ☐

Yesterday

| | NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID-NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1: OFF DUTY | | | | | | | | | | | | | | | | | | | | | | | | | | 10 |
| 2: SLEEPER | | | | | | | | | | | | | | | | | | | | | | | | | | 11 |
| 3: DRIVING | | | | | | | | | | | | | | | | | | | | | | | | | | 3 |
| 4: ON DUTY (NOT DRIVING) | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID-NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

REMARKS:

530935

HOUSTON, TX

**CITY & STATE OF HOME TERMINAL**

Deramus v. Saia

**Saia-0565**

Manifest Numbers  14453237, 095027624

24

1/4 = 25
1/2 = 50
3/4 = 75

27

Record Hours Worked Today. (Add Driving and On-Duty/Not Driving status lines)

**70**
= (70 Hours/ 8 Day Rule)

Subtract Total Hours Worked As Calculated Above from 70

27

Record Total Hours You Spend On Today's Tour of Duty. (Include break and off-duty time)

14

Equals Total Hours Available To Work Before 70 Hour/8 Day Rule

43

If you exceed 14 hours in tour of duty you must explain your reason in the Remarks Section

14

# of Days Off Duty Includes Today  2

Pre-Trip Inspection Signed  →
Post-Trip Inspection Signed  →

**Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA



Deramus v. Saia
Saia-0566

**DRIVER'S DAILY LOG**
(24 HOURS)

Form 0801

Will be Scanned
Please Print Clearly Within the Boxes

**CARRIER NAME & ADDRESS**

SAIA, INC.
P.O. Box A, Station One - Houma, LA 70363

| Month | Day | Year | Total Miles Driving Today |
|---|---|---|---|
| 12 | 9 | 05 | 540 |

Tractor Number: 04781

Driver's ID / Code: 29655

Trailer Number: 285204
10744 - 282921

Co-Driver's ID / Code: 29656

I certify these entries are true and correct

Driver's Signature in Full: *Adrian Broush*

Co-Driver's Name: *CHAD RICHARDS*

List Hours Worked Last 7 Days
IMPORTANT:
Check the box on the day you started a tour of duty after having been off for 34 or more consecutive hours.

| | TOTAL HOURS |
|---|---|
| 1: OFF DUTY | 14 |
| 2: SLEEPER | 9 |
| 3: DRIVING | 1 |
| 4: ON DUTY (NOT DRIVING) | |

| | | |
|---|---|---|
| 1 | 10.25 | ☐ |
| 2 | 11.50 | ☐ |
| 3 | 8 | ☐ |
| 4 | | ☑ |
| 5 | 13 | ☐ |
| 6 | 14 | ☐ |
| 7 | 14 | ☐ |
| | Yesterday | |

24

**REMARKS:**

8308 02

HOUSTON TX

**CITY & STATE OF HOME TERMINAL**

Deramus v. Saia
**Saia-0567**

Manifest Numbers: 014453865, 014454040, 28874612

1/4 = 25   1/2 = 50   3/4 = 75

51

Record Hours Worked Today. (Add Driving and On-Duty/Not Driving status lines)

**70**

Subtract Total Hours Worked as Calculated Above From 70

51

Record Total Hours You Spend On Today's Tour of Duty. (Include break and off-duty time)

10

Equals Total Hours Available To Hours within 70 Hour/8 Day Rule.

19

# of Days Off Duty Includes Today

Pre-Trip Inspection Signed
Post-Trip Inspection Signed

If you exceed 14 hours in one tour of duty you must explain your reason in the Remarks Section

10

**Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed In USA

BOUND EDGE

**DRIVER'S DAILY LOG**
(24 HOURS)

Form 0801

Will be Scanned
Please Print Clearly Within the Boxes

| Month | Day | Year | Total Miles Driving Today |
|-------|-----|------|---------------------------|
| 12 | 10 | 05 | |

CARRIER NAME & ADDRESS
**SAIA, INC.**
P.O. Box A, Station One - Houma, LA 70363

Tractor Number
04781

Trailer Number
530802

Driver's ID / Code
29655

Co-Driver's ID / Code
29656

I certify these entries are true and correct

Driver's Signature in Full

Co-Driver's Name
CHAD RICHARD

List Hours Worked Last 7 Days
IMPORTANT: Check the box on the day the driver started a tour of duty after having been off for 24 or more consecutive hours.

| | |
|---|---|
| 1 | 11:30 ☐ |
| 2 | 0 ☑ |
| 3 | 13 ☐ |
| 4 | 14 ☐ |
| 5 | 14 ☐ |
| 6 | 10 ☐ |
| 7 | Yesterday |

|  | NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID-NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | TOTAL HOURS |
|--|------|---|---|---|---|---|---|---|---|---|----|----|-----------|---|---|---|---|---|---|---|---|---|----|----|-------------|
| 1: OFF DUTY | | | | | | | | | | | | | | | | | | | | | | | | | 22.50 |
| 2: SLEEPER | | | | | | | | | | | | | | | | | | | | | | | | | 1.50 |
| 3: DRIVING | | | | | | | | | | | | | | | | | | | | | | | | | |
| 4: ON DUTY (NOT DRIVING) | | | | | | | | | | | | | | | | | | | | | | | | | |

REMARKS:

HOUSTON TX

1/4 = 26  1/2 = 60  3/4 = 75

2.4

Record Hours Worked Today. (Add Driving and On-Duty/Not Driving status lines)

**70**

Record Total Hours You Spent On Today's Tour of Duty. (Include break and off-duty time)

Equals Total Hours Worked As Calculated Above From 70

Pre-Trip Inspection Signed
Post-Trip Inspection Signed

If you exceed 14 hours in one tour of duty you must explain your reason in the Remarks Section

CITY & STATE OF HOME TERMINAL
HOUSTON, TX

Manifest Numbers
2597 4412

# of Days Off Duty Includes Today

Deramus v. Saia
**Saia-0568**

BOUND EDGE

**Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA

Form 0801

**DRIVER'S DAILY LOG**
(24 HOURS)

Will be Scanned
Please Print Clearly Within the Boxes

| Month | Day | Year | Total Miles Driving Today |
|---|---|---|---|
| 12 | 11 | 05 | |

CARRIER
NAME &
ADDRESS

**SAIA, INC.**
P.O. Box A, Station One - Houma, LA 70363

List Hours Worked
Last 7 Days
**IMPORTANT!**
Check the box on the
day you started a tour
of duty after having
been off for 34 or more
consecutive hours.

Tractor Number

Driver's ID / Code    29 655

I certify these
entries are true
and correct

Driver's Signature in Full

Trailer Number    Co-Driver's ID / Code    Co-Driver's Name

| | | |
|---|---|---|
| 1 | 0 | |
| 2 | | ✓ |
| 3 | 19 | |
| 4 | 14 | |
| 5 | 14 | |
| 6 | 13 | |
| 7 | | |

Yesterday

|  | NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID-NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1: OFF DUTY | | | | | | | | | | | | | | | | | | | | | | | | | |
| 2: SLEEPER | | | | | | | | | | | | | | | | | | | | | | | | | |
| 3: DRIVING | | | | | | | | | | | | | | | | | | | | | | | | | 24 |
| 4: ON DUTY (NOT DRIVING) | | | | | | | | | | | | | | | | | | | | | | | | | |

NOON 1 2 3 4 5 6 7 8 9 10 11 MID-NIGHT 1 2 3 4 5 6 7 8 9 10 11

**REMARKS:**

Record The
Total Hours
Worked Last 7
Days. (If you
checked one of
the boxes, add the
hours only from
that day forward)

1/4 = 25
1/2 = 50
3/4 = 75

**70** + (70 Hour/8 Day Rule)

Subtract Total
Hours Worked
As Calculated
Above From 70

Record Total Hours
You Spend On Today's
Tour of Duty. (Include
break and off-duty
time)

Equals Total
Hours Available
To Work Within
70 Hour/8 Day
Rule

Deramus v. Saia
**Saia-0569**

HOUSTON, TX
**CITY & STATE OF HOME TERMINAL**

Manifest
Numbers

OFF DUTY

If you exceed 14 hours in one
tour of duty you must explain
your reason in the
Remarks Section

# of Days Off
Duty Includes
Today

Pre-Trip Inspection Signed
Post-Trip Inspection Signed

**Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA

Form 0801

**DRIVER'S DAILY LOG**
(24 HOURS)

Will be Scanned
Please Print Clearly Within the Boxes

| Month | Day | Year | Total Miles Driving Today |
|---|---|---|---|
| 1 2 - 1 2 - 0 5 | | | |

CARRIER
NAME &
ADDRESS

**SAIA, INC.**
P.O. Box A, Station One - Houma, LA 70363

Tractor Number

Driver's ID / Code
2 9 6 5 5

I certify these
entries are true
and correct

Driver's Signature in Full
*Adrian Baird*

Trailer Number

Co-Driver's ID / Code
2 9 6 5 6

Co-Driver's Name
CHAD    RICHARD

List Hours Worked
Last 7 Days

**IMPORTANT:**
Check the box on the
day you started a tour
of duty after having
been off for 34 or more
consecutive hours.

| | | |
|---|---|---|
| 1 | 0 | ☑ |
| 2 | 13 | ☐ |
| 3 | 14 | ☐ |
| 4 | 14 | ☐ |
| 5 | 10 | ☐ |
| 6 | 0 | ☐ |
| 7 | 0 | ☐ |

**TOTAL HOURS**

| | NOON 1 2 3 4 5 6 7 8 9 10 11 MID-NIGHT 1 2 3 4 5 6 7 8 9 10 11 | |
|---|---|---|
| 1: OFF DUTY | | 18. |
| 2: SLEEPER | | 6. |
| 3: DRIVING | | |
| 4: ON DUTY (NOT DRIVING) | | |

NOON 1 2 3 4 5 6 7 8 9 10 11 MID-NIGHT 1 2 3 4 5 6 7 8 9 10 11

**REMARKS:**

2.4

Yesterday

Record The
Total Hours
Worked Last 7
Days. (If you
checked one of
the boxes
above, add the
hours only from
that day forward)

1/4 = 25
1/2 = 69
3/4 = 75

51

Record Hours Worked
Today. (Add Driving
and On-Duty/Not
Driving status lines)

**70**  = (70 Hours/8
Day Rule)

HOUSTON TX

Subtract Total
Hours Worked
As Calculated
Above From 70

51

Record Total Hours
You Spent On Today's
Tour of Duty. (Include
break and off-duty
time)

0

Equals Total
Hours Available
To Work Within
70 Hour/8 Day
Rule

19

HOUSTON TX

**CITY & STATE OF HOME TERMINAL**

Manifest
Numbers

OFF DUTY

**Deramus v. Saia**
**Saia-0570**

# of Days Off
Duty Includes
Today

2

If you exceed 14 hours in one
tour of duty you must explain
your reason in the
Remarks Section.

Pre-Trip Inspection Signed

Post-Trip Inspection Signed

**Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. Keller & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA

Form 0801

# DRIVER'S DAILY LOG
### (24 HOURS)

Will be Scanned
Please Print Clearly Within the Boxes

| Month | Day | Year | Total Miles Driving Today |
|---|---|---|---|
| 12 | 13 | 05 | 645 |

**CARRIER NAME & ADDRESS**
SAIA, INC.
P.O. Box A, Station One - Houma, LA 70363

Tractor Number
04736

Driver's ID / Code
29055

I certify these entries are true and correct

Driver's Signature in Full
_Adriane Baud_

Trailer Number
283767

Co-Driver's ID / Code
29656

Co-Driver's Name
CHAD RICHARD

101241-28588

**List Hours Worked Last 7 Days**

IMPORTANT!
Check the box on the day you started a tour of duty after having been off for 34 or more consecutive hours.

1. 13 ☐
2. 14 ☐
3. 14 ☐
4. 13 ☐
5. 0 ☐
6. 13 ☑
7. 0  Yesterday

**TOTAL HOURS**

1: OFF DUTY — 10.75
2: SLEEPER — 10.75
3: DRIVING — 2.50
4: ON DUTY (NOT DRIVING)

NOON 1 2 3 4 5 6 7 8 9 10 11 MID-NIGHT 1 2 3 4 5 6 7 8 9 10 11

**REMARKS:**

284126
101437-283995
285413
101437-241479

HOUSTON, TX
**CITY & STATE OF HOME TERMINAL**

Deramus v. Saia
**Saia-0571**

16080604

Manifest Numbers
23627027, 23627630, 1307913 046878263, 814454765

Deramus v. Saia Saia-0571

24
Record Hours Worked Today, (Add Driving and Co-Duty(Not Driving status lines)

70 (70 Hours) 8 Day Rule)

13.25
Subtract Total Hours Worked As Calculated Above From 70

13.25
Record Total Hours You Spent On Today's Tour of Duty. (Include break and off-duty time)

56.75
Equals Total Hours Available To Work Which 70 Hour/8 Day Rule

13.25

If you exceed 14 hours in one tour of duty you must explain your reason in the Remarks Section

Pre-Trip Inspection Signed
Post-Trip Inspection Signed

# of Days Off Duty Includes Today
2

**Original** File at home terminal
**Duplicate** Driver retains in his/her possession for eight days

USE TIME STANDARD AT HOME TERMINAL
© Copyright 2003 & Published by J. J. KELLER & ASSOCIATES, INC., Neenah, WI • (800) 327-6868 • Printed in USA