IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEAH A. DERAMUS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:08cv23-MEF |
| | ) |
| SAIA MOTOR FREIGHT LINE, LLC, et al. | ) |
| | ) |
| DEFENDANTS. | ) |

## ORDER

This cause is before the Court on the Unopposed Motion to Extend Time to Reply (Doc. # 21) filed on February 28, 2008 at 4:51 p.m. by counsel for Plaintiff. By this motion, Plaintiff's counsel seeks an additional five business days to formulate a reply brief in further support of the motion to remand Plaintiff filed in this case on February 4, 2008. Plaintiff's counsel has known since February 7, 2008 that Defendants' response to the motion to remand was due on February 21, 2008 and that Plaintiff's reply brief was due on February 28, 2008. Furthermore, Plaintiff's counsel knew on February 21, 2008, that Defendants had submitted additional affidavits and exhibits in support of its response. Nevertheless, Plaintiff's counsel waited until 4:51 p.m. on February 28, 2008 to ask the Court to extend the deadline from that date to a later date. While this motion is unopposed, the Court deems it appropriate to point out that Plaintiff's counsel waited to file the request for extension of time until a time that

made it impossible for the Court[1] to rule on the relief requested prior to the expiration of the deadline Plaintiff seeks to extend.  This is simply an unacceptable practice.  *The Court expects that it will not see such untimely requests for relief in the future from any counsel in this action in this case or in any other case.*

This Court is tempted to impress this lesson upon counsel by denying the relief requested, but it will not do so this time.  It is hereby ORDERED that the Unopposed Motion to Extend Time to Reply (Doc. # 21) is GRANTED and Plaintiff's deadline is hereby extended to March 6, 2008.

DONE this the 29th day of February, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]  This motion was filed so late in the day that there was no time for the Court to review the motion and draft an order addressing the relief requested prior to the time when the staff of the Clerk's office who docket orders and provide notice to the parties leave for the day.  The existence of electronic filing is intended, in part, to facilitate after hours filings by attorneys of materials due to be submitted, but it should not be mistaken for a system that creates the ability for the Court to act twenty-four hours a day.  Court personnel essential to the docketing and notification process are not required to work late, on weekends, or on holidays.  Litigants should not expect after hours *rulings* from the Court on motions.