IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LEAH A. DERAMUS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | *   CASE NO. 2:08-cv-23-MEF |
| SAIA MOTOR FREIGHT LINE, LLC, | * |
| and ADRIAN L. BOUNDS, | * |
| | * |
| Defendants. | * |

### AMENDED REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on March 26, 2008 by telephone due to the parties' counsel residing over 100 miles from each other, and was attended by:

Josh J. Wright and Josh Firth for Plaintiffs.
Cooper C. Thurber and K. Amanda Herndon for Defendants.

The parties do not request a conference with the court before entry of the scheduling order.

### PARTIES' NARRATIVE STATEMENT OF THE FACTS:

A. PLAINTIFF'S STATEMENT OF THE FACTS:

Plaintiff alleges that on December 3, 2005 at 11:50 AM, upon I-65 in the northbound direction at or around mile marker 74 in Escambia County, Alabama, Defendant Bounds and SAIA did cause a tractor and trailer to run Plaintiff, Leah DeRamus, off the road. At the time of the accident, Plaintiff was attempting to pass - in the left hand lane - a truck that had the insignia "SAIA" on the side. Plaintiff was left with no exit when the vehicle pulled on top of her, so she slammed on her brakes in an attempt to avoid hitting the truck itself. The driver of the SAIA truck also applied his brakes as Plaintiff heard his tires "lock up" on the truck. In an attempt to avoid a certain accident, Plaintiff's vehicle lost control and flipped 3 - 4 times. The driver of the SAIA truck did not stop. Plaintiff alleges the vehicle trailer was white with red writing on the side, and is 100% certain the vehicle was a SAIA truck as she saw the writing on the trailer with her own eyes. There were no other witnesses to the event.

Immediately after the accident, Plaintiff told her husband that she was run off the road by a SAIA truck. In addition, she told several medical professionals at the hospital that she was run off the road by a SAIA truck, as well as eight other family members or friends immediately after the accident.

Plaintiff sustained serious and permanent injuries. Plaintiff asserts claims for negligent/wanton conduct (generally), negligent/wanton entrustment, negligent/wanton hiring, training and supervision, outrage and a claim directly against SAIA for vicarious liability based on the actions of its driver.

### B. DEFENDANTS SAIA MOTOR FREIGHT LINE, LLC AND ADRIAN BOUNDS' STATEMENT OF THE FACTS

The Plaintiff alleges that she incurred damages on December 3, 2005, as a result of individual Defendant, Adrian L. Bounds, negligently and/or wantonly running the Plaintiff off the road while he was traveling on I-65 in a northbound direction at or around mile marker 75 in Escambia County, Alabama. It is further Plaintiff's allegation that Bounds was in the scope of employment for SAIA Motor Freight Line, LLC ("SAIA") and was exceeding the maximum hours of operation for the Federal DOT at the time of the subject accident. Bounds was employed as a commercial freight-line driver for SAIA on the day of the accident. Therefore, the Plaintiff has also sued in this action based on her allegations that it negligently and/or wantonly caused the subject accident; negligently and/or wantonly entrusted the SAIA truck to Bounds; negligently and/or wantonly hired, supervised, and trained Bounds; has vicarious liability as the employer and/or master of Bounds; and acted with outrageous conduct. Plaintiff now seeks compensatory and punitive damages from all named Defendants in the suit. Defendants Bounds and SAIA contend that they cannot be found liable for the Plaintiff's allegations due to Bounds not traveling in any direction on I-65 on the day of the subject accident. Therefore, Plaintiff's claims fail and she cannot be rewarded relief from SAIA and Bounds.

2. This jury action should be ready for trial by December, 2008, and at this time is expected to take approximately 2-3 days (excluding jury selection).

3. The parties request a pretrial conference 6-8 weeks before trial.

4. **DISCOVERY PLAN:** The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects: liability, proximate cause, and damages.

All discovery commenced in time to be completed thirty (30) days before trial.

5. **INITIAL DISCLOSURES.** The parties will exchange by May 16, 2008 the information required by Fed.R.Civ.P. 26(a)(1).

6. The parties request until May 21, 2008 to join additional parties and amend the pleadings.

7.  Reports from retained experts under Rule 26(a)(2) are due:
    From Plaintiffs by August 29, 2008
    From Defendants by September 30, 2008

8.  **PRETRIAL DISCLOSURES:** Final lists of witnesses and exhibits under Rule 26(a)(3) are due within fourteen (14) days of trial date.

9.  **DISCOVERY LIMITS:**

    A.  Maximum of 40 interrogatories by each party to any other party, with responses due 30 days after service.

    B.  Maximum of 20 requests for admissions by each party to any other party, with responses due 30 days after service.

    C.  Maximum of 30 requests for production by each party to any other party, with responses due 30 days after service.

    D.  Maximum of 12 depositions (not including experts or treating physicians) throughout this lawsuit.

    E.  Supplementations under Rule 26(e) due at appropriate intervals, but no later than two (2) weeks before the pretrial conference.

10. All potentially dispositive motions filed by November 17, 2008.

11. Settlement is not likely at this time. However, the parties intend to continuously evaluate that possibility throughout the course of discovery. Settlement may be best accomplished by use of mediation, if additional parties are added to the lawsuit.

/s/Josh Wright(by K. Amanda Herndon at
attorney's request and permission)
ATTORNEY FOR PLAINTIFF

/s/K. Amanda Herndon
ATTORNEY FOR DEFENDANTS

/s/ K. Amanda Herndon
COOPER C. THURBER      (THUR4686)
WILLIAM E. SHREVE, JR.  (SHREW3946)
K. AMANDA HERNDON    (HER048)
Attorneys for Defendants Motor Freight Line, LLC
and Adrian L. Bounds

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL 36652
P: (251) 432-4481
F: (251) 433-1820
Email: CCT@LPClaw.com
       WES@LPClaw.com
       KAH@LPClaw.com

## CERTIFICATE OF SERVICE

      I do hereby certify that a copy of the foregoing pleading has been served on all known counsel of record via electronic filing on this the **10th** day of **April, 2008**.

Josh Wright, Esq.
Joshua Firth, Esq.
HOLLIS & WRIGHT, P.C.
505 North 20th Street, Suite 1500
Birmingham, Alabama 35202

Jerry L. Thornton, Esq.
120 LaFayette Street
P. O. Box 759
Hayneville, Alabama 36040

                                                              /s/ K. Amanda Herndon *KAH*
                                                              K. AMANDA HERNDON.