IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEAH A. DERAMUS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08cv23-MEF |
| ) | |
| SAIA MOTOR FREIGHT ) | |
| LINE, LLC, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**ORDER ON MOTION AND PROTECTIVE ORDER**

On March 27, 2008, Defendants moved the Court for a Health Insurance Portability and Accountability Act (HIPPA) Protective Order (Doc. #30). This Court ordered Plaintiff to show cause in writing why the motion should not be granted on or before April 11, 2008. Order of March 28, 2008 (Doc. #32). To date, Plaintiff has not responded to that Order. Upon consideration of the motion, and Plaintiff's failure to show cause, it is

ORDERED that the motion (Doc. #30) is GRANTED. It is further

ORDERED upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such

individual.  This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Federal Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the HIPPA of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the HIPPA of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure.  Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation, and does not for allow for ex parte communications between Defendants, counsel defendants, or any representative of Defendants, and any treating doctor for Plaintiff.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the

requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

Done this 16th day of April, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE