IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LEAH A. DERAMUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:08-cv-23-WC |
| ) | |
| SAIA MOTOR FREIGHT LINE, LLC, ) | |
| ADRIAN L. BOUNDS, and ) | |
| MARVIN HARRIS, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF SERVICE OF DISCOVERY**

Comes the Plaintiff in the above-styled and numbered cause of action and hereby gives notice that the plaintiff has served on counsel for all parties the following discovery document(s):

1. RE-NOTICE OF TAKING VIDEO TAPED DEPOSITION, PURSUANT TO RULE 30(B) 5 & 6, OF SAIA MOTOR FREIGHT LINE, LLC.

Respectfully submitted,

*/s/ Josh J. Wright*
JOSH J. WRIGHT (ASB- 4891-W51J)
Attorney for Plaintiff

**OF COUNSEL:**
HOLLIS, WRIGHT & HARRINGTON, P.C.
505 North 20th Street
Suite 1500
Birmingham, AL 35203
(205) 324-3600
(205) 324-3636 Facsimile
joshw@hollis-wright.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following recipients and served upon all non-registered parties to this action by depositing a copy of the same via electronic delivery on this the 15th day of July, 2008:

Cooper C. Thurber
K. Amanda Herndon
William E. Shreve, Jr.
Lyons, Pipes  Cook, P.C.
2 North Royal Street (36602)
P.O. Box 2727
Mobile, AL 36652

Jerry L. Thornton
120 LaFayette Street
P.O. Box 759
Hayneville, AL 36040

                                                /s/ *Josh J. Wright*
                                                OF COUNSEL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LEAH A. DERAMUS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 2:08-cv-23-MEF |
| | ) |
| SAIA MOTOR FREIGHT LINE, LLC, | ) |
| ADRIAN L. BOUNDS, and | ) |
| MARVIN HARRIS, | ) |
| | ) |
|     Defendants. | ) |

### RE-NOTICE OF TAKING VIDEO TAPED DEPOSITION, PURSUANT TO RULE 30(B) 5 & 6, OF SAIA MOTOR FREIGHT LINE, LLC

**To:** Cooper Thurber
     Via Email Only

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Rule 30(b)(5) and (6), Plaintiff will take the deposition, by video tape, of the following corporate representative(s) of SAIA Motor Carrier:

    **Name(s):**    30(b)(5)&(6) Representative
    **Date/Time:** Thursday, July 17, 2008; 9:30 a.m.
    **Location:**   Law Office of Staines & Eppling
                   3500 N. Causeway Blvd.
                   Suite 820
                   Metairie, LA 70002

Said deposition(s) will be video taped and upon oral examination before an officer authorized to administer oaths. The matters on which examination is requested are included herein below. The definitions that apply to the matters on which examination is requested are as follows:

### DEFINITIONS

    A.    "You" or "Your" refers to the party to whom this request is directed.

B. "Document(s)" is used in its broadest possible sense, and shall mean any written, printed, typed, recorded, computerized, electronic or other graphic matter of every kind and nature; all mechanical and electrical or electronic sound recordings and any transcripts thereof; photographs or drawings; internal or external memorandums and correspondence; electronic or other calendars, diaries and e-mails, e-mail in-box, deleted or outbox lists and substantive e-mail messages, and all computer data files; in your possession, custody, and/or control, or known to you to exist; this definition of "document" includes, without limitation, all preliminary of documents, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained,

C. "Relate to", "relating to", "regarding" or "evidence" as used herein means and includes referring to, commenting on, connected with, bearing on, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly.

D. "Surrounding" as used herein means and includes before the period at issue, during the period at issue, and after the period at issue

E. "Identify" as used herein with reference to an individual, person, corporation, or other entity, means to state his, her or its: (a) full name; (b) present or last known business and residence addresses; (c) present or last known business and home phone numbers; and (d) present or last known position, business affiliation, employer, and title.

F. "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or;" rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

G. "Accident" as used herein includes the accident on I-65 North on December 3, 2005 at approximately 11:50 a.m. wherein Plaintiff was injured as her SUV was run off the road by a tractor and trailer.

The documents[1] requested and matters upon which examination is requested are as follows:

**TRACKING OF TRUCKS ON DECEMBER 3, 2005**

1. Testimony and documents regarding company resources/technology used by SAIA to track trucks on the road back in December 2005, including, but not limited to, global positioning, satellite, tracking software, cell or pager communication, dispatch notification, log books or the like.
2. Testimony and documents regarding all global positioning tracking information or any other vehicle monitoring, satellite or tracking information for SAIA vehicles traveling in the State of Alabama on Interstate 65 on December 3, 2005

---

[1] It is requested the documents are provided at least 2 business days prior to the deposition.

        in the northbound lane between mile marker 54 an 94 between the hours of 10 AM and 2 PM. The information should include not only the position of SAIA vehicles on that day, but the names and addresses of drivers.

3. Testimony and documents regarding all travel log, log book or other documents for all SAIA vehicles, including names and addresses of drivers, traveling on Interstate 65 in the northbound lane which were between mile marker 54 and 94 between the hours of 10 AM and 2 PM on December 3, 2005, including, but not limited to:
   a. Departure times
   b. Arrival times to destination
   c. Gas stops
      (i) When gas stops were made
      (ii) Where gas stops were made
      (iii) Credit card or other gas purchase documentation for that day
   d. Rest area/comfort stops
      (i) When rest area/comfort stops were made
      (ii) Where rest area/comfort stops were made
   e. Meal stops
      (i) When meal stops were made
      (ii) Where meal stops were made
      (iii) Credit card or other food purchase documentation for that day
   f. Any reports made by driver or passenger of vehicles after travel was completed or during travel via radio or some other form of communicating with dispatch and/or SAIA Motor Freight Line, LLC.

4. Testimony and documents regarding speed SAIA trucks were mechanically or electronically set to travel in December 2005, if any.

## ACCIDENT INVESTIGATION AND REPORTING

5. Testimony and documents relating to any and all accident investigations, reports, memoranda, correspondence or photographs of the accident scene or the vehicles in question which relate to the accident made the basis of this suit. If any privilege is claimed to such documents, a privilege log shall be provided pursuant to the Federal Rules of Civil Procedure.

6. Testimony and all documents relating to any and all reports filed or sent to other entities in connection with the occurrence made the basis of this suit, including, but not limited to, any reports submitted to any government agency – whether local, state or federal.

7. Testimony and all documents relating to reports of police investigation arising from the accident made the basis of this lawsuit.

## BOUNDS AND TANDEM DRIVER

8. Testimony and all dispatch records, tracking documents or other documents that identify the specific route, and stops, taken by Adrian Bound (or his tandem driver) the day of the accident. This would include credit card receipts for gas or

food, gas receipts, reimbursements paid or requested, log books, terminal check in or check out documents, etc.

### PRE FILING DISCOVERY DOCUMENTS

9. Testimony regarding all documents turned over in pre-filing Rule 27 discovery.
10. Testimony and documents regarding the requests made by Plaintiff's counsel in her September 6, 2007 letter. If Defendant does not have the six (6) requests made that day, attached as "Exhibit A" to Plaintiff's Amendment to Petition To Perpetuate and Obtain Discovery (filed September 12, 2007), the undersigned will gladly provide such requests again.
11. Testimony and documents related to Plaintiff's October 30, 2007 follow up email request to Defendants' counsel, which included the following:

    1. Do we have the central dispatch records from Houma, LA? We requested them and I do not believe they were produced per our agreement for 12/3/05.
    2. Document 35 -- is a 12/3/05 Mobile dispatch record. It is markedly smaller than the dispatch records for 12/2/05 from Mobile. Please simply confirm that Document 35 is the only dispatch record from Mobile on 12/3/05.
    3. Document 355 -- is missing information for drivers Marcel and Gonsouli. Where is the additional information for these two runs?
    4. You had mentioned in a somewhat recent call that you did not have check-in records for Montgomery, but that you had something else for me. Did you produce it as I saw nothing but dispatch records for various terminals?
    5. Document 12 -- we are missing information for a Baton Rouge to ATL trip from the document produced. It is listed as 9999999. Please provide information about this trip.
    6. Document 355 -- we would like log book for drivers Wilt and Jacob ONLY for 12/3/05.
    7. Document 388 -- we would like log book for Bounds ONLY for 12/3/05.
    8. Document 387 -- we would like log book for Jolley ONLY for 12/3/05.
    9. Document 361 -- we would like log book for Smith ONLY for 12/3/05.
    10. Document 28 -- we would like log book for Scott ONLY for 12/3/05.

Respectfully submitted this the 15th day of July, 2008.

Respectfully submitted,

                /s/ *Josh J. Wright*
                JOSH J. WRIGHT (ASB- 4891-W51J)
                Attorney for Plaintiff

**OF COUNSEL:**
HOLLIS, WRIGHT & HARRINGTON
505 North 20th Street
Suite 1500
Birmingham, AL 35203
(205) 324-3600
(205) 324-3636 Facsimile
joshw@hollis-wright.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been electronically sent to the following on this the 15th day of July, 2008:

Jerry L. Thornton
120 LaFayette Street
P.O. Box 759
Hayneville, AL 36040

                /s/ *Josh J. Wright*
                OF COUNSEL