IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEAH A. DERAMUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:08-cv-23-MEF |
| | ) |
| SAIA MOTOR FREIGHT LINE, LLC | ) (WO) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant's Motion to Strike Testimony of Dr. Hammad and Life Care Planner Kathy Smith (Doc. # 119) filed on April 27, 2009, Defendant's Motion to Strike Supplemental Exhibits to Defendant's Motion to Strike Plaintiff's Experts (Doc. #120) filed on April 27, 2009, and Defendant's Renewed Motion to Extend the Deadline to Allow the Defendant to Name an Expert to Counter the Testimony of Dr. Hammad (Doc. #126) filed on May 6, 2009.   In its motions, Defendant moves to strike and rebut testimony given by Dr. Hammad and Kathy Smith.  The Court will discuss each motion in turn.

**A.  Defendant's Motion to Strike Testimony of Dr. Hammad and Life Care Planner Kathy Smith**

**i. Admissibility of Expert Opinions under Rule 702 and *Daubert***

Fed. R. Evid. 702 ("Rule 702") governs the admission of expert testimony and provides:

If scientific, technical, or other specialized knowledge will assist the trier of

> fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Id.* The Court is also required to make a "gatekeeping" determination as to the admission of expert testimony in accordance with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). This Court must ensure that the expert testimony is both relevant and reliable. In determining the reliability of a particular expert, the Court may apply the factors outlined in *Daubert*: (1) whether the theory or technique at question can and has been tested; (2) whether the technique or theory has been subject to peer review or testing; (3) whether the known or potential rate of error is acceptable; and (4) whether the technique or theory is generally accepted by experts in the relevant field of study. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1309-10 (11th Cir. 1999) (applying *Daubert* factors).

### ii. Dr. Hammad

In Defendant's Motion to Strike (Doc. # 119), Defendant moves to exclude the opinions of Plaintiff's pain management physician, Dr. Mustafa Hammad. Defendant argues that Dr. Hammad's testimony lacks reliability under Rule 702 and fails to meet the *Daubert* standard. Plaintiff responds that she is presenting Dr. Hammad in his capacity as her pain management physician and that his testimony fufills Rule 702 and *Daubert* requirements.

Here, the record shows that Dr. Hammad is a licensed physician in Florida and Georgia and has treated Plaintiff for over seven months. In addition, any failure by Dr. Hammad to rely on credible evidence in making his assessments is something that can be addressed by Defendant on cross-examination. The credibility issues raised by the Defendant, therefore, are issues more properly resolved through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof. *Daubert*, 509 U.S. at 96. Defendant's conclusion that Dr. Hammad's opinions are speculative is a matter this Court has rejected. Dr. Hammad's qualifications, treatment of Plaintiff, and opinions are relevant and admissible pursuant to Rule 702 and *Daubert*. Questions that Defendant has about Dr. Hammad's opinions should be evaluated by the jury, as his opinions go to weight and not admissibility.

### iii. Kathy Smith

Defendant also argues that Kathy Smith ("Smith") is not qualified to render an opinion as to Plaintiff's future medical needs because she has no proper foundation for her opinion under Rule 702. Plaintiff responds that Smith is qualified to render expert opinions regarding Plaintiff's future medical needs by her education, experience as a registered nurse, and training. Smith reviewed Plaintiff's medical records and the depositions of Plaintiff's treating physicians. Plaintiff also argues that there is authoritative case law finding a nurse qualified to serve as an expert life care planner. *See Marcano Rivera v. Turabo Med. Ctr. Partnership*, 415 F.3d 162, 170 (1st Cir. 2005); *Garcia v. Kelly-Springfield Tire Co.*, No.

8:99-cv-1611-T-17TGW, 2004 WL 5642430 (M.D. Fla. Mar. 2, 2004); *Blair v. Samardjich*, No. CV202-114, 2003 WL 25764890 (S.D. Ga. Sept. 23, 2003).

On May 11, 2009, the Court heard testimony from Smith to determine the admissibility of her opinions. It is clear that Smith has done life care planning in other personal injury cases and that her experience and training are substantial. For example, Smith has completed the requirements for certification as a life care planner and is a certified diability management specialist, case manager, and legal nurse consultant. Smith also formed Southern Care Management, a case management company that specializes in life care plans, case management, and legal nurse consulting. In addition, Smith testified that her proposed care plan was based on a review of Plaintiff's medical records, depositions taken from Plaintiff's physicians, and numerous meetings with Plaintiff. After consideration, the Court concludes that any objection to Smith's opinions must go to the weight the jury should give to her testimony rather than its admissibility.

Accordingly, Defendant's Motion to Strike Testimony of Dr. Hammad and Life Care Planner Kathy Smith is due to be denied.

## B. Defendant's Motion to Strike Supplemental Exhibits to Defendant's Motion to Strike Plaintiff's Experts

Defendant's Motion to Strike Supplemental Exhibits (Doc. # 120) presently before this Court is due to be denied as moot in accordance with the Court's ruling on Defendant's Motion to Strike (Doc. #119).

## C. Defendant's Renewed Motion to Extend the Deadline to Allow the Defendant to

**Name an Expert to Counter the Testimony of Dr. Hammad**

In Defendant's Renewed Motion to Extend the Deadline (Doc. #126), Defendant asks for the Court's permission to designate an expert witness to counter the deposition testimony of Dr. Hammad. On May 12, 2009, the Court entered an Amended Scheduling Order (Doc. #136) in this case. In that order, the Court gave Defendant until May 22, 2009, to designate an expert for the limited purpose of rebuting Dr. Hammad's testimony. Therefore, Defendant's Renewed Motion to Extend the Deadline (Doc. #126) is due to be denied as moot.

**D. CONCLUSION**

It is hereby ORDERED that:

(1) Defendant's Motion to Strike Testimony of Dr. Hammad and Life Care Planner Kathy Smith (Doc. # 119) is DENIED;

(2) Defendant's Motion to Strike Supplemental Exhibits to Defendant's Motion to Strike Plaintiff's Experts (Doc. #120) is DENIED AS MOOT;

(3) Defendant's Renewed Motion to Extend the Deadline to Allow the Defendant to Name an Expert to Counter the Testimony of Dr. Hammad (Doc. #126) is DENIED AS MOOT.

DONE this the 15th day of June, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE